No. 23-40653

# In the United States Court of Appeals for the Fifth Circuit

State of Texas; State of Alabama; State of Arkansas; State of Louisiana; State of Nebraska; State of South Carolina; State of West Virginia; State of Kansas; State of Mississippi,

*Plaintiffs – Appellees,*

v.

United States of America; Alejandro Mayorkas, Secretary, U.S. Department of Homeland Security; Troy Miller, Senior Official Performing the Duties of the Commissioner, U.S. Customs & Border Protection; Patrick J. Lechleitner, Acting Director of U.S. Immigration & Customs Enforcement; Ur M. Jaddou, Director of U.S. Citizenship & Immigration Services; Jason D. Owens, Chief of the U.S. Border Patrol,

*Defendants – Appellants,*

María Rocha; José Magaña-Salgado; Nanci J. Palacios Godínez; Elly Marisol Estrada; Karina Ruíz De Díaz; Carlós Aguilar González; Luis A. Rafael; Darwin Velásquez; Jin Park; Óscar Álvarez; Denise Romero; Jung Woo Kim; Ángel Silva; Hyo-Won Jeon; Elízabeth Díaz; Blanca González; Moses Kamau Chege; María Díaz,

*Intervenor Defendants – Appellants,*

State of New Jersey,

*Intervenor – Appellant.*

On Appeal from the United States District Court
for the Southern District of Texas, Brownsville Division

## RECORD EXCERPTS OF INTERVENOR DEFENDANTS – APPELLANTS
### DACA RECIPIENT

Nina Perales
Fátima Lucía Menéndez
MEXICAN AMERICAN LEGAL
DEFENSE & EDUCATIONAL FUND
110 Broadway Street
San Antonio, TX 78205
(210) 224-5476

Douglas H. Hallward-Driemeier
Emerson A. Siegle
ROPES & GRAY LLP
2099 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
(202) 508-4600

*Additional Counsel Listed on Inside Cover*

Mark A. Cianci
Heather M. Romero *(of counsel)*
Anna K. Blanco *(of counsel)*
ROPES & GRAY LLP Prudential
Tower
800 Boylston Street
Boston, MA 02199
(617) 951-7000

Patrick S. Doherty *(of counsel)*
Krystal A. Vazquez *(of counsel)*
Lauren C. Brady *(of counsel)*
Laura Medina *(of counsel)*
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
(212) 596-9000

Philip P. Ehrlich *(of counsel)*
Francis X. Liesman *(of counsel)*
ROPES & GRAY LLP
191 North Wacker Drive Chicago,
IL 60606
(312) 845-1200

Carlos Moctezuma García
GARCÍA & GARCÍA, ATTORNEYS
AT LAW P.L.L.C.
P.O. Box 4545
McAllen, TX 78502
(956) 630-3889

*Counsel for Intervenor Defendants - Appellants*

# <u>TABLE OF CONTENTS</u>

<u>ROA</u>

1.    Docket Sheet ............................................................................ROA.1

2.    Defendant-Intervenors' Notice of Appeal ....................................ROA.36414

3.    Memorandum and Order ...............................................................ROA.36360

4.    Supplemental Order of Injunction..................................................ROA.36400

5.    Order of Permanent Injunction.......................................................ROA.25261

6.    Order Extending Injunction............................................................ROA.25559

7.    Excerpts from Notice of Filing Admin Record.............................ROA.25804

8.    Declaration of Karla Quetzalli Perez .............................................ROA.24500

9.    Declaration of Jin Park ...................................................................ROA.24505

10.    Declaration of Denise Guadalupe Romero Gonzalez ...................ROA.24509

11.    Declaration of Moses Kamau Chege................................................ROA.24514

12.    Declaration of Oscar Alvarez .........................................................ROA.24519

13.    Declaration of Luis Aldair Rafael ..................................................ROA.24524

14.    Declaration of Elly Marisol Estrada Cruz.......................................ROA.24532

15.    Declaration of Hyo-Won Jeon .......................................................ROA.24536

16.    Certificate of Service

Tab 1

# U.S. District Court
# SOUTHERN DISTRICT OF TEXAS (Brownsville)
# CIVIL DOCKET FOR CASE #: 1:18-cv-00068
# Internal Use Only

State of Texas et al v. United States of America et al
Assigned to: Judge Andrew S Hanen
Related Case: 1:14-cv-00254
Cause: 05:551 Administrative Procedure Act

Date Filed: 05/01/2018
Jury Demand: None
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**State of Texas**

represented by **William Thomas Thompson**
Lehotsky Keller Cohn LLP
Special Litigation Unit
408 W. 11st Street
5th Floor
Austin, TX 78701
210-286-0806
Email: will@lkcfirm.com
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
Office of the Attorney General
P.O. Box 12548, Capitol Station
Austin, TX 78711
512-463-2120
Email: adam.biggs@oag.texas.gov
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
Office of the Attorney General
PO Box 12548
Austin, TX 78711-2548
512-475-4055
Fax: 512-320-0667
Email: adam.bitter@oag.texas.gov
*TERMINATED: 01/07/2019*

**Brantley Starr**
Office of the Attorney General of Texas
209 W 14th St
Austin, TX 78701
512-936-8160
Email:
brantley.starr@texasattorneygeneral.gov
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
Office of the Attorney General
PO Box 12548
Capital Station
Austin, TX 78711-2548
512-463-2120
Email: cristina.moreno@oag.texas.gov
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
Terrazas, PLLC
1001 S. Capital of Texas Hwy.
Ste Building L, Ste. 250
Austin, TX 78746
512-294-9891
Email: ehudson@terrazaspllc.com
*ATTORNEY TO BE NOTICED*

**Ethan Quinn Szumanski**
Office of the Texas Attorney General
P.O. Box 12548
Capitol Station
Austin, TX 78711
512-936-1067
Email: ethan.szumanski@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
Office of the Texas Attorney General
Special Litigation Division
209 W 14th St
8th Fl
Austin, TX 78701
512-936-0631
Email: michael.toth@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
Office of the Attorney General
PO Box 12548
Austin, TX 78701
512-463-2080
Email: trent.peroyea@oag.texas.gov
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
Alliance Defending Freedom
15100 N 90th St
Scottsdale, AZ 85260
480-444-0020
Email: rbangert@adflegal.org

*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
Office of the Texas Attorney General
Special Litigation Unit
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
512-936-2714
Email: ryan.walters@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
Lehotsky Keller LLP
919 Congress, Ste. 1100
Austin, TX 78701
512-840-9370
Email: todd@lehotskykeller.com
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of Alabama**                    represented by    **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
Office of the Texas Attorney General
Special Litigation Division
P.O. Box 12548 (MC 009)
Austin, TX 78711-2548
512-936-2714
Email: ryan.walters@oag.texas.gov
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

<u>**Plaintiff**</u>

**State of Arkansas**                    represented by    **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*
*ATTORNEY TO BE NOTICED*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of Louisiana**                    represented by    **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of Nebraska**                    represented by  **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of South Carolina**                     represented by   **William Thomas Thompson**
                                                                  (See above for address)
                                                                  *TERMINATED: 03/09/2023*
                                                                  *LEAD ATTORNEY*

                                                                  **Adam Arthur Biggs**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/03/2020*

                                                                  **Adam Nicholas Bitter**
                                                                  (See above for address)
                                                                  *TERMINATED: 01/07/2019*

                                                                  **Brantley Starr**
                                                                  (See above for address)
                                                                  *TERMINATED: 08/02/2019*

                                                                  **Cristina Maria Moreno**
                                                                  (See above for address)
                                                                  *TERMINATED: 02/17/2021*
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Eric Alan Hudson**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Michael Christopher Toth**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Philip Trent Peroyea**
                                                                  (See above for address)
                                                                  *TERMINATED: 11/09/2020*

                                                                  **Ryan Lee Bangert**
                                                                  (See above for address)
                                                                  *TERMINATED: 12/03/2020*

                                                                  **Ryan Daniel Walters**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Todd Lawrence Disher**
                                                                  (See above for address)
                                                                  *TERMINATED: 03/22/2021*

**Plaintiff**

**State of West Virginia**                      represented by   **William Thomas Thompson**
                                                                  (See above for address)
                                                                  *TERMINATED: 03/09/2023*
                                                                  *LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of Kansas**                    represented by    **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**

(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Ryan Daniel Walters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**Governor Phil Bryant**                      represented by  **Adam Arthur Biggs**
*State of Mississippi*                                        (See above for address)
*TERMINATED: 08/21/2020*                                     *TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Michael Christopher Toth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Lee Bangert**
(See above for address)
*TERMINATED: 12/03/2020*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**Governor Paul R. LePage**                    represented by    **Paul R. LePage**
*State of Maine*                                                PRO SE

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Adam Nicholas Bitter**
(See above for address)
*TERMINATED: 01/07/2019*

**Brantley Starr**
(See above for address)
*TERMINATED: 08/02/2019*

**Cristina Maria Moreno**
(See above for address)
*TERMINATED: 02/17/2021*
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

**Plaintiff**

**State of Mississippi**                       represented by    **William Thomas Thompson**
(See above for address)
*TERMINATED: 03/09/2023*
*LEAD ATTORNEY*

**Adam Arthur Biggs**
(See above for address)
*TERMINATED: 12/03/2020*

**Eric Alan Hudson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Philip Trent Peroyea**
(See above for address)
*TERMINATED: 11/09/2020*

**Ryan Daniel Walters**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Todd Lawrence Disher**
(See above for address)
*TERMINATED: 03/22/2021*

V.

**Defendant**

**United States of America**                represented by   **Jeffrey S Robins**
U.S. Department of Justice
Office of Immigration Litigation
PO Box 868
Washington, DC 20044
202-616-1246
Email: jeffrey.robins@usdoj.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Aaron Steven Goldsmith**
US Dept of Justice
PO Box 868
Ben Franklin Station
Washington, DC 200044
202-532-4393
Email: aaron.goldsmith@usdoj.gov
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Brett A Shumate**
United States Department of Justice
950 Pennsylvania Ave.
Washington, DC 20530
202-514-2331
Email: brett.a.shumate@usdoj.gov
*TERMINATED: 04/26/2019*

**Daniel David Hu**
Office of the US Attorneys Office
1000 Louisiana
Ste 2300
Houston, TX 77002
713-567-9518
Fax: 713-718-3303
Email: daniel.hu@usdoj.gov
*ATTORNEY TO BE NOTICED*

**James Joseph Walker**
U S Dept of Justice
Civil Division, Office of Imm. Lit.
450 4th Street, NW
Washington, DC 20001
202-532-4468
Email: james.walker3@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kirstjen M. Nielsen**                    represented by    **Jeffrey S Robins**
*Secretary of the U.S. Department of*                        (See above for address)
*Homeland Security*                                          *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Aaron Steven Goldsmith**
                                                             (See above for address)
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **Daniel David Hu**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

                                                             **James Joseph Walker**
                                                             (See above for address)
                                                             *ATTORNEY TO BE NOTICED*

**Defendant**

**Kevin K. McAleenan**                     represented by    **Jeffrey S Robins**
*Commissioner of U.S. Customs and Border*                    (See above for address)
*Protection*                                                 *LEAD ATTORNEY*
                                                             *PRO HAC VICE*
                                                             *ATTORNEY TO BE NOTICED*

                                                             **John V. Coghlan**
                                                             Ellis George Cipollone O'Brien Annaguey
                                                             LLP
                                                             1155 F Street NW,
                                                             Suite 750
                                                             Washington, DC 20004

202-249-6900
Fax: 202-249-6899
Email: JCoghlan@egcfirm.com
*TERMINATED: 02/05/2021*
*LEAD ATTORNEY*

**Aaron Steven Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel David Hu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Joseph Walker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Thomas D. Homan**                    represented by   **Jeffrey S Robins**
*Deputy Director and Acting Director of*                (See above for address)
*U.S. Immigration and Customs*                          *LEAD ATTORNEY*
*Enforcement*                                           *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John V. Coghlan**
                                                        (See above for address)
                                                        *TERMINATED: 02/05/2021*
                                                        *LEAD ATTORNEY*

                                                        **Aaron Steven Goldsmith**
                                                        (See above for address)
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Daniel David Hu**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

                                                        **James Joseph Walker**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

**Defendant**

**L. Francis Cissna**                   represented by   **Jeffrey S Robins**
*Director of U.S. Citizenship and*                      (See above for address)
*Immigration Services*                                  *LEAD ATTORNEY*
                                                        *PRO HAC VICE*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John V. Coghlan**

(See above for address)
*TERMINATED: 02/05/2021*
*LEAD ATTORNEY*

**Aaron Steven Goldsmith**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Daniel David Hu**
(See above for address)
*ATTORNEY TO BE NOTICED*

**James Joseph Walker**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Carla L. Provost**                 represented by   **Jeffrey S Robins**
*Acting Chief of U.S. Border Control*                 (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **John V. Coghlan**
                                                      (See above for address)
                                                      *TERMINATED: 02/05/2021*
                                                      *LEAD ATTORNEY*

                                                      **Daniel David Hu**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **James Joseph Walker**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Karla Perez**                      represented by   **Nina Perales**
                                                      MALDEF
                                                      110 Broadway
                                                      Ste 300
                                                      San Antonio, TX 78205
                                                      210-224-5476
                                                      Fax: 210-224-5382
                                                      Email: nperales@maldef.org
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alejandra Avila**
                                                      MALDEF
                                                      110 Broadway

Suite 300
San Antonio, TX 78205
210-224-5476
Email: aavila@maldef.org
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
Garcia & Garcia Attorneys at Law
P.O. Box 4545
McAllen, TX 78502
956-630-3889
Fax: 956-630-3899
Email: cgarcia@garciagarcialaw.com
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
MALDEF
110 Broadway
Ste 300
San Antonio, TX 78205
210-224-5476
Email: cmoreno@maldef.org
*TERMINATED: 01/07/2019*

**Denise Hulett**
Mexican American Legal Defense & Educ.
Fund
1512 14th St
Sacramento, CA 95814
916-642-6352
Email: dhulett@maldef.org
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
Ropes & Gray LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
202-508-4776
Email:
douglas.hallward-driemeier@ropesgray.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
MALDEF
110 Broadway
Suite 300
San Antonio, TX 78205
210-224-5476
Email: eherrera@maldef.org
*TERMINATED: 11/09/2020*

**John Paul Salmon**

1801 San Pedro Ave.
San Antonio, TX 78212
(469) 226-8741
Email: jacksalmon02@yahoo.com
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
Persyn Law and Policy
912 Cole Street PMB 124
San Francisco, CA 94117
628-400-1254
Email: marykelly@persynlaw.com
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
Mexican American Legal Defense
11 East Adams
Ste 700
Chicago, IL 60603
312-427-0701
Email: porta@maldef.org
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
The Soto Law Office, LLC
300 Central Ave. SW
Suite 2500w
87102
Albuquerque, NM 87102
505-273-4062
Fax: 505-494-1092
Email: ramon@sotolawoffice.co
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Maria Rocha**                 represented by **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Jose Magana-Salgado**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Nanci J Palacios Godinez**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Elly Marisol Estrada**                     represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Karina Ruiz De Diaz**                represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Carlos Aguilar Gonzalez**                    represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Karla Lopez**                           represented by  **Nina Perales**
                                                          (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Alejandra Avila**
                                                          (See above for address)
                                                          *TERMINATED: 08/02/2019*

                                                          **Carlos Moctezuma Garcia**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Luis A Rafael**                    represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Intervenor Defendant**

**Darwin Velasquez**                    represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Jin Park**                              represented by     **Nina Perales**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Alejandra Avila**
                                                            (See above for address)
                                                            *TERMINATED: 08/02/2019*

                                                            **Carlos Moctezuma Garcia**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Celina Ysela Moreno**
                                                            (See above for address)
                                                            *TERMINATED: 01/07/2019*

                                                            **Denise Hulett**
                                                            (See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Oscar Alvarez**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Nancy Adossi**                     represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Denise Romero**                    represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Pratishtha Khanna**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)

*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Intervenor Defendant**

**Jung Woo Kim**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Intervenor Defendant**

**Angel Silva**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Moses Kamau Chege**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Hyo-Won Jeon**                     represented by   **Nina Perales**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Alejandra Avila**
                                                      (See above for address)
                                                      *TERMINATED: 08/02/2019*

                                                      **Carlos Moctezuma Garcia**
                                                      (See above for address)
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Celina Ysela Moreno**
                                                      (See above for address)
                                                      *TERMINATED: 01/07/2019*

                                                      **Denise Hulett**
                                                      (See above for address)
                                                      *TERMINATED: 02/13/2020*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Douglas H Hallward-Driemeier**
                                                      (See above for address)
                                                      *PRO HAC VICE*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **Ernest I. Herrera**
                                                      (See above for address)
                                                      *TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Elizabeth Diaz**                    represented by  **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Maria Diaz**                    represented by    **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Blanca Gonzalez**                 represented by   **Nina Perales**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alejandra Avila**
(See above for address)
*TERMINATED: 08/02/2019*

**Carlos Moctezuma Garcia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Celina Ysela Moreno**
(See above for address)
*TERMINATED: 01/07/2019*

**Denise Hulett**
(See above for address)
*TERMINATED: 02/13/2020*
*ATTORNEY TO BE NOTICED*

**Douglas H Hallward-Driemeier**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ernest I. Herrera**
(See above for address)
*TERMINATED: 11/09/2020*

**John Paul Salmon**
(See above for address)
*TERMINATED: 04/26/2019*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Priscilla Orta**
(See above for address)
*TERMINATED: 06/04/2019*
*PRO HAC VICE*

**Ramon Andres Soto**
(See above for address)
*TERMINATED: 02/05/2021*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Intervenor Defendant**

**Proposed Amici New Jersey Businesses**        represented by   **Andrew J Pincus**
Mayer Brown LLP
1999 K Street, NW
Washington, DC 200006-1101
(202) 263-3220
Email: apincus@mayerbrown.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Craig Dashiell**
Lownstein Sandler LLP
One Lowenstein Drive
Roseland, NJ 07068
973-597-2500
Email: cdashiell@lowenstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Leit**
Lowenstein Sandler LLP
One Lowenstein Dr
Roseland, NJ 07068
973-597-2500
Email: dleit@lowenstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gavin J Rooney**

Lowenstein Sandler, LLP
One Lowenstein Drive
Roseland, NJ 07068
973-597-2500
Email: grooney@lowenstein.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
1221 Avenue of the Americas
14th Floor
New York, NY 10020
212-506-2647
Email: lrgoldman@mayerbrown.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Movant**

**Stephen P Wallace**                    represented by    **Stephen P Wallace**
1116 Sheffer Road
Apt F
Aurora, IL 60505
630-995-1195
PRO SE

V.

**Amicus**

**U.S. Rep. Steve King**                 represented by    **Andrew L Schlafly**
Attorney at Law
939 Old Chester Road
Far Hills, NJ 07931
908-719-8608
Email: aschlafly@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lawrence John Joseph**
Law Office of Lawrence J. Joseph
1250 Connecticut Ave NW
Ste 700-1A
Washington, DC 20036
Email: ljoseph@larryjoseph.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
RAMON WORTHINGTON, PLLC
1506 S Lone Star Way
Suite 5
Edinburg, TX 78539
9562944800
Email: sramon@ramonworthington.com
*ATTORNEY TO BE NOTICED*

**Amicus**

| | | |
|---|---|---|
| **Proposed Amici Institutions of Higher Education** | represented by | **Andrew J Pincus**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Ishan K Bhabha**
Jenner & Block, LLP
1099 New York Avenue, NW
Ste 900
Washington, DC 20001-4412
202-637-6327
Email: IBhabha@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jennifer J Yun**
Jenner & Block LLP
1099 New York Avenue NW
Ste 900
Washington, DC 20001
202-637-6334
Email: JYun@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lindsay C Harrison**
Jenner Block, LLP
1099 New York Avenue NW
Washington, DC 20001-4412
2026396865
Email: LHarrison@jenner.com
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas J Perrelli**
Jenner Block LLP
1099 New York Avenue NW
Washington, DC 20001-4412
202-639-6004
Email: TPerrelli@jenner.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amici Religious Organizations**                represented by  **Adeel A Mangi**
Patterson Belknap Webb Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2563
Email: aamangi@pbwt.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Andrew J Pincus**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Johnathan James Smith**
Muslim Advocates
P.O. Box 66408
Washington, DC 20035
202-897-1897
Email: johnathan@muslimadvocates.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Juvaria Khan**
Muslim Advocates
P.O. Box 66408
Washington, DC 20035
202-897-1896
Email: juvaria@muslimadvocates.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael N Fresco**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2542
Email: mfresco@pbwt.com
*TERMINATED: 05/29/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Sirine Shebaya**
Muslim Advocates
P.O. Box 66408
Washington, DC 20035
202-897-1894
Email: sirine@muslimadvocates.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Zachary Kolodin**
Patterson Belknap Webb & Tyler LLP
1133 Avenue of the Americas
New York, NY 10036
212-336-2642
Email: zkolodin@pbwt.com
*TERMINATED: 06/04/2019*
*LEAD ATTORNEY*
*PRO HAC VICE*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amici Health Care**          represented by   **Andrew J Pincus**
**Professionals**                                          (See above for address)
                                                           *LEAD ATTORNEY*
                                                           *PRO HAC VICE*
                                                           *ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lawrence S Lustberg**
Gibbons P.C.
One Gateway Center
Newark, NY 07102
973-596-4731
Email: LLustberg@gibbonslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**The Legal Aid Society**                    represented by **Hasan Shafiqullah**
The Legal Aid Society
199 Water Street, 3rd Floor
New York, NY 10038
212-577-3965
Email: hhshafiqullah@legal-aid.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jessa Irene DeGroote**
Cleary Gottlieb et al
One Liberty Plaza
New York, NY 10006
212-225-2646
Email: jdegroote@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jonathan Kolodner**
Cleary Gotlieb Steen & Hamilton LLP
One Liberty Plaza
New York, NY 10006
212 225-2690
Email: jkolodner@cgsh.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amici Legal Services**            represented by **Andrew J Pincus**
**Organization**                             (See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joan R. Li**
Cooley LLP
3175 Hanover St
Palo Alto, CA 94304
650 843-5000
Email: jli@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Maureen Alger**
Cooley LLP
3175 Hanover St
Palo Alto, CA 94304
650 843-5000
Email: malger@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael McMahon**
Cooley LLP
500 Boylston Street
Boston, MA 02116
617 937-2300
Email: mmcmahon@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Monique Sherman**
Cooley LLP
3175 Hanover
Palo Alto, CA 94304
650 843-5000
Email: msherman@cooley.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amicus United We Dream**          represented by    **Andrew J Pincus**
(See above for address)
*LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Geoffrey Stuart Brounell**
Davis Wright et al
1251 Ave of the Americas, 21st Floor
New York, NY 10020
212-489-8230
Email: geoffreybrounell@dwt.com
*ATTORNEY TO BE NOTICED*

**Peter Karanjia**
DLA Piper LLP
500 Eighth Street, NW
Washington, DC 20004
(202) 799-4135
Email: peter.karanjia@dlapiper.com
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amici States**               represented by **Andrew William Amend**
New York Office of the Attorney General
28 Liberty St
14th Fl
New York, NY 10005
212 416-8022
Email: andrew.amend@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Andrew J Pincus**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ester Murdukhayeva**
NYS Office of The Attorney General
Appeals & Opinions
28 Liberty Street
10005
New York, NY 10005
212-416-6279

Email: ester.murdukhayeva1@ag.ny.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Patashnik**
California Department of Justice
Office of the Solicitor General
600 West Broadway
Suite 1800
San Diego, CA 92101
619-738-9628
Email: josh.patashnik@doj.ca.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Grace Zhou**
NYS Office of The Attorney General
28 Liberty Street, Fl. 23
New York, NY 10005
212-416-6160
Email: grace.zhou@ag.ny.gov
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amicus Kevin Johnson**          represented by   **Andrew J Pincus**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey M Davidson**
Covington Burling LLP
One Front Street
San Francisco, CA 94111
415 591-7021
Email: jdavidson@cov.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Mark H Lynch**
Covington & Burling LLP
One City Center
850 Tenth Street, NW
Washington, DC 20001-4956
202-662-5544
Email: mlynch@cov.com
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

| Proposed Amici Public Interest Groups | represented by | **Andrew J Pincus**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |
|---|---|---|

**Jose Garza**
Law Office of Jose Garza
7414 Robin Rest Dr.
San Antonio, TX 78209
210-392-2856
Email: garzpalm@aol.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Martin L. Saad**
Venable LLP
575 7th St NW
Washington, DC 2000
202-344-4345
Email: mlsaad@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sameer P Sheikh**
Venable LLP
600 Massachusetts Ave NW
Washington, DC 20001
202-344-4168
Email: SPSheikh@venable.com
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William D Coston**
Venable LLP
600 Massachusetts Ave. NW
Washngton, DC 20001
202-344-4813
Email: wdcoston@venable.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Alper T Ertas**
Thermo Fisher Scientific Inc.
5781 Van Allen Way
Carlsbad, CA 92008-7321
(760) 805-7307
Email: alper.ertas@thermofisher.com
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**United We Dream**                     represented by  **Peter Karanjia**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Brown University**                     represented by  **Anton Metlitsky**
O'Melveny Myers, LLP
7 Times Square
New York, NY 10036
(212) 326-2000
Email: ametlitsky@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
O'Melveny and Myers LLP
400 S Hope St
Los Angeles, CA 90071
213-430-6189
Email: ryagura@omm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**California Institute of Technology**                    represented by    **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
O'Melveny Myers, LLP
7 Times Square
New York, NY 10036
(212) 326-2000
Email: jsokoler@omm.com
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Columbia University**                    represented by    **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Cornell University**                    represented by    **Anton Metlitsky**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jennifer Sokoler**
                                                            (See above for address)
                                                            *TERMINATED: 02/28/2020*
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan Ken Yagura**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sofia A Ramon**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

**Dartmouth College**                    represented by    **Anton Metlitsky**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jennifer Sokoler**
                                                            (See above for address)
                                                            *TERMINATED: 02/28/2020*
                                                            *LEAD ATTORNEY*
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Ryan Ken Yagura**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Sofia A Ramon**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

**Duke University**                      represented by    **Anton Metlitsky**
                                                            (See above for address)
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Jennifer Sokoler**
                                                            (See above for address)

*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Emory University**                    represented by     **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Georgetown University**              represented by     **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**George Washington University**          represented by **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Harvard University**          represented by **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Massachusetts Institute of Technology**          represented by **Anton Metlitsky**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Northwestern University**                     represented by  **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Princeton University**                     represented by  **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**Stanford University**                    represented by  **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Amicus</u>

**University of Chicago**                   represented by  **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**University of Pennsylvania**                 represented by   **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Vanderbilt University**                 represented by   **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Washington University in St. Louis**                 represented by   **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Yale University**                    represented by  **Anton Metlitsky**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jennifer Sokoler**
(See above for address)
*TERMINATED: 02/28/2020*
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ryan Ken Yagura**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Proposed Amici Companies and**       represented by  **Andrew J Pincus**
**Associations**                                       (See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Karen W Lin**
MAYER BROWN LLP
1221 Avenue of the Americas, 14th floor
New York, NY 10020
212-506-2538
Email: klin@mayerbrown.com

*TERMINATED: 03/06/2020*
*LEAD ATTORNEY*

**Kevin Scott Ranlett**
Mayer Brown LLP
1999 K Street, NW
Washington, DC 20006
202-263-3000
Email: kranlett@mayerbrown.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Lauren Goldman**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Sofia A Ramon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Texas Association of Business**          represented by  **Thomas Shawn Leatherbury**
Thomas S. Leatherbury Law, PLLC
1901 N. Akard St.
Dallas, TX 75201
214-213-5004
Email: tom@tsleatherburylaw.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**Houston Hispanic Chamber of Commerce**          represented by  **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Brazoria County Hispanic Chamber of Commerce**          represented by  **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**El Paso Hispanic Chamber of Commerce**          represented by  **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Greater Austin Hispanic Chamber of Commerce**          represented by  **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**International Bancshares Corporation**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Marek Brothers Construction, Inc.**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Midland Hispanic Chamber of Commerce**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Rio Grande Valley Hispanic Chamber of Commerce**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**San Antonio Hispanic Chamber of Commerce**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Southwest Airlines**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Texas Border Coalition**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**United Airlines, Inc.**

represented by **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Amicus**

**Current and Former Prosecutors and Law Enforcement Leaders**

represented by **Chirag G. Badlani**
Hughes Socol Piers Resnick & Dym, Ltd.
70 W. Madison St. Ste. 4000
Chicago, IL 60602
312-604-2776
Email: cbadlani@hsplegal.com
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**National Immigrant Justice Center**
*National Immigrant Justice Center, et al.*

<u>**Amicus**</u>

**Proposed Amici Current and Former Prosecutors and Law Enforcement Leaders**

represented by    **Chirag G. Badlani**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**American Business Immigration Coalition**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Ascension Texas**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Dallas Regional Chamber**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Dallas Hispanic Chamber of Commerce**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Irving-Las Colinas Chamber of Commerce**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**Health Management Systems**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**National Association for Latino Community Asset Builders**

represented by    **Thomas Shawn Leatherbury**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Amicus**</u>

**San Antonio Chamber of Commerce**                    represented by  **Thomas Shawn Leatherbury**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

Amicus

**Texas Opportunity Roundtable**                       represented by  **Thomas Shawn Leatherbury**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

Amicus

**Texas Restaurant Association**                       represented by  **Thomas Shawn Leatherbury**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

Amicus

**VisitDallas**                                        represented by  **Thomas Shawn Leatherbury**
                                                                       (See above for address)
                                                                       *ATTORNEY TO BE NOTICED*

Amicus

**William F. Reade, Jr.**                              represented by  **William F. Reade, Jr.**
                                                                       55 Captain Nickerson Road
                                                                       South Yarmouth, MA 022664
                                                                       PRO SE

Amicus

**Christine Timmon**

Amicus

**Ad Hoc New Yorker Republican
Committee**
c/o Christopher Earl Strunk,
Trustee for Ad Hoc New Yorker
Republican Committee
141 Harris Avenue
Lake Luzerne, NY 12846-1721

Amicus

**Charles A Breiterman**                               represented by  **Charles Andrew Breiterman**
                                                                       45 East 89 Street #24B
                                                                       New York, NY 10128
                                                                       917-528-0474
                                                                       Email: BreitermanLaw@gmail.com
                                                                       *LEAD ATTORNEY*
                                                                       *ATTORNEY TO BE NOTICED*

Amicus

**Congressman Paul A Gosar, D.D.S**                    represented by  **Lawrence John Joseph**
                                                                       (See above for address)

*ATTORNEY TO BE NOTICED*

**Amicus**

**City of Los Angeles**                        represented by   **Michael Joseph Dundas**
                                                                Los Angeles City Attorney's Office
                                                                200 N. Main St
                                                                CHE, Ste 700
                                                                Los Angeles, CA 90012
                                                                213-978-8100
                                                                Email: mike.dundas@lacity.org
                                                                *PRO HAC VICE*
                                                                *ATTORNEY TO BE NOTICED*

**Amicus**

**Proposed Amici Local Governments and**       represented by   **Margaret Carter**
**Local Government Advocacy**                                   *TERMINATED: 05/14/2021*
**Organizations**
                                                                **Daniel R Suvor**
                                                                O'Melveny & Myers, LLP
                                                                400 Hope Street, 18th Fl
                                                                Los Angeles, CA 90071-2889
                                                                213-430-7669
                                                                Email: dsuvor@omm.com
                                                                *ATTORNEY TO BE NOTICED*

**Amicus**

**Immigration Reform Law Institute**           represented by   **Matt A Crapo**
                                                                Immigration Reform Law Institute
                                                                25 Massachusetts Ave NW
                                                                Suite 335
                                                                Washington, DC 20001
                                                                571-435-3582
                                                                Email: mcrapo@irli.org
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

**Amicus**

**43 local governments and local**             represented by   **Nicholas James Whilt**
**government officials and advocacy**                           O'Melveny and Myers LLP
**organizations**                                              400 S Hope St
                                                                Los Angeles, CA 90071
                                                                213-430-7503
                                                                Email: nwhilt@omm.com
                                                                *LEAD ATTORNEY*
                                                                *ATTORNEY TO BE NOTICED*

                                                                **James A Bowman**
                                                                O'Melveny & Myers LLP
                                                                400 South Hope Street, 18th Floor
                                                                Los Angeles, CA 10036
                                                                213-430-6000

Email: jbowman@omm.com
*ATTORNEY TO BE NOTICED*

**Kelsey A Chandrasoma**
O'Melveny and Myers LLP
400 South Hope Street
18th Floor
Los Angeles, CA 90071
213-430-6000
Email: kchandrasoma@omm.com
*ATTORNEY TO BE NOTICED*

**Amicus**

**21 States and the District of Columbia**    represented by    **Ester Murdukhayeva**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Patashnik**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**State of New Jersey**    represented by    **Amanda I. Morejon**
New Jersey Office of the Attorney General
Division of Law
124 Halsey Street
Ste Floor 5
Newark, NJ 07102
973-648-2489
Email: amanda.morejon@law.njoag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashleigh B Shelton**
Home
2 Canal Crossing
Burlington, NJ 08016
302-220-0589
Email: ashleigh.shelton@law.njoag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Glenn J Moramarco**
Richard J. Hughes, Justice Complex
25 Market Street, 1st Floor
Trenton, NJ 08625-0116
609-376-3232

Email: Glenn.Moramarco@law.njoag.gov
*TERMINATED: 05/29/2020*
*LEAD ATTORNEY*

**Jeremy M Feigenbaum**
Office of the New Jersey Attorney General
RJ Hughes Justice Complex
25 Market Street
Trenton, NJ 08625
609-376-2690
Email: jeremy.feigenbaum@njoag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Samuel L Rubinstein**
New Jersey Office of the Attorney General,
Division of Law
124 Halsey St, PO Box 45029
Ste Fl 5
Newark, NJ 07101
609-902-9574
Email: samuel.rubinstein@law.njoag.gov
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Shireen A. Farahani**
Office of the New Jersey Attorney General
Division of Law
124 Halsey Street
P.O. Box 45029
Newark, NJ 07101
609-826-6763
Email: shireen.farahani@law.njoag.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian De Vito**
New Jersey Attorney General's Office
124 Halsey Street, 5th Floor
Neward, NJ 07101
973-877-1405
Email: brian.devito@law.njoag.gov
*TERMINATED: 08/21/2020*
*PRO HAC VICE*

**Elspeth L. Faiman Hans**
New Jersey Office of the Attorney General
*TERMINATED: 05/22/2023*

**Eric L Apar**
Office of the New Jersey Attorney General
*TERMINATED: 05/22/2023*

**Jeremy Hollander**
Office of Attorney General
124 Halsey St
Newark, NJ 07101
973-648-7453
Email: jeremy.hollander@law.njoag.gov
*TERMINATED: 05/22/2023*

**Katherine Anne Gregory**
New Jersey Attorney General Office
124 Halsey St
Newark, NJ 07101
973-648-2500
Email: Katherine.Gregory@law.njoag.gov
*TERMINATED: 08/25/2019*
*ATTORNEY TO BE NOTICED*

**Kenneth S Levine**
New Jersey Office of Attorney General
124 Halsey St
5th Fl
Newark, NJ 07101
973-648-2881
Email: kenneth.levine@law.njoag.gov
*TERMINATED: 05/22/2023*
*ATTORNEY TO BE NOTICED*

**Mary Kelly Persyn**
(See above for address)
*TERMINATED: 06/21/2019*
*PRO HAC VICE*

**Melissa Medoway**
New Jersey Office of the Attorney General
124 Halsey St.
PO Box 45029
Newark, NJ 07101
609-575-4958
Fax: 973-648-3956
Email: melissa.medoway@njoag.gov
*TERMINATED: 03/09/2023*

**Nicholas J Dolinsky**
New Jersey Attorney General Office
124 Halsey St
Newark, NJ 07101
973-648-2500
Email: nicholas.dolinsky@law.njoag.gov
*TERMINATED: 08/21/2020*

**Paul H. Juzdan**
New Jersy Attorney General's Office

124 Halsey St
Newark, NJ 07101
973-648-3183
Email: paul.juzdan@law.njoag.gov
*TERMINATED: 08/25/2019*
*ATTORNEY TO BE NOTICED*

**Rachel Wainer Apter**
New Jersey Office of the Attorney General
25 Market St
8th Fl
Trenton, NJ 08625
609-376-2702
Email: Rachel.Apter@njoag.gov
*TERMINATED: 05/22/2023*
*ATTORNEY TO BE NOTICED*

**Tim Sheehan**
Office of the New Jersey Attorney General
25 Market Street
Trenton, NJ 08625
609-815-2604
Email: tim.sheehan@law.njoag.gov
*ATTORNEY TO BE NOTICED*

**Mayur P Saxena**
NJ Attorney General
Division of Law
124 Halsey Street
5th Floor
Newark, NJ 07101
609-775-5846
Fax: 973-648-3956
Email: mayur.saxena@law.njoag.gov
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/01/2018 | 1 | COMPLAINT against All Defendants (Filing fee $ 400 receipt number 0541-19989656) filed by State of Nebraska, State Of Texas, State of Arkansas, State of South Carolina, State or Alabama, State of Louisiana, State of West Virginia. (Attachments: # 1 Civil Cover Sheet)(Disher, Todd) (Entered: 05/01/2018) |
| 05/01/2018 | 2 | ORDER TRANSFERRING CASE. Case reassigned to Judge Andrew S Hanen for all further proceedings. Judge Rolando Olvera no longer assigned to the case(Signed by Judge Rolando Olvera) Parties notified.(bcampos, 1) (Entered: 05/01/2018) |
| 05/01/2018 | 3 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 7/31/2018 at 01:30 PM in Courtroom 6 before Judge Andrew S |

| | | |
|---|---|---|
| | | Hanen(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Entered: 05/01/2018) |
| 05/02/2018 | 4 | Unopposed MOTION for Leave to File Excess Pages by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 5/23/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 05/02/2018) |
| 05/02/2018 | 5 | MOTION for Preliminary Injunction by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 5/23/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 05/02/2018) |
| 05/02/2018 | 6 | First APPENDIX re: 5 MOTION for Preliminary Injunction by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Supplement Table of Contents)(Disher, Todd) (Entered: 05/02/2018) |
| 05/02/2018 | 7 | Second APPENDIX re: 5 MOTION for Preliminary Injunction by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 05/02/2018) |
| 05/02/2018 | 8 | Third APPENDIX re: 5 MOTION for Preliminary Injunction by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 05/02/2018) |
| 05/02/2018 | 9 | Fourth APPENDIX re: 5 MOTION for Preliminary Injunction by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 05/02/2018) |
| 05/04/2018 | 10 | MOTION for Jeffrey S. Robins to Appear Pro Hac Vice by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 5/25/2018. (Robins, Jeffrey) (Additional attachment(s) added on 5/4/2018: # 1 Attorney Verification) (bcampos, 1). (Entered: 05/04/2018) |
| 05/07/2018 | 11 | Request for Issuance of Summons as to All Defendants, filed. (Attachments: # 1 Kirstjen M. Nielsen, # 2 Kevin K. McLeenan, # 3 Thomas D. Homan, # 4 L. Francis Cissna, # 5 Carla L. Provost)(Disher, Todd) (Entered: 05/07/2018) |
| 05/07/2018 | 12 | ORDER granting 10 Motion for Jeffrey S. Robins to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Entered: 05/07/2018) |
| 05/08/2018 | | Summons Issued as to 1.) L. Francis Cissna, 2.) Thomas D. Homan, 3.) Kevin K. McAleenan, 4.) Kirstjen M. Nielsen, 5.) Carla L. Provost, 6.) U.S. Attorney General. Issued summons returned to plaintiff by First-class mail, filed.(bcampos, 1) |

| | | |
|---|---|---|
| | | (Entered: 05/08/2018) |
| 05/08/2018 | 13 | MOTION to Intervene by Karla Perez, Maria Rocha, Jose Magana-Salgado, Nanci J Palacios Godinez, Elly Marisol Estrada, Karina Ruiz De Diaz, Carlos Aguilar Gonzalez, Karla Lopez, Luis A Rafael, Darwin Velasquez, Jin Park, Oscar Alvarez, Nancy Adossi, Denise Romero, Pratishtha Khanna, Jung Woo Kim, Angel Silva, Moses Kamau Chege, Hyo-Won Jeon, Elizabeth Diaz, Maria Diaz, Blanca Gonzalez, filed. Motion Docket Date 5/29/2018. (Attachments: # 1 Exhibit Proposed Answer, # 2 Proposed Order)(Perales, Nina) (Entered: 05/08/2018) |
| 05/08/2018 | 14 | MEMORANDUM in Support re: 13 MOTION to Intervene by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Appendix A, # 2 Appendix B)(Perales, Nina) (Entered: 05/08/2018) |
| 05/09/2018 | 15 | ORDER entered by the Court. The Court will hold a Scheduling Conference set for 5/15/2018 at 10:30 AM before Judge Andrew S Hanen. The District Clerk's Office will provide each counsel with the appropriate call-in-number. (Signed by Judge Andrew S Hanen) Parties notified.(dbenavides, 1) (Entered: 05/09/2018) |
| 05/09/2018 | 16 | ORDER granting 4 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(dbenavides, 1) (Entered: 05/09/2018) |
| 05/09/2018 | | *** Emailed sent to parties with the appropriate call-in number as per 15 Order., filed. (csustaeta, 1) (Entered: 05/09/2018) |
| 05/10/2018 | 17 | NOTICE of Appearance by Daniel D. Hu on behalf of L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Hu, Daniel) (Entered: 05/10/2018) |
| 05/14/2018 | 18 | NOTICE of Appearance by Adam Arthur Biggs on behalf of State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Biggs, Adam) (Entered: 05/14/2018) |
| 05/14/2018 | 19 | NOTICE of Appearance by Brantley Starr on behalf of State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Starr, Brantley) (Entered: 05/14/2018) |
| 05/14/2018 | 20 | MOTION for Brett A. Shumate to Appear Pro Hac Vice by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 6/4/2018. (Robins, Jeffrey) (Additional attachment(s) added on 5/15/2018: # 1 Verified |

| | | |
|---|---|---|
| | | membership status) (bcampos, 1). (Entered: 05/14/2018) |
| 05/15/2018 | | Minute Entry for proceedings held before Judge Andrew S Hanen. TELEPHONE CONFERENCE held on 5/15/2018. Appearances: Attys for Plaintiff: T.Disher, A.Biggs, B.Starr; Attys for Defts: J. Robins, D. Hu, B.Shumate; Attys for Intervenos: N.Perales, C. Moreno, J. Salmon;(Court Reporter: S. Perales)(10:30-10:40). 13 Motion to Intervene not opposed by parties-GRANTED. 20 Motion for Brett A. Shumate to Appear Pro Hac Vice-GRANTED. Parties are to submit an agreed scheduling order as to 5 Preliminary Injuction by 05/25/18. If parties do not agree to a scheduling order each party is to submit their own scheduling order by 05/25/18. Scheduling Conference set for 05/30/18 at 11:00 am in Brownsville., filed.(csustaeta, 1) (Entered: 05/15/2018) |
| 05/15/2018 | 21 | ORDER granting 20 Motion for Brett A. Shumate to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dbenavides, 1) (Entered: 05/15/2018) |
| 05/15/2018 | | ***Set/Reset Hearings: Scheduling Conference set for 5/30/2018 at 11:00 AM in Courtroom 6 before Judge Andrew S Hanen in Brownsville, Tx. (csustaeta, 1) (Entered: 05/15/2018) |
| 05/15/2018 | 22 | ORDER granting 13 Motion to Intervene. The Court having considered the papers submitted in connection with said motion, and such other relevant information and evidence as was presented to this Court, and good cause appearing, it is hereby ordered that: (1) Motion for Leave to Intervene is granted; (2) Movants be entered as Defendant-Intervenors and their counsel served with all relevant papers in the above-captioned action; and (3) The Clerk of Court shall docket Movants' Answer to Plaintiffs' Complaint, attached as Exhibit 1 to Movants' Motion for Leave to Intervene..(Signed by Judge Andrew S Hanen) Parties notified.(jtabares, 1) (Entered: 05/16/2018) |
| 05/15/2018 | 23 | ANSWER to 1 Complaint, by Defendants-Intervenors Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed.(jtabares, 1) (Entered: 05/16/2018) |
| 05/16/2018 | 24 | CERTIFICATE OF INTERESTED PARTIES by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 05/16/2018) |
| 05/17/2018 | 25 | RETURN of Service of SUMMONS Executed as to United States of America served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 26 | |

| | | |
|---|---|---|
| | | RETURN of Service of SUMMONS Executed as to Kirstjen M. Nielsen served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 27 | RETURN of Service of SUMMONS Executed as to Kevin K. McAleenan served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 28 | RETURN of Service of SUMMONS Executed as to Thomas D. Homan served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 29 | RETURN of Service of SUMMONS Executed as to L. Francis Cissna served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 30 | RETURN of Service of SUMMONS Executed as to Carla L. Provost served on 5/16/2018, answer due 7/16/2018, filed.(Disher, Todd) (Entered: 05/17/2018) |
| 05/17/2018 | 31 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Scheduling Conference by phone on 05/15/18 before Judge Hanen. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Sheila Perales, filed. (Perales, Nina) (Entered: 05/17/2018) |
| 05/17/2018 | 32 | MOTION for Kenneth S. Levine to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 6/7/2018. (scastillo, 1) (Entered: 05/18/2018) |
| 05/17/2018 | 33 | MOTION for Rachel Wainer Apter to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 6/7/2018. (scastillo, 1) (Entered: 05/18/2018) |
| 05/18/2018 | 34 | TRANSCRIPT re: Telephonic Conference held on May 15, 2018 before Judge Andrew S Hanen. Court Reporter/Transcriber sperales. Ordering Party Ms. Karen C. Tumlin Release of Transcript Restriction set for 8/16/2018., filed. (sperales, ) (Entered: 05/18/2018) |
| 05/21/2018 | 35 | Notice of Filing of Official Transcript as to 34 Transcript. Party notified, filed. (scastillo, 1) (Entered: 05/21/2018) |
| 05/21/2018 | 36 | MOTION for Scheduling Order by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 6/11/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 05/21/2018) |
| 05/21/2018 | 37 | NOTICE of Appearance by Adam N. Bitter on behalf of State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Bitter, Adam) (Entered: 05/21/2018) |
| 05/21/2018 | 38 | RESPONSE in Opposition to 36 MOTION for Scheduling Order, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, |

| | | |
|---|---|---|
| | | Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 05/21/2018) |
| 05/21/2018 | 39 | MOTION to Intervene by State of New Jersey, filed. Motion Docket Date 6/11/2018. (hler, 4) (Entered: 05/22/2018) |
| 05/21/2018 | 40 | MEMORANDUM re: 39 MOTION to Intervene by State of New Jersey, filed.(hler, 4) (Entered: 05/22/2018) |
| 05/21/2018 | 41 | MOTION for Paul H Juzdan to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 6/11/2018. (hler, 4) (Entered: 05/22/2018) |
| 05/22/2018 | 42 | AMENDED MEMORANDUM In Support of Proposed Defendant Intervenor's 39 Motion to Intervene by State of New Jersey, filed.(gkelner, 4) (Entered: 05/22/2018) |
| 05/22/2018 | 43 | ORDER granting 32 Motion for Kenneth S. Levine to Appear Pro Hac Vice for State of New Jersey. (Signed by Judge Andrew S Hanen) Parties notified.(sanderson, 4) (Entered: 05/22/2018) |
| 05/22/2018 | 44 | ORDER granting 33 Motion for Rachel Walner Apter to Appear Pro Hac Vice for State of New Jersey. (Signed by Judge Andrew S Hanen) Parties notified.(sanderson, 4) (Entered: 05/22/2018) |
| 05/22/2018 | 45 | ORDER granting 41 Motion for Paul H. Juzdan to Appear Pro Hac Vice for State of New Jersey. (Signed by Judge Andrew S Hanen) Parties notified.(sanderson, 4) (Entered: 05/22/2018) |
| 05/22/2018 | 46 | REPLY in Support of 36 MOTION for Scheduling Order, filed by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Bitter, Adam) (Entered: 05/22/2018) |
| 05/23/2018 | 47 | ORDER re: 39 Motion to Intervene as a Defendant. Lead counsel for the proposed defendant-interveners is hereby ordered to attend the status conference scheduled for 11:00 AM, Wednesday, May 30th, 2018.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 05/23/2018) |
| 05/25/2018 | 48 | Opposed PROPOSED ORDER *by Proposed Defendant-Intervenor State of New Jersey*, filed. (Attachments: # 1 Proposed Order Exhibit 1 Proposed Order)(Apter, Rachel) (Entered: 05/25/2018) |
| 05/25/2018 | 49 | STATUS REPORT by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed.(Robins, Jeffrey) (Entered: 05/25/2018) |
| 05/25/2018 | 50 | ADVISORY by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly |

| | | |
|---|---|---|
| | | Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Proposed Order)(Salmon, John) (Entered: 05/25/2018) |
| 05/29/2018 | 51 | Opposed MOTION to Dismiss *Without Prejudice or, in the Alternative, to Transfer or Stay Proceedings* by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/19/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 05/29/2018) |
| 05/29/2018 | 52 | MEMORANDUM re: 51 Opposed MOTION to Dismiss *Without Prejudice or, in the Alternative, to Transfer or Stay Proceedings* by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15)(Perales, Nina) (Entered: 05/29/2018) |
| 05/30/2018 | | Minute Entry for proceedings held before Judge Andrew S Hanen. SCHEDULING CONFERENCE held on 5/30/2018. Appearances: Attys for Plaintiffs: T. Disher, A. Biggs, B. Starr; Attys for Defendants: J. Robbins, D. Hu, B. Shumate; Attys for Intervenor Defendants: N. Perales, C. Garcia, J. Salmon; Atty for Proposed Defendant-Intervenor: R. Apter. (Court Reporter: S. Perales)(11:05-12:05). Oral argument as to 39 Motion to Intervene by State of New Jersey - objected by Plaintiffs and Defendants; Intervenor Defendants No Objections. 39 under advisement by Court. As to 39 Plaintiffs Response Brief due June 6, 2018 and Proposed Defendant-Intervenor reply due June 11, 2018. Oral argument as to 51 Opposed Motion to Dismiss filed by Intervenors Defendants - DENIED w/o prejudice and leave is given by court allowing Intervenors Defendants to bring up motion at a later time. Oral argument as to 36 Motion for Scheduling Order heard. Hearing set for 7/17/2018 at 11:00 AM at Courtroom 6 before Judge Andrew S Hanen. Court order will follow. filed.(csustaeta, 1) (Entered: 05/30/2018) |
| 05/30/2018 | 53 | ORDER denying 51 Motion to Dismiss; Response to New Jersey's motion to intervene is due 6/6/2018; response to |

| | | |
|---|---|---|
| | | plaintiff's motion for preliminary injunction due 6/8/2018; reply to response to New Jersey's motion to intervene due 6/11/2018; experts must be disclosed by 6/15/2018; discovery must be completed by 6/29/2018; post-discovery briefing is due 7/7/2018; responses to post-discovery briefings are due 7/13/2018; Preliminary Injunction Hearing is set for 11:00 AM in Brownsville unless changed by subsequent order on 7/17/2018.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 05/30/2018) |
| 05/30/2018 | | ***Set/Reset Deadlines as to <u>39</u> MOTION to Intervene : Deft Expert Report due by 6/15/2018. Deft Expert Witness List due by 6/15/2018. Discovery due by 6/29/2018. Pltf Expert Report due by 6/15/2018. Pltf Expert Witness List due by 6/15/2018. Preliminary Injunction Hearing set for 7/17/2018 at 11:00 AM in Courtroom 6 before Judge Andrew S Hanen Responses due by 6/6/2018. (dnoriega, 1) (Entered: 05/30/2018) |
| 05/30/2018 | | ***Set/Reset Deadlines as to <u>39</u> MOTION to Intervene, <u>5</u> MOTION for Preliminary Injunction : Responses due by 6/8/2018. Replies due by 6/11/2018 (dnoriega, 1) (Entered: 05/30/2018) |
| 05/31/2018 | <u>54</u> | AO 435 TRANSCRIPT REQUEST by Todd Lawrence Disher for Transcript of Initial Pretrial Conference on 05/30/18 before Hon. Andrew S. Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sheila Perales, filed. (Disher, Todd) (Entered: 05/31/2018) |
| 05/31/2018 | <u>55</u> | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Initial Pretrial Conference on 05/30/2018 before Hon. Andrew S. Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sheila Perales, filed. (Perales, Nina) (Entered: 05/31/2018) |
| 05/31/2018 | <u>56</u> | AO 435 TRANSCRIPT REQUEST by Daniel Hu for Transcript of Initial Pretrial Conference on 5/30/18 before Judge Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sheila Perales, filed. (Hu, Daniel) (Entered: 05/31/2018) |
| 05/31/2018 | <u>57</u> | AO 435 TRANSCRIPT REQUEST by Proposed Defendant Intervenor State of New Jersey/Rachel Wainer Apter for Transcript of Scheduling Conference on 5/30/18 before Judge Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sheila Perales, filed. (Apter, Rachel) (Entered: 05/31/2018) |
| 06/05/2018 | <u>58</u> | MOTION for Lawrence J. Joseph to Appear Pro Hac Vice on behalf of party U.S. Rep. Steve King et al (amicus coalition of Members of Congress), filed. Motion Docket Date 6/26/2018. (dbenavides, 1) (Entered: 06/05/2018) |
| 06/05/2018 | <u>59</u> | ORDER granting <u>58</u> Motion for Lawrence J. Joseph to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties |

| | | |
|---|---|---|
| | | notified.(dnoriega, 1) (Entered: 06/05/2018) |
| 06/06/2018 | 60 | RESPONSE in Opposition to 39 MOTION to Intervene, filed by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 06/06/2018) |
| 06/06/2018 | 61 | RESPONSE in Opposition to 39 MOTION to Intervene, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 06/06/2018) |
| 06/07/2018 | 62 | MOTION for Jeremy E. Hollander to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 6/28/2018. (Levine, Kenneth) (Additional attachment(s) added on 6/11/2018: # 1 Verified Status of Bar Membership for Motion Pro Hac Vice)) (jtabares, 1). (Entered: 06/07/2018) |
| 06/07/2018 | 63 | NOTICE of Appearance by Andrew L. Schlafly on behalf of U.S. Rep. Steve King, et al., filed. (Schlafly, Andrew) (Entered: 06/07/2018) |
| 06/07/2018 | 64 | MOTION for Leave to File Amicus Brief by U.S. Rep. Steve King, et al., filed. Motion Docket Date 6/28/2018. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Schlafly, Andrew) (Entered: 06/07/2018) |
| 06/07/2018 | 65 | Opposed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/28/2018. (Attachments: # 1 Exhibit Exhibit 1 - Email Exchange, # 2 Proposed Order Proposed Granted Leave to Defendant-Intervenors to Conduct Discovery of Federal Defendants)(Perales, Nina) (Entered: 06/07/2018) |
| 06/08/2018 | 66 | RESPONSE to 5 MOTION for Preliminary Injunction , filed by State of New Jersey. (Levine, Kenneth) (Entered: 06/08/2018) |
| 06/08/2018 | 67 | MOTION for Denise Hulett to Appear Pro Hac Vice by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/29/2018. (Perales, Nina) (Additional attachment(s) added on 6/11/2018: # 1 Atty License Verification) (rnieto, 1). (Entered: 06/08/2018) |
| 06/08/2018 | 68 | RESPONSE in Opposition to 5 MOTION for Preliminary Injunction, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria |

| | | |
|---|---|---|
| | | Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 06/08/2018) |
| 06/08/2018 | 69 | ORDER granting 64 Motion for Leave to File.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 06/08/2018) |
| 06/08/2018 | 70 | MEMORANDUM of Law re: 5 MOTION for Preliminary Injunction by U.S. Rep. Steve King, et al., filed.(dnoriega, 1) (Entered: 06/08/2018) |
| 06/08/2018 | 71 | RESPONSE to 5 MOTION for Preliminary Injunction , filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Appendix Unreported Authorities)(Robins, Jeffrey) (Entered: 06/08/2018) |
| 06/11/2018 | 72 | ORDER granting 67 Motion for Denise Hulett to Appear Pro Hac Vice. (Signed by Judge Andrew S Hanen) Parties notified.(mperez, 1) (Entered: 06/11/2018) |
| 06/11/2018 | 73 | REPLY in Support of 39 MOTION to Intervene, filed by State of New Jersey. (Levine, Kenneth) (Entered: 06/11/2018) |
| 06/12/2018 | 74 | MOTION for Priscilla Orta to Appear Pro Hac Vice by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/3/2018. (Perales, Nina) (Additional attachment(s) added on 6/13/2018: # 1 Atty License Verification) (rnieto, 1). (Entered: 06/12/2018) |
| 06/12/2018 | 75 | MOTION for Nicholas Dolinsky to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 7/3/2018. (Levine, Kenneth) (Additional attachment(s) added on 6/13/2018: # 1 Atty License Verification) (rnieto, 1). (Entered: 06/12/2018) |
| 06/12/2018 | 76 | NOTICE of Appearance by Ernest I. Herrera on behalf of Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Perales, Nina) (Entered: 06/12/2018) |
| 06/12/2018 | 77 | ORDER granting 62 Motion for Jeremy Hollander to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties |

| | | |
|---|---|---|
| | | notified.(bcampos, 1) (Entered: 06/12/2018) |
| 06/13/2018 | 78 | MOTION for Katherine Gregory to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 7/5/2018. (Levine, Kenneth) (Additional attachment(s) added on 6/13/2018: # 1 Atty License Verification) (rnieto, 1). (Entered: 06/13/2018) |
| 06/13/2018 | 79 | ORDER, entered. Defendant-Intervenors are hereby ordered to file with the Court those discovery devices, and any others for which they request court intervention. (Signed by Judge Andrew S Hanen) Parties notified.(mperez, 1) (Entered: 06/13/2018) |
| 06/13/2018 | 80 | Supplemental MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/5/2018. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3)(Perales, Nina) (Entered: 06/13/2018) |
| 06/14/2018 | 81 | ORDER granting 75 Motion for Nicholas Dolinsky to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Main Document 81 replaced on 6/14/2018) (bcampos, 1). (Entered: 06/14/2018) |
| 06/14/2018 | 82 | ORDER granting 74 Motion for Priscilla Orta to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Entered: 06/14/2018) |
| 06/14/2018 | 83 | ORDER granting 78 Motion for Katherine Gregory to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Entered: 06/14/2018) |
| 06/14/2018 | 84 | MOTION for Leave to File Amended Complaint by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 7/5/2018. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Bitter, Adam) (Entered: 06/14/2018) |
| 06/14/2018 | 85 | RESPONSE in Opposition to 80 Supplemental MOTION for Discovery, 65 Opposed MOTION for Discovery, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Robins, Jeffrey) (Entered: 06/14/2018) |
| 06/15/2018 | 86 | Opposed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, |

| | | |
|---|---|---|
| | | Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/6/2018. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6)(Perales, Nina) (Entered: 06/15/2018) |
| 06/15/2018 | 87 | EMERGENCY MOTION, MOTION to Quash Deposition Notices and Subpoenas( Motion Docket Date 7/6/2018.) by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Robins, Jeffrey) (Entered: 06/15/2018) |
| 06/15/2018 | 88 | NOTICE of Setting. Parties notified. Telephone Conference set for 6/18/2018 at 03:30 PM by telephone before Judge Andrew S Hanen, filed. RE: Discovery Motions. Case Manager will send an email as to the telephone number to call in. (csustaeta, 1) (Entered: 06/15/2018) |
| 06/15/2018 | 89 | ORDER entered. Motion-related deadline set re: 84 MOTION for Leave to File Amended Complaint. Defendant-Intervenors Responses due by 6/21/2018.(Signed by Judge Andrew S Hanen) Parties notified.(bcampos, 1) (Entered: 06/15/2018) |
| 06/15/2018 | 90 | Exhibit List by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez(Perales, Nina) (Entered: 06/15/2018) |
| 06/17/2018 | 91 | Opposed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/9/2018. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Proposed Order Granting Leave to Submit Testimony)(Perales, Nina) (Entered: 06/17/2018) |
| 06/18/2018 | 92 | NOTICE of Appearance by Cristina M. Moreno on behalf of State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Disher, Todd) (Entered: 06/18/2018) |
| 06/18/2018 | 93 | NOTICE of Appearance by P. Trent Peroyea on behalf of State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Disher, Todd) (Entered: 06/18/2018) |
| 06/18/2018 | 94 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition to 80 Supplemental MOTION for Discovery, 65 Opposed MOTION for Discovery, filed by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 06/18/2018) |
| 06/18/2018 | 95 | RESPONSE to 91 Opposed MOTION for Discovery filed by State of New Jersey. (Apter, Rachel) (Entered: 06/18/2018) |
| 06/18/2018 | 96 | RESPONSE in Opposition to 87 EMERGENCY MOTION MOTION to Quash Deposition Notices and Subpoenas, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 06/18/2018) |
| 06/18/2018 | | Minute Entry for proceedings held before Judge Andrew S Hanen. TELEPHONE CONFERENCE held on 6/18/2018. Appearances: Plaintiffs Attys: T.Disher, A.Biggs, T. Peroyea; Defendants Attys: J. Robbins; Intervenor Defendants Attys: N. Perales, E. Herrera; Proposed Defendant Intervenor Attys: K.Levine, R. Wainer Apter, J. Hollander;(Court Reporter: S. Perales)(03:30-03:55). Discussion held as to discovery motions. Court order will follow., filed.(csustaeta, 1) (Entered: 06/18/2018) |
| 06/20/2018 | 97 | ORDER entered. The federal defendants are not required to respond to the defendant-intervenors' first set of discovery requests; the federal defendants are ordered to respond to defendant-intervenors third set of discovery requests by 7/6/2018; the defendant-intervenors may depose Mr. Kenneth Palinkas; the federal defendants have until the end of Friday, 6/22/2018, to respond to defendant-intervenors' motion for leave to submit teestimony.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 06/20/2018) |
| 06/21/2018 | 98 | RESPONSE in Opposition to 84 MOTION for Leave to File Amended Complaint, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 06/21/2018) |
| 06/22/2018 | 99 | RESPONSE in Opposition to 91 Opposed MOTION for Discovery, filed by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A)(Bitter, Adam) (Entered: 06/22/2018) |

| 06/22/2018 | 100 | NOTICE of Filing by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, filed. (Attachments: # 1 Exhibit)(Robins, Jeffrey) (Entered: 06/22/2018) |
|---|---|---|
| 06/22/2018 | 101 | RESPONSE in Opposition to 91 Opposed MOTION for Discovery, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Robins, Jeffrey) (Entered: 06/22/2018) |
| 06/25/2018 | 102 | REPLY in Support of 91 Opposed MOTION for Discovery, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 06/25/2018) |
| 06/25/2018 | 103 | ORDER granting 84 Motion for Leave to File Amended Complaint and granting the States of New Jersey's Amended Motion for leave to Intervene 42 .(Signed by Judge Andrew S Hanen) Parties notified.(dbenavides, 1) (Entered: 06/25/2018) |
| 06/25/2018 | 104 | AMENDED COMPLAINT against All Defendants filed by State of Texas, State of Louisiana, State of Nebraska, State of West Virginia, State of Arkansas, State of South Carolina, State of Alabama. Related document: 1 Complaint, filed by State of Alabama, State of Texas, State of Arkansas, State of Nebraska, State of West Virginia, State of South Carolina, State of Louisiana.(dbenavides, 1) (Entered: 06/25/2018) |
| 06/25/2018 | 105 | Opposed MOTION to Exclude Testimony from Untimely Designated Witnesses by State of Alabama, State of Arkansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 7/16/2018. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Disher, Todd) (Entered: 06/25/2018) |
| 06/26/2018 | 106 | MOTION for Aaron S. Goldsmith to Appear Pro Hac Vice by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, United States of America, filed. Motion Docket Date 7/17/2018. (Goldsmith, Aaron) (Additional attachment(s) added on 6/28/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 06/26/2018) |
| 06/27/2018 | 107 | Opposed MOTION for Extension of Time Post-discovery briefing by State of New Jersey, filed. Motion Docket Date 7/18/2018. (Attachments: # 1 Exhibit Order in NAACP v. Trump, # 2 Proposed Order)(Apter, Rachel) (Entered: 06/27/2018) |
| 06/28/2018 | 108 | MOTION for Brian DeVito to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 7/19/2018. (Levine, |

| | | | |
|---|---|---|---|
| | | | Kenneth) (Additional attachment(s) added on 6/28/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 06/28/2018) |
| 06/28/2018 | | 109 | Cross MOTION to Exclude Plaintiffs' Evidence of Non-Disclosed Witnesses by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/19/2018. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Perales, Nina) (Entered: 06/28/2018) |
| 06/28/2018 | | | Minute Entry for proceedings held before Judge Andrew S Hanen. TELEPHONE CONFERENCE held on 6/28/2018. Appearances: T. Disher, Atty f/Plaintiffs; A. Goldsmith, Atty f/Defendants; N. Perales, Atty f/Intervenor Defendants; R. Apter, Atty f/State of New Jersey;(ERO:Juanita Tabares)(02:00-02:23) All Parties participated telephonically. Plaintiffs Attorney T.Disher said no pending motions to be addressed today. 109 Cross Motion to Exclude Plaintiffs Evidence of Non-Disclosed Witnesses addressed. Denied depositions as to certain witnesses depending on answers w/o prejudice. 106 Motion for Aaron S. Goldsmith-GRANTED. 107 Opposed Motion for Extension of Time Post-discovery briefing by State of New Jersey-GRANTED. Court adopts the dates on on motion 107 Discovery Cutoff- due 07/13/18; Post-discovery briefing due 07/21818; Responses to post-discovery briefing due 07/27/18 and Hearing reset to 08/08/18. Court is interested in certain things and those items where discussed. Discussion held as to deposition. Telephone conference ended., filed.(csustaeta, 1) (Entered: 06/28/2018) |
| 06/29/2018 | | 110 | AO 435 TRANSCRIPT REQUEST by Judge Hanen for Transcript of Telephonic Conference held on 6-28-18 before Judge Andrew S. Hanen. Hourly turnaround requested. Court Reporter/Transcriber: Exceptional Reporting Services, filed. (rnieto, 1) (Entered: 06/29/2018) |
| 06/29/2018 | | 111 | TRANSCRIPT re: TELEPHONE CONFERENCE held on 6/28/18 before Judge Andrew S Hanen. Court Reporter/Transcriber EXCEPTIONAL REPORTING. Ordering Party JUDGE ANDREW S. HANEN Release of Transcript Restriction set for 9/27/2018., filed. (thudson, ) (Entered: 06/29/2018) |
| 06/29/2018 | | 112 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Telephone Conference, 06/28/2018, Judge Andrew Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Exceptional Reporting Services, filed. (Perales, Nina) Modified on 7/2/2018 (dnoriega, 1). *Electronically forwarded to Exceptional on 7/2/2018. Transcript Completion Date: 7/6/2018.* (Entered: 06/29/2018) |

| 06/29/2018 | 113 | AO 435 TRANSCRIPT REQUEST by United States of America et al for Transcript of 06/28/2018. 3-Day turnaround requested. Court Reporter/Transcriber: Exceptional Reporting Services, filed. (Goldsmith, Aaron) Modified on 7/2/2018 (dnoriega, 1). ***Electronically forwarded to Exceptional on 7/2/2018. Estimated Transcript Completion Date: 7/2/2018.*** (Entered: 06/29/2018) |
|---|---|---|
| 07/02/2018 | 114 | Notice of Filing of Official Transcript as to 111 Transcript. Party notified, filed. (JenniferLongoria, 1) (Entered: 07/02/2018) |
| 07/02/2018 | | (Court only) ***Attorney Aaron Steven Goldsmith for United States of America added. (pyebernetsky, 4) (Entered: 07/02/2018) |
| 07/02/2018 | 115 | MOTION for Extension of Time File an Answer by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, United States of America, filed. Motion Docket Date 7/23/2018. (Attachments: # 1 Proposed Order)(Goldsmith, Aaron) (Entered: 07/02/2018) |
| 07/02/2018 | 116 | ORDER denying 91 Motion for Discovery; granting 107 Motion for Extension of Time. Discovery from the Federal Defendants must be completed by 7/13/2018. The Preliminary Injunction hearing will be on 8/8/2018 at 10:00 AM. The hearing will be held in Brownsville, Texas unless counsel are notified otherwise..(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/02/2018) |
| 07/02/2018 | | ***Set/Reset Deadlines/Hearings: Injunction Hearing set for 8/8/2018 at 10:00 AM in Courtroom 3 before Judge Andrew S Hanen (dnoriega, 1) (Entered: 07/02/2018) |
| 07/02/2018 | 117 | ORDER granting 115 Motion for Extension of Time. It is hereby ordered that the date for defendants to respond to plaintiffs' amended complaint, filed 6/25/2018, is hereby extended to 7/23/2018.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/02/2018) |
| 07/05/2018 | 118 | MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction* by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/26/2018. (Attachments: # 1 Memorandum in Support of Motion, # 2 Proposed Order)(Perales, Nina) (Entered: 07/05/2018) |
| 07/05/2018 | 119 | MOTION for Douglas H. Hallward-Driemeier to Appear Pro Hac Vice by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, |

| | | |
|---|---|---|
| | | Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/26/2018. (Perales, Nina) (Additional attachment(s) added on 7/6/2018: # 1 Attorney Verification) (scastillo, 1). (Entered: 07/05/2018) |
| 07/06/2018 | 120 | ORDER entered ; Motion-related deadline set re: 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction* Responses due by 7/20/2018.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/06/2018) |
| 07/09/2018 | 121 | MOTION for Thomas J. Perrelli to Appear Pro Hac Vice by Proposed Amici Institutions of Higher Education, filed. Motion Docket Date 7/30/2018. (verified) (dbenavides, 1) Modified on 7/9/2018 (dbenavides, 1). (Entered: 07/09/2018) |
| 07/09/2018 | 122 | MOTION for Ishan K Bhahba to Appear Pro Hac Vice by Proposed Amici Institutions of Higher Education, filed. Motion Docket Date 7/30/2018. (verified) (dbenavides, 1) Modified on 7/9/2018 (dbenavides, 1). (Entered: 07/09/2018) |
| 07/09/2018 | 123 | MOTION for Lindsay C. Harrison to Appear Pro Hac Vice by Proposed Amici Institutions of Higher Education, filed. Motion Docket Date 7/30/2018. (verified) (dbenavides, 1) Modified on 7/9/2018 (dbenavides, 1). (Entered: 07/09/2018) |
| 07/09/2018 | 124 | MOTION for Jennifer J. Yun to Appear Pro Hac Vice by Proposed Amici Institutions of Higher Education, filed. Motion Docket Date 7/30/2018. (verified) (dbenavides, 1) Modified on 7/9/2018 (dbenavides, 1). (Entered: 07/09/2018) |
| 07/10/2018 | 125 | ORDER granting 119 Motion for Douglas H. Hallward-Driemeier to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/10/2018) |
| 07/10/2018 | 126 | ORDER granting 124 Motion for Jennifer J. Yun to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/10/2018) |
| 07/10/2018 | 127 | ORDER granting 121 Motion for Thomas J. Perrelli to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/10/2018) |
| 07/10/2018 | 128 | ORDER granting 122 Motion for Ishan K. Bhabha to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/10/2018) |
| 07/10/2018 | 129 | ORDER granting 123 Motion for Lindsay C. Harrison to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/10/2018) |
| 07/11/2018 | 130 | MOTION for Gavin J. Rooney to Appear Pro Hac Vice by Proposed Amici New Jersey Businesses, filed. (verified) Motion Docket Date 8/1/2018. (dbenavides, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 131 | MOTION for Craig Dashiell to Appear Pro Hac Vice by |

| | | |
|---|---|---|
| | | Proposed Amici New Jersey Businesses, (verified) filed. Motion Docket Date 8/1/2018. (dbenavides, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 132 | MOTION for David Leit to Appear Pro Hac Vice by Proposed Amici New Jersey Businesses filed. (verified) Motion Docket Date 8/1/2018. (dbenavides, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 133 | ORDER granting 106 Motion for Aaron S. Goldsmith to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 134 | ORDER granting 108 Motion for Brian De Vito to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 135 | MOTION to Enforce July 2, 2018 Order and Quash Subpoena to the President of the National Citizenship and Immigration Council of the AFGE, AFL-CIO as to 116 Order on Motion for Discovery,, Order on Motion for Extension of Time, by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 8/1/2018. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Proposed Order)(Disher, Todd) (Entered: 07/11/2018) |
| 07/11/2018 | 136 | ORDER granting 135 Motion to Enforce. (Signed by Judge Andrew S Hanen) Parties notified.(csustaeta, 1) (Entered: 07/11/2018) |
| 07/11/2018 | 137 | RESPONSE in Opposition to 135 MOTION to Enforce July 2, 2018 Order and Quash Subpoena to the President of the National Citizenship and Immigration Council of the AFGE, AFL-CIO as to 116 Order on Motion for Discovery,, Order on Motion for Extension of Time,, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit A)(Perales, Nina) (Entered: 07/11/2018) |
| 07/11/2018 | 138 | Renewed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/1/2018. (Attachments: # 1 Exhibit A)(Perales, Nina) (Entered: 07/11/2018) |
| 07/12/2018 | 139 | RESPONSE in Opposition to 138 Renewed MOTION for Discovery, filed by L. Francis Cissna, Thomas D. Homan, Kevin |

| | | |
|---|---|---|
| | | K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Robins, Jeffrey) (Entered: 07/12/2018) |
| 07/13/2018 | 140 | MOTION for Zachary Kolodin to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. (verified) Motion Docket Date 8/3/2018. (dbenavides, 1) (Entered: 07/13/2018) |
| 07/13/2018 | 141 | MOTION for Adeel A. Mangi to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. (verified) Motion Docket Date 8/3/2018. (dbenavides, 1) (Entered: 07/13/2018) |
| 07/13/2018 | 142 | MOTION for Michael N Fresco to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. (verified) Motion Docket Date 8/3/2018. (dbenavides, 1) (Entered: 07/13/2018) |
| 07/13/2018 | 143 | MOTION for Lawrence S. Lustberg to Appear Pro Hac Vice by Proposed Amici Health Care Professionals, filed. (Verified) Motion Docket Date 8/3/2018. (dbenavides, 1) (Entered: 07/13/2018) |
| 07/16/2018 | 144 | MOTION for Hasan Shafiqullah to Appear Pro Hac Vice by The Legal Aid Society, filed. Motion Docket Date 8/6/2018. Verified Status of Bar Membership for Motion Pro Hac Vice.(JenniferLongoria, 1) (Entered: 07/16/2018) |
| 07/16/2018 | 145 | MOTION for Jessa Irene DeGroote to Appear Pro Hac Vice by The Legal Aid Society, filed. Motion Docket Date 8/6/2018. Verified Status of Bar Membership for Motion Pro Hac Vice.(JenniferLongoria, 1) (Entered: 07/16/2018) |
| 07/16/2018 | 146 | MOTION for Maureen P. Alger to Appear Pro Hac Vice by Proposed Amici Legal Services Organization, filed. Motion Docket Date 8/6/2018. (Attanasio, Michael) (Additional attachment(s) added on 7/18/2018: # 1 Verified Status of Bar Membership for Motion Pro Hac Vice) (jtabares, 1). (Entered: 07/16/2018) |
| 07/16/2018 | 147 | MOTION for Monique R. Sherman to Appear Pro Hac Vice by Proposed Amici Legal Services Organization, filed. Motion Docket Date 8/6/2018. (Attanasio, Michael) (Additional attachment(s) added on 7/18/2018: # 1 Verified Status of Bar Membership for Motion Pro Hac Vice) (jtabares, 1). (Entered: 07/16/2018) |
| 07/16/2018 | 148 | MOTION for Michael J. McMahon to Appear Pro Hac Vice by Proposed Amici Legal Services Organization, filed. Motion Docket Date 8/6/2018. (Attanasio, Michael) (Additional attachment(s) added on 7/18/2018: # 1 Verified Status of Bar Membership for Motion Pro Hac Vice) (jtabares, 1). (Entered: 07/16/2018) |
| 07/16/2018 | 149 | MOTION for Joan R. Li to Appear Pro Hac Vice by Proposed Amici Legal Services Organization, filed. Motion Docket Date 8/6/2018. (Attanasio, Michael) (Additional attachment(s) added on 7/18/2018: # 1 Verified Status of Bar Membership for Motion |

| | | |
|---|---|---|
| | | Pro Hac Vice) (jtabares, 1). (Entered: 07/16/2018) |
| 07/16/2018 | 150 | MOTION for Peter Karanjia to Appear Pro Hac Vice by Proposed Amicus United We Dream, filed. Motion Docket Date 8/6/2018. (dbenavides, 1) (Entered: 07/16/2018) |
| 07/16/2018 | 151 | MOTION for Geoffrey S. Brounell to Appear Pro Hac Vice by Proposed Amicus United We Dream, filed. Motion Docket Date 8/6/2018. (DesireeSillas, 4) (Entered: 07/16/2018) |
| 07/16/2018 | 152 | ORDER granting 130 Motion for Gavin J. Rooney to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 153 | ORDER granting 131 Motion for Craig Dashiell to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 154 | ORDER granting 132 Motion for David Leit to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 155 | ORDER granting 140 Motion for Zachary Kolodin to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 156 | ORDER granting 141 Motion for Adeel A. Mangi to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 158 | ORDER granting 143 Motion for Lawrence S. Lustberg to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 159 | ORDER granting 144 Motion for Hasan Shafiqullah to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/16/2018 | 160 | ORDER granting 145 Motion for Jessa DeGroote to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/17/2018 | 157 | ORDER granting 142 Motion for Michael N. Fresco to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/17/2018 | 161 | ORDER entered. The Preliminary Injunction Hearing scheduled to take place on 8/8/2018 at 10:00 AM will now be held in Houston, Texas, in Courtroom 9C before Judge Andrew S Hanen. In light of the Preliminary Injunction hearing, the initial pretrial conference scheduled for 7/31/2018, is hereby canceled. No joint case management plan need be filed.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/17/2018) |
| 07/17/2018 | 162 | ORDER granting 151 Motion for Geoffrey S. Brounell to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties |

| | | notified.(JenniferLongoria, 1) (Entered: 07/17/2018) |
|---|---|---|
| 07/17/2018 | 163 | ORDER granting 150 Motion for Peter Karanjia to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/17/2018) |
| 07/17/2018 | 164 | Unopposed MOTION for Leave to File Excess Pages by State of New Jersey, filed. Motion Docket Date 8/7/2018. (Attachments: # 1 Proposed Order)(Levine, Kenneth) (Entered: 07/17/2018) |
| 07/17/2018 | 165 | REPLY in Support of 138 Renewed MOTION for Discovery, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/17/2018) |
| 07/18/2018 | 166 | Unopposed MOTION for Leave to File Excess Pages by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/8/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 07/18/2018) |
| 07/18/2018 | 167 | ORDER entered. Should any party wish to respond to this motion, any such response shall be filed on or before 7/20/2018 at 5:00 PM, Central Daylight Time.(Signed by Judge Andrew S Hanen) Parties notified.(dnoriega, 1) (Entered: 07/18/2018) |
| 07/18/2018 | 168 | Unopposed MOTION for Extension of Time Answer by Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, filed. Motion Docket Date 8/8/2018. (Attachments: # 1 Proposed Order)(Goldsmith, Aaron) (Entered: 07/18/2018) |
| 07/18/2018 | 169 | MOTION for Andrew W. Amend to Appear Pro Hac Vice by Proposed Amici States, filed. Motion Docket Date 8/8/2018. (jtabares, 1) (Entered: 07/18/2018) |
| 07/18/2018 | 170 | MOTION for Jeffrey M. Davidson to Appear Pro Hac Vice by Proposed Amicus Kevin Johnson, filed. Motion Docket Date 8/8/2018. (jtabares, 1) (Entered: 07/18/2018) |
| 07/18/2018 | 171 | RESPONSE in Opposition to 168 Unopposed MOTION for Extension of Time Answer, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/18/2018) |

| 07/19/2018 | 172 | MOTION for Jonathan Samuel Kolodner to Appear Pro Hac Vice by Proposed Amicus Curia The Legal Aid Society, filed. Motion Docket Date 8/9/2018. (jtabares, 1) (Entered: 07/19/2018) |
|---|---|---|
| 07/19/2018 | 173 | MOTION for Mark H. Lynch to Appear Pro Hac Vice by Proposed Amicus Kevin Johnson, filed. Motion Docket Date 8/9/2018. (jtabares, 1) (Entered: 07/19/2018) |
| 07/19/2018 | 174 | MOTION for William D. Coston to Appear Pro Hac Vice by Proposed Amici Public Interest Groups, filed. Motion Docket Date 8/9/2018. (jdav, 4) (Entered: 07/20/2018) |
| 07/19/2018 | 175 | MOTION for Martin L. Saad to Appear Pro Hac Vice by Proposed Amici Public Interest Groups, filed. Motion Docket Date 8/9/2018. (jdav, 4) (Entered: 07/20/2018) |
| 07/19/2018 | 176 | MOTION for Sameer P. Sheikh to Appear Pro Hac Vice by Proposed Amici Public Interest Groups, filed. Motion Docket Date 8/9/2018. (jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 177 | ORDER granting 169 Motion for Andrew W. Amend to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 178 | ORDER granting 170 Motion for Jeffrey M. Davidson to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 179 | ORDER granting 173 Motion for Mark H. Lynch to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 180 | ORDER granting 174 Motion for William D. Coston to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 181 | ORDER granting 172 Motion for Jonathan Samuel Kolodner to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 182 | ORDER granting 176 Motion for Sameer P Sheikh to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 183 | ORDER granting 175 Motion for Martin L. Saad to Appear Pro Hac Vice.(Signed by Judge Melinda Harmon) Parties notified.(jdav, 4) (Entered: 07/20/2018) |
| 07/20/2018 | 184 | Unopposed MOTION for Leave to File Amicus brief by United We Dream, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Amicus brief, # 2 Proposed Order)(Karanjia, Peter) (Entered: 07/20/2018) |
| 07/20/2018 | 185 | Unopposed MOTION for Leave to File Excess Pages by Phil Bryant, Paul R. LePage, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of |

| | | |
|---|---|---|
| | | Texas, State of West Virginia, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 07/20/2018) |
| 07/20/2018 | 186 | Amicus Curiae APPEARANCE by The Legal Aid Society, filed.(Kolodner, Jonathan) (Entered: 07/20/2018) |
| 07/20/2018 | 187 | Amicus Curiae APPEARANCE by The Legal Aid Society, filed.(DeGroote, Jessa) (Entered: 07/20/2018) |
| 07/20/2018 | 188 | RESPONSE in Opposition to 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction*, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Disher, Todd) (Entered: 07/20/2018) |
| 07/20/2018 | 189 | RESPONSE to 138 Renewed MOTION for Discovery filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 07/20/2018) |
| 07/20/2018 | 190 | Unopposed MOTION for Leave to File Amicus Brief by U.S. Rep. Steve King, et al., filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Schlafly, Andrew) (Entered: 07/20/2018) |
| 07/20/2018 | 191 | Unopposed MOTION for Leave to File Amicus brief by Proposed Amici Religious Organizations, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Declaration of Adeel A. Mangi, # 2 Exhibit A, (proposed) Amicus brief)(Mangi, Adeel) (Entered: 07/20/2018) |
| 07/20/2018 | 192 | MOTION for Leave to File Amici Brief by Proposed Amici New Jersey Businesses, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Leit, David) (Entered: 07/20/2018) |
| 07/20/2018 | 193 | RESPONSE to 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction* filed by State of New Jersey. (Attachments: # 1 Appendix)(Juzdan, Paul) (Entered: 07/20/2018) |
| 07/20/2018 | 194 | RESPONSE to 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction* filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 07/20/2018) |
| 07/20/2018 | 195 | MOTION for Leave to File Amici Curiae Brief (Legal Services Organizations) by Proposed Amici Legal Services Organization, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Exhibit Exhibit A - Amici Curiae Brief (Legal Services Organizations), # 2 Appendix Appendix of Amici Curiae Brief, # 3 Proposed |

| | | |
|---|---|---|
| | | Order)(Attanasio, Michael) (Entered: 07/20/2018) |
| 07/20/2018 | 196 | NOTICE of Appearance by Ryan K. Yagura on behalf of Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, Georgetown University, George Washington University, Harvard University, Massachusetts Institute of Technology, Northwestern University, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University, filed. (Yagura, Ryan) (Entered: 07/20/2018) |
| 07/20/2018 | 197 | Unopposed MOTION for Leave to File Brief of Amici Curiae Nineteen Universities in Support of Defendants' Opposition to Plaintiffs' Motion for a Preliminary Injunction by Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, George Washington University, Georgetown University, Harvard University, Massachusetts Institute of Technology, Northwestern University, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University, filed. Motion Docket Date 8/10/2018. (Attachments: # 1 Memorandum of Law, # 2 Proposed Order)(Yagura, Ryan) (Entered: 07/20/2018) |
| 07/20/2018 | 198 | MOTION for Jennifer Sokoler to Appear Pro Hac Vice by Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, George Washington University, Georgetown University, Harvard University, Massachusetts Institute of Technology, Northwestern University, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University, filed. Motion Docket Date 8/10/2018. (Yagura, Ryan) (Additional attachment(s) added on 7/23/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 07/20/2018) |
| 07/20/2018 | 199 | MOTION for Anton Metlitsky to Appear Pro Hac Vice by Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, George Washington University, Georgetown University, Harvard University, Massachusetts Institute of Technology, Northwestern University, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University, filed. Motion Docket Date 8/10/2018. (Yagura, Ryan) (Additional attachment(s) added on 7/23/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 07/20/2018) |
| 07/21/2018 | 200 | |

| | | |
|---|---|---|
| | | Amicus Curiae APPEARANCE by Proposed Amici Companies and Associations, filed.(Ranlett, Kevin) (Entered: 07/21/2018) |
| 07/21/2018 | 201 | MOTION for Andrew J. Pincus to Appear Pro Hac Vice by Proposed Amici Companies and Associations, filed. Motion Docket Date 8/13/2018. (Ranlett, Kevin) (Additional attachment(s) added on 7/23/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 07/21/2018) |
| 07/21/2018 | 202 | MOTION for Lauren Goldman to Appear Pro Hac Vice by Proposed Amici Companies and Associations, filed. Motion Docket Date 8/13/2018. (Ranlett, Kevin) (Additional attachment(s) added on 7/23/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 07/21/2018) |
| 07/21/2018 | 203 | MOTION for Karen W. Lin to Appear Pro Hac Vice by Proposed Amici Companies and Associations, filed. Motion Docket Date 8/13/2018. (Ranlett, Kevin) (Additional attachment(s) added on 7/23/2018: # 1 Atty License Verification) (csustaeta, 1). (Entered: 07/21/2018) |
| 07/21/2018 | 204 | Unopposed MOTION for Leave to File Amici Curiae Brief by Proposed Amici Companies and Associations, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Amici Curiae Brief, # 2 Appendix of Amici Curiae Brief - Table of Contents, # 3 Appendix of Amici Curiae Brief - Volume 1, # 4 Appendix of Amici Curiae Brief - Volume 2, # 5 Appendix of Amici Curiae Brief - Volume 3, # 6 Proposed Order re Motion for Leave to File Amici Curiae Brief)(Ranlett, Kevin) (Entered: 07/21/2018) |
| 07/21/2018 | 205 | Unopposed AMENDED 166 MOTION by Darwin Velasquez, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 07/21/2018) |
| 07/21/2018 | 206 | Unopposed MOTION for Leave to File to File Brief as Amici Curiae by Proposed Amici Institutions of Higher Education, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Exhibit BRIEF FOR AMICI CURIAE RICE UNIVERSITY AND OTHER INSTITUTIONS OF HIGHER EDUCATION IN SUPPORT OF DEFENDANT-INTERVENORS, # 2 Proposed Order)(Ramon, Sofia) Modified on 7/23/2018 (JenniferLongoria, 1). (Entered: 07/21/2018) |
| 07/21/2018 | 207 | Unopposed MOTION for Leave to File Amici Curiae Brief by Proposed Amicus Kevin Johnson, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Amici Curiae Brief, # 2 Proposed Order Granting Motion for Leave)(Davidson, Jeffrey) (Entered: 07/21/2018) |
| 07/21/2018 | 208 | NOTICE of Appearance by Andrew W. Amend on behalf of Proposed Amici States, filed. (Amend, Andrew) (Entered: 07/21/2018) |
| 07/21/2018 | 209 | Unopposed MOTION for Leave to File Memorandum of Law as Amici Curiae, Unopposed MOTION for Leave to File Excess |

| | | |
|---|---|---|
| | | Pages( Motion Docket Date 8/13/2018.) by Proposed Amici States, filed. (Attachments: # 1 Memorandum of Law, # 2 Appendix, # 3 Proposed Order)(Amend, Andrew) (Entered: 07/21/2018) |
| 07/21/2018 | 210 | NOTICE of Appearance by Lawrence S. Lustberg on behalf of Proposed Amici Health Care Professionals, filed. (Lustberg, Lawrence) (Entered: 07/21/2018) |
| 07/21/2018 | 211 | RESPONSE to 5 MOTION for Preliminary Injunction filed by Proposed Amici Public Interest Groups. (Garza, Jose) (Entered: 07/21/2018) |
| 07/21/2018 | 212 | Unopposed MOTION for Leave to File Amici Curiae Brief by Proposed Amici Health Care Professionals, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Amici Curiae Brief, # 2 Proposed Order)(Lustberg, Lawrence) (Entered: 07/21/2018) |
| 07/21/2018 | 213 | Unopposed MOTION for Leave to File Amicus Brief by Proposed Amici Public Interest Groups, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Amicus Brief, # 2 Proposed Order)(Ertas, Alper) (Entered: 07/21/2018) |
| 07/21/2018 | 214 | Unopposed MOTION for Leave to File Amicus Brief by The Legal Aid Society, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Amicus Brief, # 2 Appendix to Proposed Amicus Brief, # 3 Proposed Order)(Kolodner, Jonathan) (Entered: 07/21/2018) |
| 07/21/2018 | 215 | Opposed RESPONSE in Opposition to 5 MOTION for Preliminary Injunction, filed by State of New Jersey. (Attachments: # 1 Appendix)(Juzdan, Paul) (Entered: 07/21/2018) |
| 07/21/2018 | 216 | Unopposed MOTION for Leave to File Amici Curiae Brief by Proposed Amici Health Care Professionals, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Proposed Amici Curiae Brief, # 2 Proposed Order)(Lustberg, Lawrence) (Entered: 07/21/2018) |
| 07/21/2018 | 217 | Supplemental RESPONSE to 5 MOTION for Preliminary Injunction filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Robins, Jeffrey) (Entered: 07/21/2018) |
| 07/21/2018 | 218 | BRIEF *Post-Discovery Brief in Support of Motion for Preliminary Injunction* re: 5 MOTION for Preliminary Injunction by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 07/21/2018) |
| 07/21/2018 | 219 | Supplemental APPENDIX re: 5 MOTION for Preliminary Injunction by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West |

| | | |
|---|---|---|
| | | Virginia, filed. (Attachments: # <u>1</u> Exhibit 21, # <u>2</u> Exhibit 22, # <u>3</u> Exhibit 23, # <u>4</u> Exhibit 24, # <u>5</u> Exhibit 25, # <u>6</u> Exhibit 26, # <u>7</u> Exhibit 27, # <u>8</u> Exhibit 28, # <u>9</u> Exhibit 29, # <u>10</u> Exhibit 30, # <u>11</u> Exhibit 31, # <u>12</u> Exhibit 32, # <u>13</u> Exhibit 33, # <u>14</u> Exhibit 34, # <u>15</u> Exhibit 35, # <u>16</u> Exhibit 36, # <u>17</u> Exhibit 37, # <u>18</u> Exhibit 38, # <u>19</u> Exhibit 39, # <u>20</u> Exhibit 40, # <u>21</u> Exhibit 41, # <u>22</u> Exhibit 42)(Disher, Todd) (Entered: 07/21/2018) |
| 07/21/2018 | <u>220</u> | NOTICE of Appearance by Thomas S. Leatherbury on behalf of Houston Hispanic Chamber of Commerce, Texas Association of Business, Brazoria County Hispanic Chamber of Commerce, El Paso Hispanic Chamber of Commerce, Greater Austin Hispanic Chamber of Commerce, International Bancshares Corporation, Marek Brothers Construction, Inc., Midland Hispanic Chamber of Commerce, Rio Grande Valley Hispanic Chamber of Commerce, San Antonio Hispanic Chamber of Commerce, Southwest Airlines, Texas Border Coalition, United Airlines, Inc., filed. (Leatherbury, Thomas) (Entered: 07/21/2018) |
| 07/21/2018 | <u>221</u> | Unopposed MOTION for Leave to File Amici Curiae Brief by Brazoria County Hispanic Chamber of Commerce, El Paso Hispanic Chamber of Commerce, Greater Austin Hispanic Chamber of Commerce, Houston Hispanic Chamber of Commerce, International Bancshares Corporation, Marek Brothers Construction, Inc., Midland Hispanic Chamber of Commerce, Rio Grande Valley Hispanic Chamber of Commerce, San Antonio Hispanic Chamber of Commerce, Southwest Airlines, Texas Association of Business, Texas Border Coalition, United Airlines, Inc., filed. Motion Docket Date 8/13/2018. (Attachments: # <u>1</u> Proposed Amici Curiae Brief, # <u>2</u> Appendix of Amici Curiae Brief, # <u>3</u> Proposed Order re Motion for Leave to File Amici Curiae Brief)(Leatherbury, Thomas) (Entered: 07/21/2018) |
| 07/21/2018 | <u>222</u> | Unopposed MOTION for Leave to File Brief of Amici Curiae by Current and Former Prosecutors and Law Enforcement Leaders, filed. Motion Docket Date 8/13/2018. (Attachments: # <u>1</u> Exhibit Proposed Brief, # <u>2</u> Proposed Order)(Badlani, Chirag) (Entered: 07/21/2018) |
| 07/21/2018 | <u>223</u> | MOTION for Chirag G. Badlani to Appear Pro Hac Vice by Current and Former Prosecutors and Law Enforcement Leaders, filed. Motion Docket Date 8/13/2018. (Badlani, Chirag) (Additional attachment(s) added on 7/23/2018: # <u>1</u> Atty License Verification) (csustaeta, 1). (Entered: 07/21/2018) |
| 07/21/2018 | <u>224</u> | RESPONSE in Opposition to <u>5</u> MOTION for Preliminary Injunction, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # <u>1</u> |

| | | |
|---|---|---|
| | | Appendix Table of Contents, # 2 Affidavit Volume 1)(Perales, Nina) (Entered: 07/21/2018) |
| 07/21/2018 | 225 | Supplemental APPENDIX re: 224 Response in Opposition to Motion,, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Volume 2, # 2 Volume 3, # 3 Volume 4, # 4 Volume 5, # 5 Volume 6, # 6 Volume 7)(Perales, Nina) (Entered: 07/22/2018) |
| 07/22/2018 | 226 | Supplemental APPENDIX re: 224 Response in Opposition to Motion,, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Volume 8, # 2 Volume 9, # 3 Volume 10)(Perales, Nina) (Entered: 07/22/2018) |
| 07/22/2018 | 227 | Supplemental APPENDIX re: 224 Response in Opposition to Motion,, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Volume 11, # 2 Volume 12, # 3 Volume 13)(Perales, Nina) (Entered: 07/22/2018) |
| 07/22/2018 | 228 | ORDER granting 185 Plaintiff States' Unopposed Motion to Exceed Page Limits.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/23/2018) |
| 07/22/2018 | 229 | ORDER granting 166 Defendant-Intervenors' Unopposed Motion to Exceed Page Limits.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/23/2018) |
| 07/23/2018 | | (Court only) ***Motion(s) terminated: 185 Unopposed MOTION for Leave to File Excess Pages. (JenniferLongoria, 1) (Entered: 07/23/2018) |
| 07/23/2018 | 230 | MOTION for Mary Kelly Persyn to Appear Pro Hac Vice by Karla Perez-Defendant-Intervenors and State of New Jersey-Defendant-Intervenor, filed. Motion Docket Date 8/13/2018. (rnieto, 1) (verified) Modified on 7/23/2018 (rnieto, 1). (Entered: 07/23/2018) |
| 07/23/2018 | 231 | MOTION for Johnathan James Smith to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. Motion Docket |

| | | |
|---|---|---|
| | | Date 8/13/2018. (rnieto, 1) (verified) Modified on 7/23/2018 (rnieto, 1). (Entered: 07/23/2018) |
| 07/23/2018 | 232 | MOTION for Juvaria Khan to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. Motion Docket Date 8/13/2018. (rnieto, 1) (verified) Modified on 7/23/2018 (rnieto, 1). (Entered: 07/23/2018) |
| 07/23/2018 | 233 | MOTION for Sirine Shebaya to Appear Pro Hac Vice by Proposed Amici Religious Organizations, filed. Motion Docket Date 8/13/2018. (rnieto, 1) (verified) Modified on 7/23/2018 (rnieto, 1). (Entered: 07/23/2018) |
| 07/23/2018 | 234 | ANSWER to 104 Amended Complaint/Counterclaim/Crossclaim etc., by State of New Jersey, filed.(Juzdan, Paul) (Entered: 07/23/2018) |
| 07/23/2018 | 235 | Amicus Curiae APPEARANCE by National Immigrant Justice Center, filed.(Roth, Charles) (Entered: 07/23/2018) |
| 07/23/2018 | 236 | Unopposed MOTION Leave to Appear Amicus Curiae by National Immigrant Justice Center, filed. Motion Docket Date 8/13/2018. (Attachments: # 1 Memorandum of Law, # 2 Appendix Appendix of Authorities)(Roth, Charles) (Entered: 07/23/2018) |
| 07/23/2018 | 237 | ANSWER to 104 Amended Complaint/Counterclaim/Crossclaim etc., by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed.(Perales, Nina) (Entered: 07/23/2018) |
| 07/23/2018 | 240 | ORDER denying 168 Motion for Extension of Time.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/23/2018 | 247 | ORDER granting 205 Motion to exceed page limits.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/23/2018 | 254 | MEMORANDUM of law of American Professional Society of the Abuse of Children in support of unopposed motion for leave to file a brief Amicus Curiae in support of defendant -intervenors, filed.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 238 | ORDER granting 230 Motion for MARY KELLY PERSYN to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) Modified on 7/24/2018 (scastillo, 1). (Entered: 07/24/2018) |
| 07/24/2018 | 239 | Second REPLY in Support of 91 Opposed MOTION for Discovery, 138 Renewed MOTION for Discovery, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses |

| | | |
|---|---|---|
| | | Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/24/2018) |
| 07/24/2018 | 241 | ORDER granting 198 Motion for Jennifer Sokoler to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | | (Court only) ***Attorney Jennifer Sokoler for Brown University,Jennifer Sokoler for California Institute of Technology,Jennifer Sokoler for Columbia University,Jennifer Sokoler for Cornell University,Jennifer Sokoler for Dartmouth College,Jennifer Sokoler for Duke University,Jennifer Sokoler for Emory University,Jennifer Sokoler for George Washington University,Jennifer Sokoler for Georgetown University,Jennifer Sokoler for Harvard University,Jennifer Sokoler for Massachusetts Institute of Technology,Jennifer Sokoler for Northwestern University,Jennifer Sokoler for Princeton University,Jennifer Sokoler for Stanford University,Jennifer Sokoler for University of Chicago,Jennifer Sokoler for University of Pennsylvania,Jennifer Sokoler for Vanderbilt University,Jennifer Sokoler for Washington University in St. Louis,Jennifer Sokoler for Yale University added. (scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 242 | ORDER granting 199 Motion for Anton Metitsky to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | | (Court only) ***Attorney Anton Metlitsky for Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, George Washington University, Georgetown University, Harvard University, Massachusetts Institute of Technology, Northwestern University, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University added. (scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 243 | ORDER granting 201 Motion for Andrew J. Pincus to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 244 | ORDER granting 190 Motion for Leave to File; 191 Motion for Leave to File; 192 Motion for Leave to File; 195 Motion for Leave to File; 197 Motion for Leave to File; 204 Motion for Leave to File; 206 Motion for Leave to File; 207 Motion for Leave to File; 209 Motion for Leave to File 213 Motion for Leave to File; 214 Motion for Leave to File; 216 Motion for Leave to File 221 Motion for Leave to File; 222 Motion for Leave to File; 236 Motion.(Signed by Judge Andrew S Hanen) |

| | | |
|---|---|---|
| | | Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 245 | ORDER granting 164 Motion. Defendant-Intervenor State of New Jersey shall be permitted to file a "Post- Discovery" Memorandum of Law in Opposition to Plaintiffs' Motion for Preliminary Injunction of up to 49 pages.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) Modified on 7/24/2018 (scastillo, 1). (Entered: 07/24/2018) |
| 07/24/2018 | 246 | ORDER granting 202 Motion for Lauren Goldman to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | | (Court only) ***Attorney Lauren Goldman for Proposed Amici Companies and Associations, Proposed Amici Health Care Professionals, Proposed Amici Institutions of Higher Education, Proposed Amici Legal Services Organization, Proposed Amici New Jersey Businesses, Proposed Amici Public Interest Groups, Proposed Amici Religious Organizations, Proposed Amici States, Proposed Amicus Kevin Johnson, Proposed Amicus United We Dream added. (scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 248 | ORDER granting 223 Motion for Chirag G. Badlani to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | | (Court only) ***Party Proposed Amici Current and Former Prosecutors and Law Enforcement Leaders added. (scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 249 | ORDER granting 231 Motion for Johnathan James Smith to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 250 | ORDER granting 232 Motion for Juvaria Khan to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 251 | ORDER granting 233 Motion for Sirine Shebaya to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 252 | ORDER granting 184 Motion for Leave to File.(Signed by Judge Andrew S Hanen) Parties notified.(scastillo, 1) (Entered: 07/24/2018) |
| 07/24/2018 | 253 | BRIEF in support of defendant-intervenor's Opposition to Plaintiff's Motion for a preliminary Injunction by United We Dream, filed.(scastillo, 1) (Entered: 07/24/2018) |
| 07/25/2018 | 255 | Opposed MOTION for Protective Order by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise |

| | | |
|---|---|---|
| | | Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/15/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 07/25/2018) |
| 07/25/2018 | 256 | Sealed Event, filed. (With attachments) (Entered: 07/25/2018) |
| 07/25/2018 | 257 | ORDER granting 138 Motion for Discovery.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/25/2018) |
| 07/25/2018 | 263 | ORDER granting 148 Motion for Michael McMahon to Appear Pro Hac Vice as to Proposed Amici Legal Services Orgainzation.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 07/26/2018) |
| 07/26/2018 | 258 | RESPONSE in Opposition to 255 Opposed MOTION for Protective Order, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Disher, Todd) (Entered: 07/26/2018) |
| 07/26/2018 | 259 | MOTION for Extension of Time to Extend the Post-Discovery Response Brief Filing Deadline by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/16/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 07/26/2018) |
| 07/26/2018 | | (Court only) ***Attorney Karen W Lin for Proposed Amici Companies and Associations added. (jdav, 4) (Entered: 07/26/2018) |
| 07/26/2018 | 260 | ORDER granting 203 Motion for Karen W. Lin to Appear Pro Hac Vice as to Proposed Amici Companies and Associations.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 07/26/2018) |
| 07/26/2018 | 261 | RESPONSE in Opposition to 259 MOTION for Extension of Time to Extend the Post-Discovery Response Brief Filing Deadline, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 07/26/2018) |
| 07/26/2018 | 262 | ORDER granting 149 Motion for Joan Li to Appear Pro Hac Vice for Proposed Amici Legal Services Organization.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 07/26/2018) |
| 07/26/2018 | 264 | ORDER granting 146 Motion for Maureen Alger to Appear Pro Hac Vice as to Proposed Amici Legal Services |

| | | Organization..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 07/26/2018) |
|---|---|---|
| 07/26/2018 | 265 | ORDER granting 147 Motion for Monique Sherman to Appear Pro Hac Vice as to Proposed Amici Legal Services Organization.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 07/26/2018) |
| 07/26/2018 | 266 | ORDER denying 259 Motion for Extension of Time. The Court hereby denies Defendant-Intervenors motion without prejudice for failing to include a certificate of conference. Defendant-Intervenors shall confer with counsel for each other party in the case before refiling the motion.(Signed by Judge Andrew S Hanen) Parties notified.(JenniferLongoria, 1) (Entered: 07/26/2018) |
| 07/26/2018 | 267 | Renewed MOTION for Extension of Time by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/16/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 07/26/2018) |
| 07/26/2018 | 268 | RESPONSE in Opposition to 267 Renewed MOTION for Extension of Time, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Bitter, Adam) (Entered: 07/26/2018) |
| 07/27/2018 | 269 | REPLY in Support of 255 Opposed MOTION for Protective Order, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/27/2018) |
| 07/27/2018 | 270 | ORDER granting 267 Joint Motion for Extending the Post-Discovery Response Brief Filing Deadline Responses due by 8/3/2018. (Signed by Judge Andrew S Hanen) Parties notified.(mperez, 1) (Entered: 07/27/2018) |
| 07/27/2018 | 271 | ORDER denying 255 Motion for Entry of Protective Order. (Signed by Judge Andrew S Hanen) Parties notified.(mperez, 1) (Entered: 07/27/2018) |
| 07/27/2018 | 272 | Opposed MOTION for Extension of Time Respond to Plaintiffs' Amended Complaint by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 8/17/2018. (Attachments: # 1 Proposed Order)(Robins, Jeffrey) (Entered: |

| | | |
|---|---|---|
| | | 07/27/2018) |
| 07/29/2018 | 273 | RESPONSE in Opposition to 272 Opposed MOTION for Extension of Time Respond to Plaintiffs' Amended Complaint, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/29/2018) |
| 07/30/2018 | 274 | ORDER. The date for Defendants to respond to Plaintiffs' Amended Complaint is hereby extended 30 days after the Court rules on the pending Application for Preliminary Injunction. (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/30/2018) |
| 07/30/2018 | 275 | REPLY in Support of 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction*, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 07/30/2018) |
| 08/01/2018 | 276 | Unopposed MOTION for Leave to Join Brief of Amici Curiae by American Business Immigration Coalition, Ascension Texas, Dallas Regional Chamber, Dallas Hispanic Chamber of Commerce, Irving-Las Colinas Chamber of Commerce, Health Management Systems, National Association for Latino Community Asset Builders, San Antonio Chamber of Commerce, Texas Opportunity Roundtable, Texas Restaurant Association, VisitDallas, filed. Motion Docket Date 8/22/2018. (Attachments: # 1 Proposed Order)(Leatherbury, Thomas) (Entered: 08/01/2018) |
| 08/02/2018 | 277 | TRANSCRIPT re: Scheduling Conference Hearing held on May 30, 2018 before Judge Andrew S Hanen. Court Reporter/Transcriber sperales. Release of Transcript Restriction set for 10/31/2018., filed. (sperales, ) (Entered: 08/02/2018) |
| 08/03/2018 | 278 | Notice of Filing of Official Transcript as to 277 Transcript. Party notified, filed. (jtabares, 1) (Entered: 08/03/2018) |
| 08/03/2018 | 279 | ORDER GRANTING 276 UNOPPOSED MOTION FOR LEAVE TO JOIN BRIEF OF AMICI CURIAE IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION. (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/03/2018) |
| 08/03/2018 | 280 | MOTION for Leave to File Excess Pages by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, |

| | | |
|---|---|---|
| | | State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 8/24/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 08/03/2018) |
| 08/03/2018 | 281 | Unopposed MOTION for Leave to File Excess Pages by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/24/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 08/03/2018) |
| 08/03/2018 | 282 | BRIEF *Post-Discovery Response Brief* re: 5 MOTION for Preliminary Injunction by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 08/03/2018) |
| 08/03/2018 | 283 | NOTICE *of Filing* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit)(Robins, Jeffrey) (Entered: 08/03/2018) |
| 08/03/2018 | 284 | APPENDIX re: 282 Brief, by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibit 43, # 2 Exhibit 44, # 3 Exhibit 45, # 4 Exhibit 46, # 5 Exhibit 47, # 6 Exhibit 48, # 7 Exhibit 49, # 8 Exhibit 50, # 9 Exhibit 51, # 10 Exhibit 52, # 11 Exhibit 53, # 12 Exhibit 54, # 13 Exhibit 55, # 14 Exhibit 56, # 15 Exhibit 57, # 16 Exhibit 58, # 17 Exhibit 59, # 18 Exhibit 60, # 19 Exhibit 61, # 20 Exhibit 62, # 21 Exhibit 63, # 22 Exhibit 64, # 23 Exhibit 65, # 24 Exhibit 66, # 25 Exhibit 67)(Disher, Todd) (Entered: 08/03/2018) |
| 08/03/2018 | 285 | Unopposed MOTION for Leave to File Excess Pages by State of New Jersey, filed. Motion Docket Date 8/24/2018. (Attachments: # 1 Proposed Order)(Levine, Kenneth) (Entered: 08/03/2018) |
| 08/03/2018 | 286 | Opposed REPLY to Response to 5 MOTION for Preliminary Injunction, filed by State of New Jersey. (Attachments: # 1 Appendix)(Juzdan, Paul) (Entered: 08/03/2018) |
| 08/03/2018 | 287 | Opposed MOTION Motion to Deny or Defer Consideration of Summary Judgment by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/24/2018. (Attachments: # 1 Exhibit A - Declaration, # 2 |

| | | |
|---|---|---|
| | | Proposed Order)(Perales, Nina) (Entered: 08/03/2018) |
| 08/03/2018 | 288 | Supplemental RESPONSE in Opposition to 5 MOTION for Preliminary Injunction, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 08/04/2018) |
| 08/04/2018 | 289 | APPENDIX re: 288 Response in Opposition to Motion, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Volume 1, # 2 Volume 2, # 3 Volume 3, # 4 Volume 4, # 5 Volume 5)(Perales, Nina) (Entered: 08/04/2018) |
| 08/04/2018 | 290 | Supplemental APPENDIX re: 5 MOTION for Preliminary Injunction by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibit 68)(Disher, Todd) (Entered: 08/04/2018) |
| 08/04/2018 | 291 | Supplemental EXHIBITS by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez (Attachments: # 1 Exhibit 151, # 2 Exhibit 306)(Perales, Nina) (Entered: 08/04/2018) |
| 08/06/2018 | 292 | Unopposed MOTION to Withdraw by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/27/2018. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 08/06/2018) |
| 08/06/2018 | 293 | NOTICE of Filing by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Robins, Jeffrey) (Entered: 08/06/2018) |

| 08/06/2018 | 295 | Mail Returned Undeliverable as to attorney Mark H Lynch as to Proposed Amicus Kevin Johnson re: 178 Order on Motion to Appear Pro Hac Vice, filed. (dnoriega, 1) (Entered: 08/07/2018) |
|---|---|---|
| 08/06/2018 | 296 | Mail Returned Undeliverable as to attorney Mark H Lynch re: 181 Order on Motion to Appear Pro Hac Vice, filed. (jmarks, 2) (Entered: 08/07/2018) |
| 08/06/2018 | 297 | Mail Returned Undeliverable as to attorney Mark H Lynch as to Proposed Amicus Kevin Johnson re: 183 Order on Motion to Appear Pro Hac Vice, filed. (bmendoza, 5) (Entered: 08/07/2018) |
| 08/07/2018 | 294 | RESPONSE in Opposition to 287 Opposed MOTION Motion to Deny or Defer Consideration of Summary Judgment, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 08/07/2018) |
| 08/08/2018 | 298 | Mail Returned Undeliverable as to attorney Mark H Lynch as to Proposed Amicus Kevin Johnson re: 182 Order on Motion to Appear Pro Hac Vice, filed. (rguerrero, 4) (Entered: 08/08/2018) |
| 08/08/2018 | | Minute Entry for proceedings held before Judge Andrew S Hanen. Preliminary INJUNCTION HEARING held on 8/8/2018. The Court made an opening statement. The Court heard the opening statements of the parties, followed by argument of the parties. The Court ordered the parties to file further briefing not to exceed 5 pages by close of business 8/13/2018. Hearing concluded. Appearances: Todd Disher, Brantley Starr, Adam Biggs, Adam Bitter, Kyle Hawkins, Cristina Moreno, Trent Peroyea, Nina Perales, Rachel Apter, Ken Levine, Celina Moreno, Alejandra Avila, Emerson Siegle, Douglas Hallward-Driemeier, Carlos Garcia, Brett Shumate, Jeffrey Robins, Daniel Hu.(Court Reporter: K. Miller), filed.(rhawkins) (Entered: 08/08/2018) |
| 08/08/2018 | 299 | AO 435 TRANSCRIPT REQUEST by Daniel Hu for Transcript of Hearing on 8/08/18. 3-Day turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Hu, Daniel) (Entered: 08/08/2018) |
| 08/08/2018 | 300 | AO 435 TRANSCRIPT REQUEST by State of New Jersey/Katherine Anne Gregory for Transcript of Preliminary INJUNCTION HEARING held on 8/8/2018 before Judge Andrew S. Hanen. 3-Day turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Gregory, Katherine) (Entered: 08/08/2018) |
| 08/09/2018 | 301 | AO 435 TRANSCRIPT REQUEST by Texas, et al./Todd Lawrence Disher for Transcript of Preliminary Injunction Hearing on 08/08/18 before Judge Hanen. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Disher, Todd) (Entered: 08/09/2018) |

| 08/10/2018 | 302 | TRANSCRIPT re: Hearing held on August 8, 2018 before Judge Andrew S Hanen. Court Reporter/Transcriber Kathleen Miller. Ordering Party Daniel Hu Release of Transcript Restriction set for 11/8/2018., filed. (kmiller, ) (Entered: 08/10/2018) |
| --- | --- | --- |
| 08/13/2018 | 303 | Notice of Filing of Official Transcript as to 302 Transcript. Party notified, filed. (dnoriega, 1) (Entered: 08/13/2018) |
| 08/13/2018 | 304 | Mail Returned Undeliverable as to attorney Mark H Lynch re: 180 Order on Motion to Appear Pro Hac Vice, filed. (bmendoza, 5) (Entered: 08/13/2018) |
| 08/13/2018 | 305 | SUPPLEMENT by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed.(Robins, Jeffrey) (Entered: 08/13/2018) |
| 08/13/2018 | 306 | Supplemental BRIEF by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 08/13/2018) |
| 08/13/2018 | 307 | SUPPLEMENT by State of New Jersey, filed. (Attachments: # 1 Appendix)(Levine, Kenneth) (Entered: 08/13/2018) |
| 08/13/2018 | 308 | Supplemental RESPONSE in Opposition to 5 MOTION for Preliminary Injunction, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 08/13/2018) |
| 08/14/2018 | 309 | Amicus Curiae Brief by William F. Reade, Jr.(pro se), filed.(dbenavides, 1) (Entered: 08/14/2018) |
| 08/15/2018 | 310 | NOTICE of Filing by L. Francis Cissna, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit)(Robins, Jeffrey) (Entered: 08/15/2018) |
| 08/16/2018 | 311 | NOTICE of Filing by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Exhibit 1)(Perales, Nina) (Entered: 08/16/2018) |
| 08/16/2018 | 314 | Amicus BRIEF by Christine Timmons, filed.(jdav, 4) (Entered: 08/21/2018) |
| 08/17/2018 | 312 | RESPONSE to 311 Notice (Other), *Plaintiff States' Response to Defendant-Intervenors' Notice of Filing*, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of |

| | | | |
|---|---|---|---|
| | | | Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 08/17/2018) |
| 08/17/2018 | | 313 | NOTICE *of Filing* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Robins, Jeffrey) (Entered: 08/17/2018) |
| 08/27/2018 | | 315 | Mail Returned Undeliverable as to attorney Mark H Lynch as to Proposed Amicus Kevin Johnson re: 179 Order on Motion to Appear Pro Hac Vice, filed. (agarcia, 7) (Entered: 08/27/2018) |
| 08/30/2018 | | 321 | Letter from Christine Timmon, filed. (SamanthaWarda, 4) (Entered: 08/31/2018) |
| 08/31/2018 | | 316 | ORDER. The Court GRANTS the Unopposed Motion to Withdraw Exhibit 76 and ORDERS the Clerk's Office to withdraw Defendant-Intervenors' Exhibit 76, filed under Dkt. 225-3 at 183-204, from the record.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/31/2018) |
| 08/31/2018 | | 317 | ORDER GRANTING Plaintiff States' Motion to Exclude Testimony from Untimely Designated Witnesses. Exhibits 12, 15, 26-51, 59 and 60 on Defendant-Intervenors exhibit list (see ECF No. 90) are EXCLUDED.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/31/2018) |
| 08/31/2018 | | 318 | ORDER GRANTING Defendant-Intervenors' Cross Motion to Exclude Plaintiffs' Evidence of Non-Disclosed Witnesses. Plaintiffs' declarations of undisclosed witnesses, found at Dkt. 6 at 332-36, 335-403, 414-21, 474-91, are EXCLUDED from the evidence in this case.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/31/2018) |
| 08/31/2018 | | 319 | MEMORANDUM OPINION AND ORDER. The Court DENIES the request for preliminary injunctive relief.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/31/2018) |
| 08/31/2018 | | 320 | INTERLOCUTORY APPEAL ORDER (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/31/2018) |
| 08/31/2018 | | | (Court only) ***Motion terminated: 5 MOTION for Preliminary Injunction per 319 Memorandum Opinion and Order entered this date. (rhawkins) (Entered: 08/31/2018) |
| 09/04/2018 | | 322 | Letter from Christine Timmon re: immigration, filed. (dwilkerson, 3) (Entered: 09/06/2018) |
| 09/05/2018 | | 323 | EMERGENCY MOTION to Intervene to Settle the Courts Underlying Order, MOTION to Compel that Invervenor's "DACA Solution Underwriting" be Submitted to President Trump for Urgent Review/Execution, with Brief in Support( Motion Docket Date 9/26/2018.) by Stephen P Wallace, filed. |

| | | |
|---|---|---|
| | | (dperez, 3) (Entered: 09/06/2018) |
| 09/12/2018 | 324 | MOTION to Lift Stay by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 10/3/2018. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 09/12/2018) |
| 09/14/2018 | 325 | Second EMERGENCY MOTION to Intervene by Stephen P Wallace, filed. Motion Docket Date 10/5/2018. (SamanthaWarda, 4) (Entered: 09/14/2018) |
| 09/17/2018 | 326 | RESPONSE in Opposition to 324 MOTION to Lift Stay, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 09/17/2018) |
| 09/17/2018 | 327 | RESPONSE to 324 MOTION to Lift Stay , filed by State of New Jersey. (Attachments: # 1 Exhibit A (email))(Levine, Kenneth) (Entered: 09/17/2018) |
| 09/18/2018 | 328 | Letter, filed. (mmarquez, 5) (Entered: 09/21/2018) |
| 09/26/2018 | 329 | RESPONSE in Opposition to 325 EMERGENCY MOTION, 323 MOTION to Intervene MOTION to Compel that Invervenor's "DACA Solution Underwriting" be Submitted to President Trump for Urgent Review/Execution, with Brief in Support, filed by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 09/26/2018) |
| 09/28/2018 | 330 | MOTION for Glenn Moramarco to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 10/19/2018. (Levine, Kenneth) (Additional attachment(s) added on 10/1/2018: # 1 Attorney Verification) (scastillo, 1). (Entered: 09/28/2018) |
| 10/01/2018 | | (Court only) ***Attorney Glenn J Moramarco for State of New Jersey, added. (jdav, 4) (Entered: 10/01/2018) |
| 10/01/2018 | 331 | ORDER granting 330 Motion for Glenn J. Moramarco to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 10/01/2018) |
| 10/01/2018 | 332 | ANSWER to 104 Amended Complaint/Counterclaim/Crossclaim etc., by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed.(Robins, Jeffrey) (Entered: 10/01/2018) |

| 10/10/2018 | 333 | NOTICE of Setting. Parties notified. Initial Conference set for 11/14/2018 at 10:00 AM in Courtroom 704 before Magistrate Judge Frances H Stacy, filed. (bwhite, 4) (Entered: 10/10/2018) |
|---|---|---|
| 10/22/2018 | 334 | Opposed MOTION to Strike 332 Answer to Amended Complaint by State of New Jersey, filed. Motion Docket Date 11/13/2018. (Attachments: # 1 Appendix Unreported Cases, # 2 Proposed Order)(Levine, Kenneth) (Entered: 10/22/2018) |
| 10/31/2018 | 335 | JOINT DISCOVERY/CASE MANAGEMENT PLAN by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 10/31/2018) |
| 11/13/2018 | 336 | RESPONSE in Opposition to 334 Opposed MOTION to Strike 332 Answer to Amended Complaint , filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Appendix)(Robins, Jeffrey) (Entered: 11/13/2018) |
| 11/14/2018 | 337 | Minute Entry for proceedings held before Magistrate Judge Frances H Stacy. SCHEDULING CONFERENCE held on 11/14/2018. Scheduling/ Docket Control Order issued. All pending motions will be ripe by Thanksgiving. Appearances:Raishay Lin, John Paul Salmon, Alejandra Avila, Douglas H Hallward-Driemeier, Nina Perales, Todd Lawrence Disher, Adam Arthur Biggs, Adam Nicholas Bitter, Glenn J Moramarco, Kenneth S Levine.(Digital # 10:14-10:28)(ERO:P. Yebernetsky), filed.(gclair, 4) (Entered: 11/14/2018) |
| 11/14/2018 | | ***Set/Reset Scheduling Order and Trial Settings: Amended Pleadings and Joinder of Parties due by 1/15/2019. Pltf Expert Report due by 2/28/2019. Deft Expert Report due by 4/30/2019. Deft Intervenors Expert Report due by 6/30/2019. Discovery due by 8/21/2019. Dispositive and Non-Dispositive Motion Filing due by 11/14/2019. Joint Pretrial Order due by 5/5/2020. Docket Call set for 5/15/2020 at 01:30 PM before Judge Andrew S Hanen. Trial is set for the two weeks starting 5/18/2020. (gclair, 4) (Entered: 11/14/2018) |
| 11/15/2018 | 338 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Scheduling Conference, 11/14/18, Magistrate Judge Frances Stacy. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Digital Scroll Transcription Services, filed. (Perales, Nina) Electronically forwarded to JTT (Digital Scroll not accepting orders at this time). Estimated completion date is November 23.Modified on 11/16/2018 (JenniferOlson, 4). (Entered: 11/15/2018) |
| 11/21/2018 | 339 | REPLY in Support of 334 Opposed MOTION to Strike 332 Answer to Amended Complaint , filed by State of New Jersey. (Attachments: # 1 Exhibit A (email chain), # 2 Appendix unpublished cases)(Levine, Kenneth) (Entered: 11/21/2018) |

| | | |
|---|---|---|
| 11/26/2018 | 340 | TRANSCRIPT re: Initial Conference held on November 14, 2018 before Magistrate Judge Frances H Stacy. Court Reporter/Transcriber Judicial Transcribers of Texas, LLC. Ordering Party Nina Perales Release of Transcript Restriction set for 2/25/2019., filed. (mahenry, ) (Entered: 11/26/2018) |
| 11/27/2018 | 341 | Notice of Filing of Official Transcript as to 340 Transcript,. Party notified, filed. (dnoriega, 1) (Entered: 11/27/2018) |
| 11/28/2018 | 342 | ORDER denying as moot 287 Opposed MOTION Motion to Deny or Defer Consideration of Summary Judgment, 281 Unopposed MOTION for Leave to File Excess Pages, 109 Cross MOTION to Exclude Plaintiffs' Evidence of Non-Disclosed Witnesses, 39 MOTION to Intervene, 87 EMERGENCY MOTION MOTION to Quash Deposition Notices and Subpoenas, 86 Opposed MOTION for Discovery, 292 Unopposed MOTION to Withdraw, 65 Opposed MOTION for Discovery, 212 Unopposed MOTION for Leave to File Amici Curiae Brief, 280 MOTION for Leave to File Excess Pages, 80 Supplemental MOTION for Discovery, 118 MOTION to Dismiss *with Prejudice for Lack of Subject Matter Jurisdiction*, 36 MOTION for Scheduling Order, 285 Unopposed MOTION for Leave to File Excess Pages, 105 Opposed MOTION to Exclude Testimony from Untimely Designated Witnesses, 272 Opposed MOTION for Extension of Time Respond to Plaintiffs' Amended Complaint (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins, 4) (Entered: 11/28/2018) |
| 11/30/2018 | 343 | ORDER denying 323 Motion to Intervene; denying 323 Motion to Compel; denying as moot 324 Motion to Lift Stay; denying 325 Motion for Emergency.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/30/2018) |
| 12/03/2018 | 344 | Unopposed MOTION for Adam N. Bitter to Withdraw as Attorney by Phil Bryant, Paul R. LePage, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 12/24/2018. (Attachments: # 1 Proposed Order)(Bitter, Adam) (Entered: 12/03/2018) |
| 12/05/2018 | 345 | MOTION for Celina Moreno to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 12/26/2018. (Attachments: # 1 Proposed Order)(Salmon, John) (Entered: 12/05/2018) |
| 01/07/2019 | 346 | ORDER granting 344 Motion to Withdraw as Attorney. Attorney Adam Nicholas Bitter terminated..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 01/07/2019) |
| 01/07/2019 | 347 | |

| | | |
|---|---|---|
| | | ORDER granting 345 Motion to Withdraw as Attorney. Attorney Celina Ysela Moreno terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 01/08/2019) |
| 01/09/2019 | 348 | ORDER granting in part and denying in part 334 Motion to Strike. Federal Defendants are ordered to replead their answer by February 15, 2019..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 01/09/2019) |
| 01/11/2019 | 349 | Opposed MOTION to Postpone All Deadlines in Rule 16 Scheduling Order by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 2/1/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Proposed Order)(Avila, Alejandra) (Entered: 01/11/2019) |
| 01/22/2019 | 350 | NOTICE of Appearance by Michael Toth on behalf of Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Toth, Michael) (Entered: 01/22/2019) |
| 01/22/2019 | 351 | Joint RESPONSE in Opposition to 349 Opposed MOTION to Postpone All Deadlines in Rule 16 Scheduling Order, filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 01/22/2019) |
| 01/25/2019 | 352 | Unopposed MOTION to Dismiss *Janet Mills, Governor of Maine* by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 2/15/2019. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 01/25/2019) |
| 01/29/2019 | 353 | Opposed MOTION for Extension of Time Replead Answer by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 2/19/2019. (Attachments: # 1 Proposed Order)(Robins, Jeffrey) (Entered: 01/29/2019) |
| 02/01/2019 | 354 | RESPONSE in Opposition to 349 Opposed MOTION to Postpone All Deadlines in Rule 16 Scheduling Order, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 02/01/2019) |
| 02/04/2019 | 355 | |

| | | |
|---|---|---|
| | | Unopposed MOTION for Leave to File Excess Pages by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 2/25/2019. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 02/04/2019) |
| 02/04/2019 | 356 | MOTION for Summary Judgment by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 2/25/2019. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 02/04/2019) |
| 02/04/2019 | 357 | BRIEF in Support re: 356 MOTION for Summary Judgment by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 02/04/2019) |
| 02/04/2019 | 358 | APPENDIX re: 356 MOTION for Summary Judgment by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33)(Disher, Todd) (Entered: 02/04/2019) |
| 02/05/2019 | 359 | MOTION for James J Walker to Appear Pro Hac Vice, filed. Motion Docket Date 2/26/2019. (ccassady, 4) (Additional attachment(s) added on 2/6/2019: # 1 Atty License Verification) (rnieto, 1). (Entered: 02/05/2019) |
| 02/06/2019 | 360 | ORDER granting 352 Motion to Dismiss Janet Mills, Governor of Main; granting 353 Motion for Extension of Time. Federal Defendants' have until March 6, 2019 to replead their answer..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/06/2019) |
| 02/07/2019 | 361 | ORDER granting 355 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/08/2019) |
| 02/11/2019 | | (Court only) ***Attorney James Joseph Walker for Carla L. Provost, James Joseph Walker for United States of America, James Joseph Walker for United States of America, added. (jdav, 4) (Entered: 02/11/2019) |
| 02/11/2019 | 362 | |

| | | | |
|---|---|---|---|
| | | | REPLY in Support of 349 Opposed MOTION to Postpone All Deadlines in Rule 16 Scheduling Order, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit A)(Avila, Alejandra) (Entered: 02/11/2019) |
| 02/14/2019 | | 363 | Opposed MOTION to Deny or Defer Consideration of Summary Judgment, or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 3/7/2019. (Attachments: # 1 Exhibit A, # 2 Proposed Order)(Perales, Nina) (Entered: 02/14/2019) |
| 02/20/2019 | | 364 | Unopposed MOTION for Leave to File Amicus Brief in Support of Pls Mot Summ J by U.S. Rep. Steve King, filed. Motion Docket Date 3/13/2019. (Attachments: # 1 Exhibit Proffered Amicus Brief, # 2 Proposed Order Proposed Order)(Joseph, Lawrence) (Entered: 02/20/2019) |
| 02/22/2019 | | 365 | ORDER granting 359 Motion for James J. Walker to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/22/2019) |
| 02/25/2019 | | 366 | RESPONSE to 356 MOTION for Summary Judgment filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 02/25/2019) |
| 02/26/2019 | | 368 | ORDER granting 364 Motion for Leave to File a memorandum of law as amici curiae in support of Plaintiffs' Motion for Summary Judgment..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/27/2019) |
| 02/27/2019 | | 367 | ORDER granting 349 Opposed motion to postpone all deadlines for 19 days..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/27/2019) |
| 02/27/2019 | | 369 | MEMORANDUM Of Law In Support re: 357 Brief in support re: entry # 356 Motion for Summary Judgment by U.S. Rep. Steve King, filed.(jdav, 4) (Entered: 02/27/2019) |
| 03/06/2019 | | 370 | AMENDED ANSWER to 104 Amended Complaint/Counterclaim/Crossclaim etc., by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Robins, Jeffrey) (Entered: 03/06/2019) |

| 03/07/2019 | 371 | REPLY in Support of 356 MOTION for Summary Judgment , filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 03/07/2019) |
| --- | --- | --- |
| 03/07/2019 | 372 | RESPONSE in Opposition to 363 Opposed MOTION to Deny or Defer Consideration of Summary Judgment, or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond, filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 03/07/2019) |
| 03/07/2019 | 373 | RESPONSE in Opposition to 363 Opposed MOTION to Deny or Defer Consideration of Summary Judgment, or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 03/07/2019) |
| 03/18/2019 | 374 | REPLY in Support of 363 Opposed MOTION to Deny or Defer Consideration of Summary Judgment, or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit 1)(Salmon, John) (Entered: 03/18/2019) |
| 04/05/2019 | 375 | MOTION for Jack Salmon to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 4/26/2019. (Attachments: # 1 Proposed Order)(Salmon, John) (Entered: 04/05/2019) |
| 04/12/2019 | 376 | MOTION for Brett A. Shumate to Withdraw as Attorney by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 5/3/2019. (Attachments: # 1 Proposed Order)(Robins, Jeffrey) (Entered: 04/12/2019) |
| 04/26/2019 | 377 | ORDER granting 375 Motion to Withdraw as Attorney. Attorney John Paul Salmon and Brett A Shumate terminated; granting 376 Motion to Withdraw as Attorney. Attorney John Paul Salmon and Brett A Shumate terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 04/26/2019) |

| | | |
|---|---|---|
| 05/01/2019 | 378 | ORDER Setting Hearing on Motion 356 MOTION for Summary Judgment : Motion Hearing set for 7/8/2019 at 10:00 AM in Courtroom 9C before Judge Andrew S Hanen. Those who wish to respond to the Motion for Summary Judgment must do so by June 14, 2019, the Plaintiff-States replies due by June 28, 2019. (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 05/02/2019) |
| 05/01/2019 | 379 | Mail Returned Undeliverable as to attorney James Joseph Walker re: 367 Order on Motion for Miscellaneous Relief, filed. (mmarquez, 5) (Entered: 05/02/2019) |
| 05/02/2019 | 380 | Mail Returned Undeliverable as to attorney James Joseph Walker as to Defendants re: 368 Order on Motion for Leave to File, filed. (mmarquez, 5) (Entered: 05/02/2019) |
| 05/13/2019 | 381 | MOTION for James J. Walker to Appear Pro Hac Vice by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 6/3/2019. (Walker, James) (Additional attachment(s) added on 5/14/2019: # 1 Verified Motion) (dnoriega, 1). (Entered: 05/13/2019) |
| 05/14/2019 | 382 | MOTION for Priscilla Orta to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/4/2019. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 05/14/2019) |
| 05/14/2019 | 383 | MOTION to Compel Discovery from Plaintiff State of Texas and to Dismiss all Other Plaintiff States by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/4/2019. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Exhibit 16, # 18 Exhibit 17, # 19 Exhibit 18, # 20 Exhibit 19, # 21 Proposed Order)(Avila, Alejandra) (Entered: 05/14/2019) |
| 05/15/2019 | 384 | MOTION for Zachary Kolodin to Withdraw as Attorney by Proposed Amici Religious Organizations, filed. Motion Docket Date 6/5/2019. (Mangi, Adeel) (Entered: 05/15/2019) |
| 05/17/2019 | 385 | ORDER. Plaintiffs are ordered to respond to 383 Motion to Compel by May 29, 2019. (Signed by Judge Andrew S Hanen) Parties notified. (LaurenWebster, 4) (Entered: 05/17/2019) |

| 05/17/2019 | 386 | MOTION to Compel Discovery from Federal Defendants by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/7/2019. (Attachments: # 1 Appendix, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13, # 15 Exhibit 14, # 16 Exhibit 15, # 17 Proposed Order)(Avila, Alejandra) (Entered: 05/17/2019) |
| --- | --- | --- |
| 05/29/2019 | 387 | RESPONSE to 383 MOTION to Compel Discovery from Plaintiff State of Texas and to Dismiss all Other Plaintiff States filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Proposed Order)(Disher, Todd) (Entered: 05/29/2019) |
| 06/04/2019 | 388 | ORDER granting 381 Motion for James J. Walker to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 06/04/2019) |
| 06/04/2019 | 389 | ORDER granting 382 Motion to Withdraw as Attorney. Attorney Zachary Kolodin and Priscilla Orta terminated; granting 384 Motion to Withdraw as Attorney. Attorney Zachary Kolodin and Priscilla Orta terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 06/05/2019) |
| 06/05/2019 | 390 | MOTION to Strike *Plaintiffs' Experts* by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 6/26/2019. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Proposed Order)(Avila, Alejandra) (Entered: 06/05/2019) |
| 06/07/2019 | 391 | REPLY in Support of 383 MOTION to Compel Discovery from Plaintiff State of Texas and to Dismiss all Other Plaintiff States, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Avila, Alejandra) (Entered: 06/07/2019) |
| 06/07/2019 | 392 | |

| | | |
|---|---|---|
| | | RESPONSE in Opposition to 386 MOTION to Compel Discovery from Federal Defendants, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Exhibit Renaud Declaration, # 2 Exhibit Monica Declaration, # 3 Exhibit Hoefer Declaration, # 4 Exhibit Bellisime Declaration)(Robins, Jeffrey) (Entered: 06/07/2019) |
| 06/07/2019 | 393 | Opposed MOTION for Protective Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 6/28/2019. (Robins, Jeffrey) (Entered: 06/08/2019) |
| 06/10/2019 | 394 | NOTICE of Errata re: 392 Response in Opposition to Motion, by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Appendix)(Robins, Jeffrey) (Entered: 06/10/2019) |
| 06/10/2019 | 395 | NOTICE of Errata re: 393 Opposed MOTION for Protective Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Appendix)(Robins, Jeffrey) (Entered: 06/10/2019) |
| 06/14/2019 | 396 | Unopposed MOTION for Leave to File Excess Pages by State of New Jersey, filed. (Levine, Kenneth) (Entered: 06/14/2019) |
| 06/14/2019 | 397 | RESPONSE in Opposition to 356 MOTION for Summary Judgment , filed by State of New Jersey. (Attachments: # 1 Appendix)(Levine, Kenneth) (Entered: 06/14/2019) |
| 06/14/2019 | 398 | Unopposed MOTION for Leave to File Excess Pages by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Avila, Alejandra) (Entered: 06/14/2019) |
| 06/14/2019 | 399 | RESPONSE in Opposition to 356 MOTION for Summary Judgment , filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Avila, Alejandra) (Entered: 06/14/2019) |
| 06/15/2019 | 400 | APPENDIX re: 399 Response in Opposition to Motion, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios |

| | | | |
|---|---|---|---|
| | | | Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Exhibit 1-6, # 2 Exhibit 7-12, # 3 Exhibit 13-18, # 4 Exhibit 19-29, # 5 Exhibit 30-34, # 6 Exhibit 35, # 7 Exhibit 36-48, # 8 Exhibit 49-61, # 9 Exhibit 62)(Avila, Alejandra) (Entered: 06/15/2019) |
| 06/17/2019 | | 401 | REPLY in Support of 386 MOTION to Compel Discovery from Federal Defendants, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Avila, Alejandra) (Entered: 06/17/2019) |
| 06/18/2019 | | 402 | NOTICE OF ERRATA re: 399 Response in Opposition to Motion, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # 1 Exhibit 62-J)(Perales, Nina) (Entered: 06/18/2019) |
| 06/18/2019 | | 403 | Notice of Telephone Hearing set for 6/20/2019 at 01:30 PM before Judge Andrew S Hanen. (Signed by Judge Andrew S Hanen) Parties notified.(EdnitaPonce, 1) (Entered: 06/18/2019) |
| 06/18/2019 | | 404 | NOTICE of Setting. Parties notified. Telephone Conference set for 6/20/2019 at 01:30 PM before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 06/18/2019) |
| 06/19/2019 | | | (Court only) ***Deadlines terminated. (rhawkins) (Entered: 06/19/2019) |
| 06/19/2019 | | 405 | NOTICE of Setting. Parties notified. Miscellaneous Hearing set for 6/24/2019 at 01:30 PM in Courtroom 9C before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 06/19/2019) |
| 06/20/2019 | | 406 | NOTICE of Appearance by Ryan L. Bangert on behalf of Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Bangert, Ryan) (Entered: 06/20/2019) |
| 06/21/2019 | | 407 | ADVISORY by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed.(Perales, Nina) (Entered: |

| | | |
|---|---|---|
| | | 06/21/2019) |
| 06/21/2019 | 408 | RESPONSE in Opposition to 393 Opposed MOTION for Protective Order, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Avila, Alejandra) (Entered: 06/21/2019) |
| 06/21/2019 | | (Court only) *** Attorney Mary Kelly Persyn terminated. (rhawkins) (Entered: 06/24/2019) |
| 06/24/2019 | 409 | ORDER granting 396 Motion for Leave to File Excess Pages; granting 398 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 06/24/2019) |
| 06/24/2019 | | Minute Entry for proceedings held before Judge Andrew S Hanen. MOTION HEARING held on 6/24/2019. The Court held discussions with counsel off the record after which rulings regarding discovery issues were made as indicated on the record. The Court will cancel the hearing on the motion for summary judgment and reset it to 10/28/2019 at 10:00 a.m. Notice to follow. Appearances: Alejandra Avila, Nina Perales, Ryan L Bangert, Todd Lawrence Disher, Philip Trent Peroyea, Jeffrey S Robins, Daniel David Hu, Glenn J Moramarco.(Court Reporter: F. Warner), filed.(rhawkins) (Entered: 06/24/2019) |
| 06/24/2019 | 410 | NOTICE of Resetting. Parties notified. Motion Hearing set for 10/28/2019 at 10:00 AM in Courtroom 9C before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 06/24/2019) |
| 06/26/2019 | 411 | RESPONSE to 390 MOTION to Strike *Plaintiffs' Experts* , filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Disher, Todd) (Entered: 06/26/2019) |
| 06/26/2019 | 412 | ORDER, denying without prejudice 393 Opposed MOTION for Protective Order, denying without prejudice 363 Opposed MOTION to Deny or Defer Consideration of Summary Judgment, or in the Alternative to Grant Defendant-Intervenors an Extension of Time to Respond, denying without prejudice 383 MOTION to Compel Discovery from Plaintiff State of Texas and to Dismiss all Other Plaintiff States, denying without prejudice 386 MOTION to Compel Discovery from Federal Defendants ; The hearing on Plaintiff-States' 356 MOTION for Summary Judgment previously scheduled for July 8, 2019 at 10:00 AM is RE-SET, for 10/28/2019 at 10:00 AM in Courtroom 9C before Judge Andrew S Hanen) (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 06/27/2019) |

| 06/28/2019 | 413 | REPLY in Support of 356 MOTION for Summary Judgment , filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 06/28/2019) |
| --- | --- | --- |
| 07/01/2019 | 414 | AO 435 TRANSCRIPT REQUEST by Jeffrey Robins for Transcript of Motion Hearing on 6/24/2019 before Judge Andrew S. Hannen. 3-Day turnaround requested. Court Reporter/Transcriber: Fred Warner, filed. (Hu, Daniel) (Entered: 07/01/2019) |
| 07/08/2019 | 415 | REPLY in Support of 390 MOTION to Strike *Plaintiffs' Experts*, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Avila, Alejandra) (Entered: 07/08/2019) |
| 07/18/2019 | 416 | Joint MOTION to Modify June 24 Order as to Federal Defendants by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 8/8/2019. (Attachments: # 1 Proposed Order)(Robins, Jeffrey) (Entered: 07/18/2019) |
| 07/18/2019 | 417 | LETTER OF AGREEMENT re: Modification of Scheduling Deadlines by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 07/18/2019) |
| 07/26/2019 | 418 | Unopposed MOTION for Alejandra Avila to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, filed. Motion Docket Date 8/16/2019. (Avila, Alejandra) (Entered: 07/26/2019) |
| 07/31/2019 | 419 | Unopposed MOTION for Brantley Starr to Withdraw as Attorney by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 8/21/2019. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 07/31/2019) |
| 08/02/2019 | 420 | Second MOTION to Compel Discovery from Federal Defendants by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla |

| | | |
|---|---|---|
| | | Perez, Luis A Rafael, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 8/23/2019. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Perales, Nina) (Entered: 08/02/2019) |
| 08/02/2019 | 421 | ORDER granting 416 Joint MOTION to Modify June 24 Order as to Federal Defendants, granting 418 Unopposed MOTION for Alejandra Avila to Withdraw as Attorney,granting 419 Unopposed MOTION for Brantley Starr to Withdraw as Attorney. (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/05/2019) |
| 08/02/2019 | | (Court only) *** Attorney Alejandra Avila and Brantley Starr terminated. (jdav, 4) (Entered: 08/05/2019) |
| 08/15/2019 | 422 | MOTION for Ramon A. Soto to Appear Pro Hac Vice by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 9/5/2019. (Perales, Nina) (Additional attachment(s) added on 8/16/2019: # 1 verified status) (dbenavides, 1). (Entered: 08/15/2019) |
| 08/15/2019 | 423 | Unopposed MOTION for Katherine Gregory and Paul Juzdan to Withdraw as Attorney by State of New Jersey, filed. Motion Docket Date 9/5/2019. (Attachments: # 1 Proposed Order)(Levine, Kenneth) (Entered: 08/15/2019) |
| 08/22/2019 | 424 | NOTICE *Withdrawing Perez Defendant-Intervenors' Second Motion to Compel Discovery (Doc. 420)* re: 420 Second MOTION to Compel Discovery from Federal Defendants by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Perales, Nina) (Entered: 08/22/2019) |
| 08/22/2019 | | (Court only) ***Motion(s) terminated: 420 Second MOTION to Compel Discovery from Federal Defendants per 424 notice withdrawing motion. (rhawkins) (Entered: 10/10/2019) |
| 08/25/2019 | 425 | ORDER granting 423 Motion to Withdraw as Attorney. Attorney Katherine Anne Gregory and Paul H. Juzdan terminated..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/26/2019) |
| 08/25/2019 | 426 | ORDER granting 422 Motion for Ramon A. Soto to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/26/2019) |
| 08/28/2019 | 427 | |

| | | |
|---|---|---|
| | | Opposed MOTION to Stay by State of New Jersey, filed. Motion Docket Date 9/18/2019. (Attachments: # 1 Proposed Order, # 2 Appendix)(Levine, Kenneth) (Entered: 08/28/2019) |
| 09/18/2019 | 428 | RESPONSE in Opposition to 427 Opposed MOTION to Stay , filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 09/18/2019) |
| 09/23/2019 | 429 | Opposed MOTION for Discovery by Nancy Adossi, Carlos Aguilar Gonzalez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 10/15/2019. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Proposed Order)(Perales, Nina) (Entered: 09/23/2019) |
| 09/26/2019 | 430 | REPLY in Support of 427 Opposed MOTION to Stay , filed by State of New Jersey. (Levine, Kenneth) (Entered: 09/26/2019) |
| 09/26/2019 | 431 | NOTICE of Setting as to 429 Opposed MOTION for Discovery, 427 Opposed MOTION to Stay . Parties notified. Motion Hearing set for 10/8/2019 at 01:30 PM in Courtroom 9C before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 09/26/2019) |
| 10/01/2019 | 432 | MOTION for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019 by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 10/22/2019. (Attachments: # 1 Affidavit of Nina Perales, # 2 Proposed Order)(Perales, Nina) (Entered: 10/01/2019) |
| 10/07/2019 | 433 | RESPONSE to 429 Opposed MOTION for Discovery filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Proposed Order)(Disher, Todd) (Entered: 10/07/2019) |
| 10/07/2019 | 434 | REPLY in Support of 429 Opposed MOTION for Discovery, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, |

| | | |
|---|---|---|
| | | Darwin Velasquez. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Perales, Nina) (Entered: 10/07/2019) |
| 10/08/2019 | | Minute Entry for proceedings held before Judge Andrew S Hanen. MOTION HEARING held on 10/8/2019. The Court heard argument on 427 Motion to Stay and 429 Motion for Discovery. The Court denies as moot 429 Motion for Discovery. The Court further cancelled the motion hearing set for 10/28/2019 and will enter an order for further briefing. Appearances: Ramon A Soto, Nina Perales, Todd Lawrence Disher, Adam Arthur Biggs, Philip Trent Peroyea, Daniel David Hu, Glenn J Moramarco.(Court Reporter: J. Sanchez), filed.(rhawkins) (Entered: 10/08/2019) |
| 10/08/2019 | 435 | ORDER denying as moot 429 Motion for Discovery. The parties are instructed to submit briefing to the Court by October 28, 2019 on the issue of whether the Court may consider evidence outside of the administrative record in its ruling on Plaintiffs' Motion for Summary Judgment (DE 356 ). (Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 10/08/2019) |
| 10/09/2019 | 436 | AO 435 TRANSCRIPT REQUEST by Daniel D. Hu for Transcript of Motion to Stay Hearing 427 10/8/2019 Judge Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Johnny Sanchez, filed. (Hu, Daniel) (Entered: 10/09/2019) |
| 10/09/2019 | 437 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Motion to Stay & Motion for Discovery, October 8, 2019, Judge Andrew Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Johnny Sanchez, filed. (Perales, Nina) (Entered: 10/09/2019) |
| 10/09/2019 | 438 | AO 435 TRANSCRIPT REQUEST by Todd Lawrence Disher for Transcript of Motion to Stay & Motion for Discovery Hearing; October 8, 2019; Judge Andrew Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Johnny Sanchez, filed. (Disher, Todd) (Entered: 10/09/2019) |
| 10/22/2019 | 439 | RESPONSE to 432 MOTION for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019 , filed by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A)(Disher, Todd) (Entered: 10/22/2019) |
| 10/28/2019 | 440 | Supplemental BRIEF *Regarding the Administrative Record* re: 435 Order on Motion for Discovery, by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, |

| | | |
|---|---|---|
| | | filed. (Attachments: # 1 Appendix)(Perales, Nina) (Entered: 10/28/2019) |
| 10/28/2019 | 441 | BRIEF *Regarding the Scope of the Court's Review* re: 435 Order on Motion for Discovery, by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Disher, Todd) (Entered: 10/28/2019) |
| 10/28/2019 | 442 | BRIEF re: 435 Order on Motion for Discovery, by State of New Jersey, filed.(Levine, Kenneth) (Entered: 10/28/2019) |
| 10/28/2019 | 443 | RESPONSE to 435 Order on Motion for Discovery, , filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Robins, Jeffrey) (Entered: 10/28/2019) |
| 11/01/2019 | 444 | REPLY in Support of 432 MOTION for Leave to File Supplemental Briefing and to Continue Hearing Set for October 28, 2019, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 11/01/2019) |
| 11/05/2019 | 445 | TRANSCRIPT re: Motion Hearing held on October 8, 2019 before Judge Andrew S Hanen. Court Reporter J. Sanchez. Ordering Party Daniel Hu Release of Transcript Restriction set for 2/3/2020., filed. (jsanchez, ) (Entered: 11/05/2019) |
| 11/06/2019 | 446 | Notice of Filing of Official Transcript as to 445 Transcript. Party notified, filed. (scastillo, 1) (Entered: 11/06/2019) |
| 11/22/2019 | 447 | ORDER granting 427 Motion to Stay.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 11/22/2019) |
| 11/22/2019 | 448 | ORDER granting 432 Motion for Leave to File Supplemental Briefing, denying as moot motion to continue hearing set for October 28, 2019. Deadline to file supplemental briefing to be set when a new docket control order is entered..(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 11/22/2019) |
| 02/11/2020 | 449 | Unopposed MOTION for Denise Hulett to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 3/3/2020. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 02/11/2020) |

| 02/13/2020 | 450 | ORDER granting 449 Motion to Withdraw as Attorney. Attorney Denise Hulett terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jguajardo, 4) (Entered: 02/13/2020) |
|---|---|---|
| 02/13/2020 | 451 | Unopposed MOTION for Todd Lawrence Disher to Withdraw as Attorney by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 3/5/2020. (Attachments: # 1 Proposed Order)(Bangert, Ryan) (Entered: 02/13/2020) |
| 02/14/2020 | 452 | ORDER denying 390 Motion to Strike without prejudice. (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 02/14/2020) |
| 02/25/2020 | 453 | ORDER granting 451 Motion to Withdraw as Attorney. Attorney Todd Lawrence Disher terminated, Ryan L. Bangert added as Attorney in Charge for Plaintiff States..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/25/2020) |
| 02/28/2020 | 454 | MOTION for Karen Lin to Withdraw as Attorney by Proposed Amici Companies and Associations, filed. Motion Docket Date 3/20/2020. (Attachments: # 1 Proposed Order)(Ranlett, Kevin) (Entered: 02/28/2020) |
| 02/28/2020 | 455 | NOTICE *OF WITHDRAWAL OF COUNSEL Re: Jennifer B. Sokoler* by Brown University, California Institute of Technology, Columbia University, Cornell University, Dartmouth College, Duke University, Emory University, George Washington University, Georgetown University, Harvard University, Massachusetts Institute of Technology, Princeton University, Stanford University, University of Chicago, University of Pennsylvania, Vanderbilt University, Washington University in St. Louis, Yale University, filed. (Yagura, Ryan) (Entered: 02/28/2020) |
| 03/06/2020 | 456 | ORDER granting 454 Motion to Withdraw as Attorney. Attorney Karen W Lin terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/06/2020) |
| 03/16/2020 | 457 | MOTION for Michael N. Fresco to Withdraw as Attorney by Proposed Amici Religious Organizations, filed. Motion Docket Date 4/6/2020. (Mangi, Adeel) (Entered: 03/16/2020) |
| 05/01/2020 | 458 | Unopposed MOTION for Glenn J. Moramarco to Withdraw as Attorney by State of New Jersey, filed. Motion Docket Date 5/22/2020. (Attachments: # 1 Proposed Order)(Levine, Kenneth) (Entered: 05/01/2020) |
| 05/29/2020 | 459 | ORDER granting 458 Motion to Withdraw as Attorney. Attorney Glenn J Moramarco terminated. Jeremy E. Hollander is designated as Attorney in Charge for New Jersey in this case..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 06/01/2020) |
| 05/29/2020 | 460 | |

| | | |
|---|---|---|
| | | ORDER granting 457 Motion to Withdraw as Attorney. Attorney Michael N Fresco terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 06/01/2020) |
| 06/18/2020 | 461 | ORDER. Pursuant to this Court's stay order (DE 447 ), parties are to file a joint status report and an agreed schedule by July 24, 2020 given the Supreme Court's ruling today in *Dep't of Homeland Sec. v. Regents of Univ. of Cal.* (Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 06/18/2020) |
| 06/18/2020 | 462 | NOTICE of Appearance by Todd Lawrence Disher on behalf of State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Disher, Todd) (Entered: 06/18/2020) |
| 07/24/2020 | 463 | STATUS REPORT by Phil Bryant, State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Disher, Todd) (Entered: 07/24/2020) |
| 07/24/2020 | 464 | MOTION to Substitute Party State of Mississippi in place of Phil Bryant by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, State of Mississippi, filed. Motion Docket Date 8/14/2020. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 07/24/2020) |
| 07/27/2020 | 465 | Affirmation in Support of MOTION to Intervene Under FRcvP Rule 24 by the Trustees of the Ad Hoc New Yorker Republican Committee by Christopher Earl Strunk, filed. Motion Docket Date 8/17/2020. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Cover Letter)(JenniferLongoria, 1) (Additional attachment(s) added on 7/27/2020: # 9 Unredacted attachment Exhibit 5) (JenniferLongoria, 1). (Entered: 07/27/2020) |
| 08/03/2020 | 466 | VERIFICATION AFFIDAVIT of INTERVENER Van Allen, filed.(JenniferLongoria, 1) (Entered: 08/03/2020) |
| 08/04/2020 | 467 | ORDER. Federal Defendant will file a certified copy of the administrative record concerning DACA memorandum by 8/25/2020 along with a printed courtesy copy to the Court if over 100 pages. (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 08/04/2020) |
| 08/05/2020 | 468 | NOTICE *of related litigation* by United States of America, filed. (Hu, Daniel) (Entered: 08/05/2020) |
| 08/14/2020 | 469 | NOTICE *Perez Defendant-Intervenors' Consent to Plaintiff States' Motion to Substitute State of Mississippi* by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla |

| | | |
|---|---|---|
| | | Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Perales, Nina) (Entered: 08/14/2020) |
| 08/17/2020 | 470 | RESPONSE in Opposition to 465 MOTION to Intervene, filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 08/17/2020) |
| 08/19/2020 | 471 | Unopposed MOTION for Mayur P. Saxena, Melissa L. Medoway, Eric L. Apar, Elspeth L. Faiman Hans, and Tim Sheehan to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 9/9/2020. (Attachments: # 1 Affidavit Mayur Saxena (pro hac vice), # 2 Affidavit Melissa Medoway (pro hac vice), # 3 Affidavit Eric Apar (pro hac vice), # 4 Affidavit Elspeth L. Faiman Hans (pro hac vice), # 5 Affidavit Tim Sheehan (pro hac vice), # 6 Proposed Order Proposed Order)(Levine, Kenneth) (Additional attachment(s) added on 8/20/2020: # 7 Verified Status of Bar Membership) (EdnitaPonce, 1). (Entered: 08/19/2020) |
| 08/21/2020 | 472 | NOTICE *Filing of Administrative Record* re: 467 Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 AR part 1, # 2 AR part 2, # 3 AR part 3, # 4 AR part 4, # 5 AR part 5, # 6 AR part 6)(Walker, James) (Entered: 08/21/2020) |
| 08/21/2020 | 473 | ORDER denying without prejudice 356 MOTION for Summary Judgment . Plaintiff States are given leave to re-file the motion for summary judgment, due by October 2, 2020. The Federal Defendants and the Defendant-Intervenors response due by October 30, 2020. The Plaintiff States reply due by November 6, 2020. Defendant or any of the Intervenors response due by November 6, 2020. Discovery deadline: September 30, 2020. (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/24/2020) |
| 08/21/2020 | 474 | ORDER granting 464 Motion to Substitute Party. State of Mississippi added, Tate Reeves, Governor of Mississippi terminated..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/24/2020) |
| 08/21/2020 | 475 | ORDER denying 465 Motion to Intervene as to the Trustees of the Ad Hoc New Yorker Republican Committee. The Trustees are welcome to participate as amicus curiae..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/24/2020) |
| 08/21/2020 | | (Court only) ***Attorney Mayur P Saxena for State of New Jersey, Melissa Medoway for State of New Jersey, Eric L Apar for State of New Jersey, Elspeth L. Faiman Hans for State of New Jersey, Tim Sheehan for State of New Jersey, added. (jdav, 4) (Entered: 08/24/2020) |

| | | |
|---|---|---|
| 08/21/2020 | 476 | ORDER granting 471 Motion for Mayur P. Saxena, Melissa Medoway, Eric L. Apar, Elspeth L. Faiman Hans and Tim Sheehan to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) (Attachments: # 1 Order Granting Melissa Medoway to Proceed Pro Hac Vice, # 2 Order Granting Eric L. Apar to Proceed Pro Hac Vice, # 3 Order Granting Elspeth L. Faiman Hans to Proceed Pro Hac Vice, # 4 Order Granting Tim Sheehan to Proceed Pro Hac Vice) Parties notified.(jdav, 4) (Entered: 08/24/2020) |
| 08/21/2020 | 477 | ORDER, Jeremy E. Hollander, Nicholas Dolinsky and Brian De Vito are withdrawn as counsel of record for the State of New Jersey in this case; Mayur P. Saxena is designated as Attorney in Charge for the State of New Jersey in this case. Nicholas Dolinsky and Brian De Vito are removed from all further electronic notifications regarding this case. (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/24/2020) |
| 08/31/2020 | 478 | Unopposed MOTION for Ernest I. Herrera to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 9/21/2020. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 08/31/2020) |
| 09/29/2020 | 479 | ORDER granting Motion to Appear Pro Hac Vice as to Charles A. Breiterman.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 09/29/2020) |
| 09/30/2020 | 480 | Opposed MOTION for Extension of Time Schedule by One Week by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 10/21/2020. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Perales, Nina) (Entered: 09/30/2020) |
| 09/30/2020 | 481 | PROPOSED ORDER re: 480 Opposed MOTION for Extension of Time Schedule by One Week, filed.(Perales, Nina) (Entered: 09/30/2020) |
| 10/01/2020 | 482 | ORDER granting 480 Motion for Extension of Time. All deadlines in docket entry no. 473 are extended by 7 days..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 10/01/2020) |
| 10/06/2020 | 483 | Notice of Motion for Reconsideration by Ad Hoc New Yorker Republican Committee/ Christopher Earl Strunk, Trustee, filed. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Notice of Motion, # 2 Memorandum in Support of Motion to Reconsider, # 3 Proposed Order, # 4 Certificate of Service, # 5 Affirmation In Support of Notice of Motion to Reconsider, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(jdav, 4) (Entered: 10/07/2020) |
| 10/07/2020 | 484 | Opposed MOTION to Compel and Extend Discovery Period, or in the Alternative, to Exclude Evidence by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 10/28/2020. (Attachments: # 1 Proposed Order to Compel, # 2 Proposed Order to Exclude, # 3 Exhibit A, # 4 Exhibit B, # 5 Exhibit C, # 6 Exhibit D, # 7 Exhibit E, # 8 Exhibit F, # 9 Exhibit G)(Perales, Nina) (Entered: 10/07/2020) |
| 10/09/2020 | 485 | Unopposed MOTION for Leave to File Excess Pages by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 10/30/2020. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 10/09/2020) |
| 10/09/2020 | 486 | MOTION for Summary Judgment by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 10/30/2020. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 10/09/2020) |
| 10/09/2020 | 487 | APPENDIX re: 486 MOTION for Summary Judgment by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35)(Disher, Todd) (Entered: 10/09/2020) |
| 10/13/2020 | 488 | ORDER granting 485 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 10/14/2020) |
| 10/16/2020 | 489 | First MOTION for Leave to File Excess Pages by Charles A Breiterman, filed. Motion Docket Date 11/6/2020. (Breiterman, Charles) (Entered: 10/16/2020) |

| | | |
|---|---|---|
| 10/16/2020 | 490 | Unopposed MOTION for P. Trent Peroyea to Withdraw as Attorney by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 11/6/2020. (Attachments: # 1 Proposed Order)(Peroyea, Philip) (Entered: 10/16/2020) |
| 10/21/2020 | 491 | AFFIDAVIT of Ad Hoc New York Republican Committee Trustee Christopher Ear Strunk Amicus, filed. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit)(ckrus, 4) (Entered: 10/23/2020) |
| 10/23/2020 | 492 | Unopposed MOTION for Leave to File Amicus Brief in Support of Plaintiffs by U.S. Rep. Steve King, filed. Motion Docket Date 11/13/2020. (Attachments: # 1 Exhibit Proposed Amicus Memo of Law, # 2 Proposed Order proposed order)(Joseph, Lawrence) (Entered: 10/23/2020) |
| 10/28/2020 | 493 | RESPONSE to 484 Opposed MOTION to Compel and Extend Discovery Period, or in the Alternative, to Exclude Evidence filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Disher, Todd) (Entered: 10/28/2020) |
| 10/29/2020 | 494 | MOTION for Leave to File Amicus Curiae Brief by Charles A Breiterman, filed. Motion Docket Date 11/19/2020. (Breiterman, Charles) (Entered: 10/29/2020) |
| 10/29/2020 | 495 | Brief of Charles A. Breiterman as Amicus Curiae in Support of Plaintiffs' Motion for Summary Judgment, filed.(Breiterman, Charles) (Entered: 10/29/2020) |
| 10/30/2020 | 496 | REPLY in Support of 484 Opposed MOTION to Compel and Extend Discovery Period, or in the Alternative, to Exclude Evidence, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Perales, Nina) (Entered: 10/30/2020) |
| 10/30/2020 | 497 | ORDER denying 483 Motion for Reconsideration. As previously stated, the Trustees are welcome to participate in this case as amicus curiae..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/02/2020) |
| 11/03/2020 | 500 | AMICUS DECLARATION SUPPLEMENT SUPPORT TO DOCKET ITEMS #491 and #483 OPPOSES ITEMS #209 and #492: RE SCOTUS RULING IN NO. 18- 587 AND DOCKET ITEM #461 STAY ORDER WITH LOCAL RULE 5-2 RELATED CASES OF AMICUS CHRISTOPHER EARL |

| | | |
|---|---|---|
| | | STRUNK, THE NATURAL-BORN-CITIZEN (NBC) BIRTHER TRUSTEE FOR THE AD BOC NEW YORKER REPUBLICAN COMMITTEE, STATUS RECONSIDERATION MOTION FOR FRCvP RULE 6S(b) RELIEF AT DOCKET ITEM #483, AFFIRMATION IN OPPOSITION TO THE STATES AMICI CURIAE MOTION FOR RELIEF AT DOCKET ITEM #209 BY: NEW YORK, CALIFORNIA, CONNECTICUT, DELAWARE, HAWAII, ILLINOIS, IOWA, MAINE, MARYLAND, MASSACHUSETTS, MINNESOTA, NEW MEXICO, NORTH CAROLINA, OREGON, PENNSYLVANIA, RHODE ISLAND, VIRGINIA, VERMONT, WASHINGTON, AND THE DISTRICT OF COLUMBIA IN OPPOSITION TO PLAINTIFFS' REQUEST FOR INJUNCTION AGAINST THE DEFERRED ACTION FOR CHILDHOOD ARRIVAL (DACA) by Christopher Earl Strunk, Trustee for the Ad Hoc New Yorker Republican Committee, filed.(jdav, 4) (Entered: 11/06/2020) |
| 11/05/2020 | 498 | Unopposed MOTION for Leave to File Excess Pages by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, filed. Motion Docket Date 11/27/2020. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 11/05/2020) |
| 11/06/2020 | 499 | MOTION Unopposed Motion for Leave to Exceed Page Limit by State of New Jersey, filed. Motion Docket Date 11/27/2020. (Attachments: # 1 Proposed Order)(Medoway, Melissa) (Entered: 11/06/2020) |
| 11/06/2020 | 501 | RESPONSE to 486 MOTION for Summary Judgment filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Exhibit Exhibits)(Walker, James) (Entered: 11/06/2020) |
| 11/06/2020 | 502 | RESPONSE in Opposition to 486 MOTION for Summary Judgment , filed by State of New Jersey. (Attachments: # 1 Appendix NJ Appendix - Vol. I, # 2 Appendix NJ Appendix - Vol. 2, # 3 Appendix NJ Appendix - Vol. 3, # 4 Proposed Order Order Denying Summary Judgment)(Medoway, Melissa) (Entered: 11/06/2020) |
| 11/06/2020 | 503 | MOTION for Summary Judgment by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 11/27/2020. (Perales, Nina) (Entered: 11/06/2020) |

| | | |
|---|---|---|
| 11/06/2020 | 504 | RESPONSE in Opposition to 486 MOTION for Summary Judgment , filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit 1 - Nina Perales Declaration, # 2 Exhibit 2 - Appendix Vol. 1, # 3 Exhibit 3 - Appendix Vol. 2)(Perales, Nina) (Entered: 11/06/2020) |
| 11/09/2020 | 505 | Unopposed MOTION for Extension of Time to Reply in Support of Motion for Summary Judgment by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 11/30/2020. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 11/09/2020) |
| 11/09/2020 | 506 | NOTICE of Setting. Parties notified. Motion Hearing set for 12/22/2020 at 10:00 AM in Courtroom 9C before Judge Andrew S Hanen, filed. (rhawkins) (Entered: 11/09/2020) |
| 11/09/2020 | 507 | Unopposed MOTION for Extension of Time to Respond to Defendant-Intervenors' Responses by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 11/30/2020. (Attachments: # 1 Proposed Order)(Walker, James) (Entered: 11/09/2020) |
| 11/09/2020 | 509 | ORDER granting 489 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/10/2020) |
| 11/09/2020 | 510 | ORDER granting 478 Motion to Withdraw as Attorney. Attorney Ernest I. Herrera terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/10/2020) |
| 11/09/2020 | 511 | ORDER granting 492 Motion for Leave to File a memorandum of law as amici curiae in support of plaintiffs' motion for summary judgment..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/10/2020) |
| 11/09/2020 | 512 | Memorandum of Law by Congressman Steve King and Congressman Paul A. Gosar, D.D.S, as Amici Curiae in support of Plaintiffs' 486 MOTION for Summary Judgment , filed. (jdav, 4) (Entered: 11/10/2020) |
| 11/09/2020 | 513 | ORDER granting 490 Motion to Withdraw as Attorney. Attorney Philip Trent Peroyea terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/10/2020) |
| 11/10/2020 | 508 | NOTICE of Errata re: 501 Response to Motion by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. |

| | | |
|---|---|---|
| | | (Attachments: # 1 Appendix of Unpublished Authorities)(Walker, James) (Entered: 11/10/2020) |
| 11/10/2020 | 514 | MOTION for Michael Joseph Dundas to Appear Pro Hac Vice for City of Los Angeles, filed. Motion Docket Date 12/1/2020. (mmapps, 4) (Entered: 11/10/2020) |
| 11/10/2020 | 515 | ORDER granting 507 Motion for Extension of Time.(Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 11/10/2020) |
| 11/10/2020 | 516 | ORDER granting 505 Motion for Extension of Time.(Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 11/10/2020) |
| 11/11/2020 | 517 | Unopposed MOTION for Extension of Time to File Response to Federal Defendants' Response to Plaintiff States' Motion for Summary Judgment by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 12/2/2020. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 11/11/2020) |
| 11/12/2020 | 518 | ORDER granting 517 Motion for Extension of Time.(Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 11/12/2020) |
| 11/12/2020 | | (Court only) ***Party City of Los Angeles added. (LaurenWebster, 4) (Entered: 11/12/2020) |
| 11/12/2020 | | (Court only) ***Attorney Michael Joseph Dundas for City of Los Angeles, added. (LaurenWebster, 4) (Entered: 11/12/2020) |
| 11/12/2020 | 519 | ORDER granting 514 Motion for Michael Dundas to Appear Pro Hac Vice for the City of Los Angeles.(Signed by Judge Andrew S Hanen) Parties notified.(LaurenWebster, 4) (Entered: 11/12/2020) |
| 11/12/2020 | 520 | NOTICE of Appearance by Michael Dundas on behalf of City of Los Angeles, filed. (Dundas, Michael) (Entered: 11/12/2020) |
| 11/13/2020 | 521 | MOTION for Margaret L. Carter to Appear Pro Hac Vice by Proposed Amici Local Governments and Local Government Advocacy Organizations, filed. Motion Docket Date 12/4/2020. (Whilt, Nicholas) (Additional attachment(s) added on 11/16/2020: # 1 Attorney Verification) (dnoriega, 1). (Entered: 11/13/2020) |
| 11/13/2020 | 522 | MOTION for Daniel R. Suvor to Appear Pro Hac Vice by Proposed Amici Local Governments and Local Government Advocacy Organizations, filed. Motion Docket Date 12/4/2020. (Whilt, Nicholas) (Additional attachment(s) added on |

| | | |
|---|---|---|
| | | 11/16/2020: # 1 Attorney Verification) (dnoriega, 1). (Entered: 11/13/2020) |
| 11/13/2020 | 523 | NOTICE of Appearance by Nicholas Whilt on behalf of Proposed Amici Local Governments and Local Government Advocacy Organizations, filed. (Whilt, Nicholas) (Entered: 11/13/2020) |
| 11/13/2020 | 524 | Unopposed MOTION for Leave to File Amici Curiae Brief by Proposed Amici Local Governments and Local Government Advocacy Organizations, filed. Motion Docket Date 12/4/2020. (Attachments: # 1 Proposed Amici Curiae Brief, # 2 Proposed Order)(Whilt, Nicholas) (Entered: 11/13/2020) |
| 11/16/2020 | | (Court only) ***Attorney Margaret Carter for Proposed Amici Local Governments and Local Government Advocacy Organizations, added. (jdav, 4) (Entered: 11/16/2020) |
| 11/16/2020 | 525 | ORDER granting 521 Motion for Margaret L. Carter to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/16/2020) |
| 11/16/2020 | | (Court only) ***Attorney Daniel R Suvor for Proposed Amici Local Governments and Local Government Advocacy Organizations, added. (jdav, 4) (Entered: 11/16/2020) |
| 11/16/2020 | 526 | ORDER granting 522 Motion for Daniel R. Suvor to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/16/2020) |
| 11/20/2020 | 527 | RESPONSE to 503 MOTION for Summary Judgment filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Walker, James) (Entered: 11/20/2020) |
| 11/20/2020 | 528 | RESPONSE to 501 Response to Motion *for Summary Judgment*, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 11/20/2020) |
| 11/20/2020 | 529 | REPLY in Support of 486 MOTION for Summary Judgment , filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4)(Disher, Todd) (Entered: 11/20/2020) |
| 11/23/2020 | 530 | MOTION for Jeremy M. Feigenbaum to Appear Pro Hac Vice by State of New Jersey, filed. Motion Docket Date 12/14/2020. (Medoway, Melissa) (Additional attachment(s) added on 11/24/2020: # 1 Attorney Verification) (scastillo, 1). (Entered: 11/23/2020) |

| 11/24/2020 | | (Court only) ***Attorney Jeremy M Feigenbaum for State of New Jersey, added. (jdav, 4) (Entered: 11/25/2020) |
|---|---|---|
| 11/24/2020 | 531 | ORDER granting 530 Motion for Jeremy M. Feigenbaum to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 11/25/2020) |
| 11/30/2020 | 532 | REPLY in Support of 503 MOTION for Summary Judgment , filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 11/30/2020) |
| 12/02/2020 | 533 | NOTICE of Appearance by Eric A. Hudson on behalf of State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Hudson, Eric) (Entered: 12/02/2020) |
| 12/03/2020 | 534 | Unopposed MOTION for Ryan L. Bangert to Withdraw as Attorney by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 12/24/2020. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 12/03/2020) |
| 12/03/2020 | 535 | Unopposed MOTION for Adam Arthur Biggs to Withdraw as Attorney by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 12/24/2020. (Attachments: # 1 Proposed Order)(Biggs, Adam) (Entered: 12/03/2020) |
| 12/03/2020 | 536 | ORDER granting 534 Motion to Withdraw Ryan L. Bangers. Attorney Ryan L Bangert terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 12/03/2020) |
| 12/03/2020 | 537 | ORDER granting 535 Motion to Withdraw Adam Arthur Biggs. Attorney Adam Arthur Biggs terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 12/03/2020) |
| 12/07/2020 | 538 | Opposed MOTION for Continuance of Hearing Set for December 22, 2020 or to Hear Argument Remotely by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 12/28/2020. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Proposed Order)(Perales, Nina) (Entered: |

| | | |
|---|---|---|
| | | 12/07/2020) |
| 12/08/2020 | <u>539</u> | RESPONSE to <u>538</u> Opposed MOTION for Continuance of Hearing Set for December 22, 2020 or to Hear Argument Remotely filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Attachments: # <u>1</u> Exhibit A, # <u>2</u> Exhibit B, # <u>3</u> Exhibit C, # <u>4</u> Proposed Order)(Disher, Todd) (Entered: 12/08/2020) |
| 12/10/2020 | <u>540</u> | REPLY in Support of <u>538</u> Opposed MOTION for Continuance of Hearing Set for December 22, 2020 or to Hear Argument Remotely, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Perales, Nina) (Entered: 12/10/2020) |
| 12/15/2020 | <u>541</u> | MOTION Appear on Behalf of the Attorney-in-Charge by State of New Jersey, filed. Motion Docket Date 1/5/2021. (Attachments: # <u>1</u> Proposed Order NJ Proposed Order)(Medoway, Melissa) (Entered: 12/15/2020) |
| 12/16/2020 | <u>542</u> | MOTION for John Coghlan to Appear Pro Hac Vice by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 1/6/2021. (Walker, James) (Additional attachment(s) added on 12/17/2020: # <u>1</u> Motion for Pro Hac) (rnieto, 1). (Entered: 12/16/2020) |
| 12/16/2020 | <u>543</u> | Unopposed MOTION to Appear on Behalf of Attorney-in-Charge by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 1/6/2021. (Walker, James) (Entered: 12/16/2020) |
| 12/16/2020 | <u>544</u> | ORDER denying <u>538</u> Motion for Continuance.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 12/16/2020) |
| 12/18/2020 | | (Court only) ***Attorney John Coghlan for All Federal Defendants added. (jguajardo, 4) (Entered: 12/18/2020) |
| 12/18/2020 | <u>545</u> | ORDER Granting <u>542</u> Motion for John Coghlan to Appear Pro Hac Vice.(Signed by Judge Andrew S Hanen) Parties notified.(jguajardo, 4) (Entered: 12/18/2020) |
| 12/18/2020 | <u>546</u> | ORDER granting <u>541</u> Motion for Jeremy M. Feigenbaum.(Signed by Judge Andrew S Hanen) Parties notified.(jguajardo, 4) (Entered: 12/18/2020) |
| 12/22/2020 | | Minute Entry for proceedings held before Judge Andrew S Hanen. MOTION HEARING held on 12/22/2020. The Court |

| | | |
|---|---|---|
| | | heard the argument of counsel as to 503 Motion for Summary Judgment. The Court will take the matter under advisement and make a ruling in due course. Appearances: Todd Disher, Eric Hudson, Elizabeth Murrill, Nina Perales, Douglas Hallward-Driemer, Jeffrey Feigenbaum, John Coghlan, Daniel Hu(Court Reporter: L. Smith), filed.(rhawkins) (Entered: 12/22/2020) |
| 12/22/2020 | | (Court only) ***Motion(s) terminated: 543 Unopposed MOTION to Appear on Behalf of Attorney-in-Charge. Motion granted on the record at hearing. (rhawkins) (Entered: 01/07/2021) |
| 12/22/2020 | | (Court only) ***Motion(s) terminated: 499 MOTION Unopposed Motion for Leave to Exceed Page Limit, 524 Unopposed MOTION for Leave to File Amici Curiae Brief. Ruled on at hearing on 12/22/2020. (rhawkins) (Entered: 02/05/2021) |
| 01/07/2021 | 547 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Motion Hearing on 12/22/2020 before Judge Andrew Hanen. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Lanie Smith, filed. (Perales, Nina) (Entered: 01/07/2021) |
| 01/07/2021 | 548 | Unopposed MOTION for Ramon A. Soto to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 1/28/2021. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 01/07/2021) |
| 01/21/2021 | 549 | Unopposed MOTION for John V. Coghlan to Withdraw as Attorney by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 2/11/2021. (Attachments: # 1 Proposed Order)(Walker, James) (Entered: 01/21/2021) |
| 01/21/2021 | 550 | NOTICE of Presidential Memorandum by Nancy Adossi, filed. (Attachments: # 1 Exhibit A)(Perales, Nina) (Entered: 01/21/2021) |
| 01/22/2021 | 551 | TRANSCRIPT re: Motion proceedings held on 12/22/2020 before Judge Andrew S Hanen. Court Reporter/Transcriber Lanie Smith. Ordering Party Defendant Release of Transcript Restriction set for 4/22/2021., filed. (LanieSmith, ) (Entered: 01/22/2021) |
| 01/22/2021 | 552 | RESPONSE to 550 Notice (Other) , filed by L. Francis Cissna, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Walker, James) (Entered: |

| | | |
|---|---|---|
| | | 01/22/2021) |
| 01/25/2021 | 553 | Notice of Filing of Official Transcript as to 551 Transcript. Party notified, filed. (rnieto, 1) (Entered: 01/25/2021) |
| 01/26/2021 | 554 | RESPONSE to 550 Notice (Other) *of Presidential Memorandum*, filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Disher, Todd) (Entered: 01/26/2021) |
| 02/05/2021 | 555 | ORDER granting 549 Motion to Withdraw as Attorney. Attorney John Coghlan terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/05/2021) |
| 02/05/2021 | 556 | ORDER granting 548 Motion to Withdraw as Attorney. Attorney Ramon Andres Soto terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/05/2021) |
| 02/12/2021 | 557 | Unopposed MOTION for Cristina M. Moreno to Withdraw as Attorney by State of Texas, filed. Motion Docket Date 3/5/2021. (Attachments: # 1 Proposed Order)(Moreno, Cristina) (Entered: 02/12/2021) |
| 02/17/2021 | 558 | ORDER granting 557 Motion to Withdraw as Attorney. Attorney Cristina Maria Moreno terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 02/17/2021) |
| 03/19/2021 | 559 | Order. Status Conference set for 3/30/2021 at 11:00 AM in Courtroom 9C before Judge Andrew S Hanen(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 03/19/2021) |
| 03/19/2021 | 560 | NOTICE of Appearance by William T. Thompson on behalf of State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Thompson, William) (Entered: 03/19/2021) |
| 03/19/2021 | 561 | Unopposed MOTION for Todd Lawrence Disher to Withdraw as Attorney by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 4/9/2021. (Attachments: # 1 Proposed Order)(Disher, Todd) (Entered: 03/19/2021) |
| 03/22/2021 | 562 | ORDER granting 561 Motion to Withdraw as Attorney. Attorney Todd Lawrence Disher terminated. William T. Thompson is entered as Attorney in Charge for the Plaintiff States..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/22/2021) |
| 03/26/2021 | 563 | NOTICE *of DHS Pending Action on DACA* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Robins, Jeffrey) (Entered: 03/26/2021) |

| 03/30/2021 | | Minute Entry for proceedings held before Judge Andrew S Hanen. STATUS CONFERENCE held on 3/30/2021. The Court heard the parties on the possible impact of the American Dream and Promise Act on the substantive and procedural aspects of this litigation. The parties have until 4/9/2021 to file any further written responses. Appearances: Patrick Sweeten, Will Thompson, Douglas H Hallward-Driemeier, Nina Perales, Jeffrey S Robins, Daniel David Hu, Mayur P Saxena.(Court Reporter: S. Gumm), filed.(rhawkins) (Entered: 03/31/2021) |
|---|---|---|
| 04/01/2021 | 564 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Status Conference on 3/30/2021 before Judge Andrew Hanen. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Sean Gumm, filed. (Perales, Nina) (Entered: 04/01/2021) |
| 04/05/2021 | 565 | TRANSCRIPT re: Status Conference Hearing held on 3/30/2021 before Judge Andrew S Hanen. Release of Transcript Restriction set for 7/6/2021., filed. (SeanGumm, ) Modified on 11/14/2023 (BerthaVasquez, 1). (Entered: 04/05/2021) |
| 04/06/2021 | 566 | Notice of Filing of Official Transcript as to 565 Transcript. Party notified, filed. (dnoriega, 1) (Entered: 04/06/2021) |
| 04/09/2021 | 567 | Mail Returned Undeliverable as to Stephen P Wallace re: 562 Order on Motion to Withdraw as Attorney, filed. (mmapps, 4) (Entered: 04/09/2021) |
| 04/09/2021 | 568 | Supplemental BRIEF *Regarding Impact of Recent Developments* by Karla Perez, filed. (Attachments: # 1 Affidavit Declaration of Nina Perales, # 2 Exhibit Exhibit 1, # 3 Exhibit Exhibit 2, # 4 Exhibit Exhibit 3, # 5 Exhibit Exhibit 4)(Perales, Nina) (Entered: 04/09/2021) |
| 04/09/2021 | 569 | Supplemental BRIEF Opposition re: 486 MOTION for Summary Judgment by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed.(Walker, James) (Entered: 04/09/2021) |
| 04/12/2021 | 570 | AO 435 TRANSCRIPT REQUEST by Daniel Hu for Transcript of Status Conference, 3/30/21 before Judge Andrew Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Sean Gumm, filed. (Hu, Daniel) (Entered: 04/12/2021) |
| 05/18/2021 | 571 | NOTICE *of Withdrawal of Counsel (Margaret L. Carter)* by Proposed Amici Local Governments and Local Government Advocacy Organizations, filed. (Suvor, Daniel) (Entered: 05/18/2021) |
| 07/16/2021 | 572 | ORDER regarding 494 Motion for Leave to File Amicus Curiae Brief.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/16/2021) |
| 07/16/2021 | 573 | ORDER granting in part and denying in part 484 Motion to Compel.(Signed by Judge Andrew S Hanen) Parties |

| | | |
|---|---|---|
| | | notified.(rhawkins) (Entered: 07/16/2021) |
| 07/16/2021 | 574 | ORDER denying 390 Defendant-Intervenors' Motion to Strike Plaintiff's Experts (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/16/2021) |
| 07/16/2021 | 575 | MEMORANDUM AND ORDER regarding 486 Plaintiff States' Motion for Summary Judgment and regarding 503 Defendant-Intervenors' Motion for Summary Judgment. (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/16/2021) |
| 07/16/2021 | 576 | ORDER OF PERMANENT INJUNCTION.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/16/2021) |
| 07/19/2021 | 577 | NOTICE *of Compliance with the Court's Order* re: 576 Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit 1. DHS.gov DACA Posting, # 2 Exhibit 2. USCIS.gov DACA Posting)(Walker, James) (Entered: 07/19/2021) |
| 07/27/2021 | 578 | NOTICE *OF COMPLIANCE WITH THE COURTS ORDER (SECOND)* re: 576 Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit A - Declaration of Tracy L. Renaud, # 2 Exhibit B - USCIS FAQs)(Robins, Jeffrey) (Entered: 07/27/2021) |
| 08/19/2021 | 579 | ORDER. In the Order of Permanent Injunction (Doc. No. 576), the Court retained jurisdiction of the matter for purposes of construction, modification, and enforcement of this Permanent Injunction. As there are no further matters pending, the Court will administratively close this case. This case is STAYED and ADMINISTRATIVELY (statistically) CLOSED. The parties may move to reinstate the case on the Court's active docket at such time in the future as deemed appropriate. A copy of this Order shall be attached as an exhibit to any motion to reinstate. (Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 08/19/2021) |
| 08/19/2021 | | (Court only) Set/Cleared Flags. (jdav, 4) (Entered: 08/19/2021) |
| 08/30/2021 | 580 | Mail Returned Undeliverable as to attorney Jeremy M Feigenbaum as to State of New Jersey re: 579 Order,,, filed. No updated address found (MarySanchez, 3) (Entered: 09/02/2021) |
| 09/10/2021 | 581 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 575 Memorandum and Order, 576 Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed.(Walker, James) Modified on 11/28/2022 (SaraCelis, 1). (Entered: 09/10/2021) |
| 09/10/2021 | 582 | |

| | | | |
|---|---|---|---|
| | | | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 575 Memorandum and Order, 576 Permanent Injunction by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez (Filing fee $ 505, receipt number 0541-27029574), filed. (Perales, Nina) Modified on 11/28/2022 (SaraCelis, 1). (Entered: 09/10/2021) |
| 09/13/2021 | | 583 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 575 Memorandum and Order, 576 Permanent Injunction by State of New Jersey (Filing fee $ 505, receipt number 0541-27031407), filed.(Sheehan, Tim) Modified on 11/28/2022 (SaraCelis, 1). (Entered: 09/13/2021) |
| 09/14/2021 | | 584 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 581 Notice of Appeal,. Fee status: GOV. Reporter(s): S. Perales, F. Warner, filed. (Attachments: # 1 Notice of Appeal) (JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/14/2021 | | | Appeal Review Notes re: 581 Notice of Appeal,. Fee status: GOV. The appellant is a U.S. government agency, and no fee is required.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Eight (8) transcripts were produced. Number of DKT-13 Forms expected: 10, filed.(JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/14/2021 | | 585 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 582 Notice of Appeal,,. Fee status: Paid. Reporter(s): S. Perales, F. Warner, filed. (Attachments: # 1 Notice of Appeal) (JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/14/2021 | | | Appeal Review Notes re: 582 Notice of Appeal,,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of appeal.Eight (8) transcripts were produced. Number of DKT-13 Forms expected: 10, filed.(JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/14/2021 | | 586 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 583 Notice of Appeal. Fee status: Paid. Reporter(s): S. Perales, F. Warner, filed. (Attachments: # 1 Notice of Appeal) (JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/14/2021 | | | Appeal Review Notes re: 583 Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case. DKT13 transcript order form(s) due within 14 days of the filing of the notice of |

| | | |
|---|---|---|
| | | appeal.Eight (8) transcripts were produced. Number of DKT-13 Forms expected: 10, filed.(JenniferLongoria, 1) (Entered: 09/14/2021) |
| 09/17/2021 | | Notice of Assignment of USCA No. 21-40680 re: 582 Notice of Appeal,, 581 Notice of Appeal, 583 Notice of Appeal, filed.(jtabares, 1) (Entered: 09/17/2021) |
| 09/21/2021 | | (Court only) ***(PRIVATE ENTRY) ROA requested from USCA, due on 10/05/2021, filed. (dbenavides, 1) (Entered: 09/21/2021) |
| 09/21/2021 | 587 | TRANSCRIPT re: Telephone Conference Hearing held on June 18, 2018 before Judge Andrew S Hanen. Court Reporter/Transcriber sperales. Ordering Party Ms. Nina Perales Release of Transcript Restriction set for 12/20/2021., filed. (sperales, ) (Entered: 09/21/2021) |
| 09/21/2021 | 588 | NOTICE *OF COMPLIANCE WITH THE COURTS ORDER (THIRD)* re: 575 Memorandum and Order, 576 Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Declaration of Tracy L. Renaud)(Walker, James) (Entered: 09/21/2021) |
| 09/21/2021 | 592 | Mail Returned Undeliverable as to attorney Jeremy M Feigenbaum as to State of New Jersey re: 579 Order,,, filed. (dnoriega, 1) (Entered: 09/23/2021) |
| 09/22/2021 | 589 | TRANSCRIPT re: Motion Hearing held on June 24, 2019 before Judge Andrew S Hanen. Court Reporter/Transcriber FWarner. Ordering Party JRobins Release of Transcript Restriction set for 12/21/2021., filed. (fwarner, ) (Entered: 09/22/2021) |
| 09/23/2021 | 590 | Notice of Filing of Official Transcript as to 589 Transcript, 587 Transcript. Party notified, filed. (dbenavides, 1) (Entered: 09/23/2021) |
| 09/23/2021 | 591 | DKT13 TRANSCRIPT ORDER REQUEST by Federal Defendants-Appellants/James J. Walker. Transcript is already on file in Clerks office regarding no additional transcripts requested. (No transcript is needed). Court Reporter/Transcriber: N/A. This order form relates to the following: 583 Notice of Appeal, filed.(Walker, James) (Entered: 09/23/2021) |
| 09/23/2021 | 593 | DKT13 TRANSCRIPT ORDER REQUEST by Nina Perales. Transcript is already on file in Clerks office regarding Motion Proceedings Hearing, 12/22/2020 before Judge Hanen. (No transcript is needed). Court Reporter/Transcriber: Lanie Smith. This order form relates to the following: 582 Notice of Appeal,,, filed.(Perales, Nina) (Entered: 09/23/2021) |
| 09/23/2021 | 594 | DKT13 TRANSCRIPT ORDER REQUEST by Appellant State of New Jersey/Tim Sheehan. Transcript is already on file in Clerks office regarding Motion Hearing, 12/22/2020 before Judge Hanen. (No transcript is needed). Court |

| | | |
|---|---|---|
| | | Reporter/Transcriber: Lanie Smith. This order form relates to the following: <u>583</u> Notice of Appeal, filed.(Sheehan, Tim) (Entered: 09/23/2021) |
| 09/27/2021 | <u>595</u> | NOTICE *of Issuance of Notice of Proposed Rulemaking* re: <u>575</u> Memorandum and Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Walker, James) (Entered: 09/27/2021) |
| 10/04/2021 | | Electronic record on appeal certified to the Fifth Circuit Court of Appeals re: <u>583</u> Notice of Appeal USCA No. 21-40680, filed.(dbenavides, 1) (Entered: 10/04/2021) |
| 10/12/2021 | | Electronic Access to Record on Appeal Provided re: <u>581</u> Notice of Appeal, <u>583</u> Notice of Appeal, <u>582</u> Notice of Appeal,, to Douglas Hallward-Driemeier. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 21-40680), filed.(dnoriega, 1) (Entered: 10/12/2021) |
| 12/03/2021 | <u>596</u> | NOTICE *OF COMPLIANCE WITH THE COURTS ORDER (FOURTH)* re: <u>575</u> Memorandum and Order, <u>576</u> Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # <u>1</u> Declaration of David A. Blair)(Walker, James) (Entered: 12/03/2021) |
| 12/06/2021 | <u>597</u> | Fifth Circuit Court of Appeals LETTER advising Attached is a revised caption, which should be used on all future filings in the case (USCA No. 21-40680), filed.(dnoriega, 1) (Entered: 12/06/2021) |
| 02/07/2022 | <u>598</u> | Order of USCA re: <u>582</u> Notice of Appeal,, <u>581</u> Notice of Appeal, <u>583</u> Notice of Appeal ; USCA No. 21-40680. The court has granted the motion of attorney Bradley Garcia to withdraw as counsel, filed.(JenniferLongoria, 1) (Entered: 02/07/2022) |
| 06/02/2022 | | Electronic Access to Record on Appeal Provided re: <u>581</u> Notice of Appeal, <u>583</u> Notice of Appeal,, to Brian Boynton. Attorneys of record at the Circuit may <u>download the record from the Court of Appeals</u>. (USCA No. 21-40680), filed.(DahlilaRodriguez, 1) (Entered: 06/02/2022) |
| 06/07/2022 | <u>599</u> | NOTICE *of Filing in a Related Case* re: <u>576</u> Permanent Injunction by L. Francis Cissna, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # <u>1</u> Exhibit A - Batalla Vidal plaintiffs' motion, # <u>2</u> Exhibit B - NY plaintiffs' brief in support, # <u>3</u> Exhibit C - Gov's opposition, # <u>4</u> Exhibit D - Batalla Vidal plaintiffs' reply)(Walker, James) (Entered: 06/07/2022) |
| 08/24/2022 | <u>600</u> | NOTICE *of Final DACA Rule Issuance* re: <u>576</u> Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Walker, James) (Entered: 08/24/2022) |

| 10/07/2022 | 601 | ORDER Miscellaneous Conference set for 10/14/2022 at 10:00 AM at Courtroom 9D before Judge Andrew S Hanen(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 10/07/2022) |
|---|---|---|
| 10/14/2022 | 602 | NOTICE of Appearance by Samantha Serna on behalf of Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Perales, Nina) (Entered: 10/14/2022) |
| 10/14/2022 | | Minute Entry for proceedings held before Judge Andrew S Hanen. MISCELLANEOUS HEARING held on 10/14/2022. In light of the Fifth Circuit opinion, the Court discussed with the parties the next steps to be taken in these proceedings as indicated on the record. Appearances: Nina Perales, James Joseph Walker, Daniel David Hu, William Thomas Thompson, Mayur P Saxena, Ryan Walters, Samantha Serna.(Court Reporter: K. Miller), filed.(rhawkins) (Entered: 10/14/2022) |
| 10/14/2022 | 603 | ORDER (Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 10/14/2022) |
| 10/14/2022 | 604 | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Miscellaneous Hearing on 10-14-2022 before Judge Hanen. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Perales, Nina) (Entered: 10/14/2022) |
| 10/14/2022 | 605 | AO 435 TRANSCRIPT REQUEST by Daniel D. Hu for Transcript of Miscellaneous Conference on 10/14/22 before Judge Hanen. Daily (24 hours) turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Hu, Daniel) (Entered: 10/14/2022) |
| 10/17/2022 | 606 | AO 435 TRANSCRIPT REQUEST by Will Thompson for Transcript of Conf hearing on 10/14/22 before Judge Andrew Hanen. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Kathleen Miller, filed. (Thompson, William) (Entered: 10/17/2022) |
| 11/03/2022 | 607 | NOTICE *of Filing Rulemaking Administrative Record* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Certification, Index, Sec 1, # 2 Sec 2.1, # 3 Sec 2.2, # 4 Sec 3.1, # 5 Sec 3.2)(Walker, James) (Entered: 11/03/2022) |
| 11/03/2022 | 608 | NOTICE *of Filing Rulemaking Administrative Record (part 2)* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Sec. 3.3, # 2 Sec 3.4, # 3 Sec 3.5, # 4 |

| | | |
|---|---|---|
| | | Sec 4.1, # <u>5</u> Sec 4.2)(Walker, James) (Entered: 11/04/2022) |
| 11/04/2022 | <u>609</u> | NOTICE *of Filing Rulemaking Administrative Record (part 3)* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # <u>1</u> Sec 4.3, # <u>2</u> Sec 4.4, # <u>3</u> Sec 4.5, # <u>4</u> Sec 4.6)(Walker, James) (Entered: 11/04/2022) |
| 11/04/2022 | <u>610</u> | NOTICE *of Filing Rulemaking Administrative Record (part 4)* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # <u>1</u> Sec 4.7, # <u>2</u> Sec 4.8, # <u>3</u> Sec 4.9, # <u>4</u> Sec 5.1)(Walker, James) (Entered: 11/04/2022) |
| 11/04/2022 | <u>611</u> | NOTICE *of Filing Rulemaking Administrative Record (part 5)* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # <u>1</u> Sec 5.2, # <u>2</u> Sec 5.3, # <u>3</u> Sec 6, # <u>4</u> Sec 7)(Walker, James) (Entered: 11/04/2022) |
| 11/08/2022 | <u>612</u> | Unopposed MOTION for Melissa Medoway to Withdraw as Attorney by State of New Jersey, filed. Motion Docket Date 11/29/2022. (Attachments: # <u>1</u> Proposed Order)(Medoway, Melissa) (Entered: 11/08/2022) |
| 11/16/2022 | <u>613</u> | NOTICE of Appearance by Ryan D. Walters on behalf of State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Walters, Ryan) (Entered: 11/16/2022) |
| 11/28/2022 | <u>614</u> | Order of USCA; Judgment issued as mandate 11/28/2022 re: <u>582</u> Notice of Appeal, <u>581</u> Notice of Appeal, <u>583</u> Notice of Appeal ; USCA No. 21-40680. IT IS ORDERED and ADJUDGED that the judgment of the District Court is AFFIRMED IN PART and REMANDED to the District Court, rather than DHS for further proceedings in accordance with the opinion of this Court. IT IS FURTHER ORDERED that appellants pay to appellees the costs on appeal to be taxed by the Clerk of this Court, filed. (SaraCelis, 1) (Entered: 11/28/2022) |
| 11/28/2022 | <u>615</u> | Order of USCA Per Curiam re: <u>582</u> Notice of Appeal, <u>581</u> Notice of Appeal, <u>583</u> Notice of Appeal ; USCA No. 21-40680. The judgment of the district court is AFFIRMED in part. This case is REMANDED to the district court, rather than DHS. The motion for a partial stay is GRANTED pending a further order of this court or the Supreme Court, filed. (SaraCelis, 1) (Entered: 11/28/2022) |
| 11/29/2022 | <u>616</u> | TRANSCRIPT re: Hearing held on October 14, 2022 before Judge Andrew S Hanen. Court Reporter/Transcriber Kathleen Miller. Ordering Party Daniel Hu Release of Transcript Restriction set for 2/27/2023., filed. (Miller, Kathleen) (Entered: 11/29/2022) |
| 11/29/2022 | <u>617</u> | |

| | | ORDER regarding scheduling.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 11/29/2022) |
|---|---|---|
| 11/30/2022 | 618 | Notice of Filing of Official Transcript as to 616 Transcript. Party notified, filed. (SaraCelis, 1) (Entered: 11/30/2022) |
| 12/14/2022 | 619 | Joint MOTION for Proposed Scheduling Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 1/4/2023. (Attachments: # 1 Proposed Order)(Walker, James) (Entered: 12/14/2022) |
| 12/15/2022 | 621 | ORDER granting 619 Joint MOTION for Proposed Scheduling Order. Deadline for Plaintiffs to file a supplemental complaint, 12/16/2022. Deadline for Plaintiffs to file a motion for summary judgment, January 31, 2023. Deadline for Federal Defendants and Defendant-Intervenors to file briefs in opposition of Plaintiffs' motion for summary judgment and file any cross-motions for summary judgment, March 2, 2023. Deadline for Plaintiffs to file a reply in support of their motion for summary judgment, March 16, 2023. Deadline to file responses to any cross-motions for summary judgment, March 30, 2023. Deadline to file replies in support of cross-motions for summary judgment, April 6, 2023. IT IS FURTHER ORDERED that any response deadline to Plaintiffs' supplemental complaint is stayed pending resolution of any summary judgment motions.(Signed by Judge Andrew S Hanen) Parties notified. (jdav, 4) (Entered: 12/19/2022) |
| 12/16/2022 | 620 | Unopposed MOTION for Leave to File Supplemental Complaint by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 1/6/2023. (Attachments: # 1 Exhibit, # 2 Proposed Order)(Walters, Ryan) (Entered: 12/16/2022) |
| 01/03/2023 | 622 | ORDER granting 620 Motion for Leave to File A Supplemental Complaint.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 01/03/2023) |
| 01/03/2023 | 623 | SUPPLEMENTAL COMPLAINT against All Defendants filed by State of Texas, State of Louisiana, State of Nebraska, State of Kansas, State of South Carolina, State of Mississippi, State of West Virginia, State of Arkansas, State of Alabama.(jdav, 4) (Entered: 01/03/2023) |
| 01/31/2023 | 624 | NOTICE of Appearance by Leif A. Olson on behalf of State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Olson, Leif) (Entered: 01/31/2023) |
| 01/31/2023 | 625 | Unopposed MOTION for Leave to File Excess Pages by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, |

| | | |
|---|---|---|
| | | State of Texas, State of West Virginia, filed. Motion Docket Date 2/21/2023. (Attachments: # 1 Plaintiffs' Motion for Summary Judgment, # 2 Proposed Order Granting Plaintiffs' Motion for Summary Judgment, # 3 Proposed Order Granting Plaintiffs' Motion to Exceed Pages)(Olson, Leif) (Entered: 01/31/2023) |
| 01/31/2023 | 626 | APPENDIX re: 625 Unopposed MOTION for Leave to File Excess Pages by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Exhibits 1 - 5 in Support of Plaintiffs' Motion for Summary Judgment, # 2 Exhibits 6 - 34 in Support of Plaintiffs' Motion for Summary Judgment, # 3 Exhibits 35 - 39 in Support of Plaintiffs' Motion for Summary Judgment, # 4 Ex. 40 Declaration of Ryan D. Walters)(Olson, Leif) (Entered: 01/31/2023) |
| 02/08/2023 | 627 | Brief of Charles Breiterman as Amicus Curiae in Support of Plaintiffs' Motion for Summary Judgment by Charles A Breiterman, filed. (Attachments: # 1 Proposed Order Motion For Leave To File)(Breiterman, Charles) Modified on 2/9/2023 (jtabares, 1). (Entered: 02/08/2023) |
| 02/08/2023 | 628 | Pro Hac Vice's Motion for Leave for Later Filing Under FRAP Rule 29(a)(6) by Charles A Breiterman, filed.(Breiterman, Charles) Modified on 2/9/2023 (jtabares, 1). (Entered: 02/08/2023) |
| 02/10/2023 | 629 | MOTION for William T. Thompson to Withdraw as Attorney by State of Texas, filed. Motion Docket Date 3/3/2023. (Attachments: # 1 Proposed Order)(Thompson, William) (Entered: 02/10/2023) |
| 02/20/2023 | 630 | Unopposed MOTION for Leave to File Amicus Brief by Immigration Reform Law Institute, filed. Motion Docket Date 3/13/2023. (Attachments: # 1 Brief of Immigration Reform Law Institute as Amicus Curiae in Support of Plaintiffs' Motion for Summary Judgment, # 2 Proposed Order)(Crapo, Matt) (Entered: 02/20/2023) |
| 02/20/2023 | 631 | MOTION for Matt A. Crapo to Appear Pro Hac Vice by Immigration Reform Law Institute, filed. Motion Docket Date 3/13/2023. (Attachments: # 1 Certificate of Good Standing)(Crapo, Matt) (Additional attachment(s) added on 2/21/2023: # 2 Verified Status of Bar Membership for Motion Pro Hac Vice) (jtabares, 1). (Entered: 02/20/2023) |
| 02/21/2023 | 632 | Mail Returned Undeliverable as to Stephen P Wallace re: 621 Order on Motion for Miscellaneous Relief, filed. (Address update not found) (MarcelleLaBee, 4) (Entered: 02/22/2023) |
| 02/21/2023 | 633 | Mail Returned Undeliverable as to Stephen P Wallace re: 622 Order on Motion for Leave to File, filed. (Address update not found) (MarcelleLaBee, 4) (Entered: 02/22/2023) |
| 02/21/2023 | 634 | |

| | | |
|---|---|---|
| | | Mail Returned Undeliverable as to Stephen P Wallace re: 617 Order, filed. (Address update not found) (MarcelleLaBee, 4) (Entered: 02/22/2023) |
| 03/01/2023 | 635 | MOTION for Joshua Patashnik to Appear Pro Hac Vice by Proposed Amici States, filed. Motion Docket Date 3/22/2023. (Patashnik, Joshua) (Additional attachment(s) added on 3/2/2023: # 1 Verified MPHV) (scastillo, 1). (Entered: 03/01/2023) |
| 03/02/2023 | 636 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by State of New Jersey, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order, # 2 Affidavit, # 3 Appendix)(Saxena, Mayur) (Entered: 03/02/2023) |
| 03/02/2023 | 637 | Unopposed MOTION for Leave to File Excess Pages by State of New Jersey, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order)(Saxena, Mayur) (Entered: 03/02/2023) |
| 03/02/2023 | 638 | Unopposed MOTION for Leave to File Excess Pages by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order Proposed Order)(Walker, James) (Entered: 03/02/2023) |
| 03/02/2023 | 639 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Appendix Defendants' Exhibits, # 2 Proposed Order Proposed Order)(Walker, James) (Entered: 03/02/2023) |
| 03/02/2023 | 640 | Unopposed MOTION for Leave to File Excess Pages by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order Proposed Order)(Perales, Nina) (Entered: 03/02/2023) |
| 03/02/2023 | 641 | Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 3/23/2023. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 03/02/2023) |

| | | |
|---|---|---|
| 03/02/2023 | <u>642</u> | BRIEF in Support *of Defendant-Intervenors Motion for Summary Judgment and in Opposition to Plaintiffs Motion for Summary Judgment* re: <u>641</u> Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment* by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. (Attachments: # <u>1</u> Affidavit Declaration of Nina Perales, # <u>2</u> Appendix Appendix)(Perales, Nina) (Entered: 03/02/2023) |
| 03/03/2023 | <u>643</u> | Unopposed MOTION to Modify Scheduling Order as to <u>621</u> Order on Motion for Miscellaneous Relief,,, by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 3/24/2023. (Attachments: # <u>1</u> Proposed Order)(Walters, Ryan) (Entered: 03/03/2023) |
| 03/09/2023 | <u>644</u> | Agreed MOTION for Leave to File Memorandum of Law as Amici Curiae by Proposed Amici States, filed. Motion Docket Date 3/30/2023. (Attachments: # <u>1</u> Exhibit Amicus Memorandum of Law, # <u>2</u> Proposed Order)(Patashnik, Joshua) (Entered: 03/09/2023) |
| 03/09/2023 | <u>645</u> | Unopposed MOTION for Leave to File Brief of Amici Curiae 43 Local Governments and Local Government Officials and Advocacy Organizations in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' and Defendants-Intervenors' Motions for Summary Judgment by 43 local governments and local government officials and advocacy organizations, filed. Motion Docket Date 3/30/2023. (Attachments: # <u>1</u> Brief of Amici Curiae 43 Local Governments and Local Government Officials and Advocacy Organizations in Opposition to Plaintiffs' Motion for Summary Judgment and in Support of Defendants' and Defendants-Intervenors' Motions for Summary Judgment, # <u>2</u> Proposed Order)(Whilt, Nicholas) (Entered: 03/09/2023) |
| 03/09/2023 | <u>646</u> | MOTION for Kelsey Chandrasoma to Appear Pro Hac Vice by 43 local governments and local government officials and advocacy organizations, filed. Motion Docket Date 3/30/2023. (Chandrasoma, Kelsey) (Additional attachment(s) added on 3/10/2023: # <u>1</u> Verified Status of Bar Membership) (jtabares, 1). (Entered: 03/09/2023) |
| 03/09/2023 | <u>647</u> | MOTION for James Bowman to Appear Pro Hac Vice by 43 local governments and local government officials and advocacy organizations, filed. Motion Docket Date 3/30/2023. (Bowman, James) (Additional attachment(s) added on 3/10/2023: # <u>1</u> Verified Status of Bar Membership) (jtabares, 1). (Entered: 03/09/2023) |

| 03/09/2023 | 648 | ORDER granting 643 Motion to Modify Scheduling Order. Any response deadline to Plaintiffs' supplemental complaint is stayed pending resolution of any summary judgment motions..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/10/2023) |
| --- | --- | --- |
| 03/09/2023 | 649 | ORDER granting 629 Motion to Withdraw as Attorney. Attorney William Thomas Thompson terminated, Attorney Ryan D. Walters added..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/10/2023) |
| 03/09/2023 | 650 | ORDER granting 612 Motion to Withdraw as Attorney. Attorney Melissa Medoway terminated.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/10/2023) |
| 03/10/2023 | 651 | ORDER granting 646 Motion for Kelsey A. Chandrasoma to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/13/2023) |
| 03/10/2023 | 652 | ORDER granting 647 Motion for James A. Bowman to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/13/2023) |
| 03/10/2023 | 653 | ORDER granting 645 Motion for Leave to File.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/13/2023) |
| 03/10/2023 | 654 | BRIEF OF AMICI CURIAE by 43 local governments and local government officials and advocacy organizations In Opposition to Plaintiffs' Motion for Summary Judgment and In Support of Defendants' and Defendants-Intervenors' Motions for Summary Judgment., filed.(jdav, 4) (Entered: 03/13/2023) |
| 03/10/2023 | 655 | ORDER granting 644 Motion for Leave to File A Memorandum of Law as Amici Curiae.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/13/2023) |
| 03/10/2023 | 656 | MEMORANDUM OF LAW OF AMICI CURIAE by 21 States and the District of Columbia IN OPPOSITION TO PLAINTIFFS MOTION FOR SUMMARY JUDGMENT AND IN SUPPORT OF DEFENDANTS CROSS-MOTIONS FOR SUMMARY JUDGMENT, filed.(jdav, 4) (Entered: 03/13/2023) |
| 03/14/2023 | 657 | ORDER granting 625 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/14/2023) |
| 03/14/2023 | 658 | ORDER granting 640 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/14/2023) |
| 03/14/2023 | 659 | |

| | | |
|---|---|---|
| | | ORDER granting 635 Motion for Joshua Patashnik to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/14/2023) |
| 03/14/2023 | 660 | ORDER granting 638 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/14/2023) |
| 03/14/2023 | 661 | ORDER granting 631 Motion for Matt A. Crapo to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/15/2023) |
| 03/22/2023 | 662 | Unopposed MOTION to Modify The Scheduling Order by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, filed. Motion Docket Date 4/12/2023. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 03/22/2023) |
| 03/27/2023 | 663 | Mail Returned Undeliverable as to Stephen P Wallace re: 652 Order on Motion to Appear Pro Hac Vice,, filed. (agould, 3) (Entered: 03/27/2023) |
| 03/27/2023 | 664 | Mail Returned Undeliverable as to Stephen P Wallace re: 651 Order on Motion to Appear Pro Hac Vice,, filed. (agould, 3) (Entered: 03/27/2023) |
| 03/27/2023 | 665 | Mail Returned Undeliverable as to Stephen P Wallace re: 648 Order on Motion to Modify, filed. (RobertTenorio, 5) (Entered: 03/27/2023) |
| 03/27/2023 | 666 | ORDER granting 662 Motion to Modify. The deadline for Plaintiffs to file a reply in support of their motion for summary judgment and in response to Defendants' cross-motions for summary judgment is reset to April 6, 2023, and the deadline for Defendants to file replies in support of their cross-motions for summary judgment is reset to April 27, 2023..(Signed by Judge Andrew S Hanen) Parties notified.(jdav, 4) (Entered: 03/28/2023) |
| 03/28/2023 | 667 | Mail Returned Undeliverable as to Stephen P Wallace re: 659 Order on Motion to Appear Pro Hac Vice,, filed. (JenniferLongoria, 1) (Entered: 03/28/2023) |
| 03/28/2023 | 668 | Mail Returned Undeliverable as to Stephen P Wallace re: 658 Order on Motion for Leave to File Excess Pages, filed. (JenniferLongoria, 1) (Entered: 03/28/2023) |
| 03/28/2023 | 669 | Mail Returned Undeliverable as to Stephen P Wallace re: 661 Order on Motion to Appear Pro Hac Vice,, filed. |

| | | |
|---|---|---|
| | | (JenniferLongoria, 1) (Entered: 03/28/2023) |
| 03/28/2023 | 670 | Mail Returned Undeliverable as to Stephen P Wallace re: 657 Order on Motion for Leave to File Excess Pages, filed. (JenniferLongoria, 1) (Entered: 03/28/2023) |
| 04/06/2023 | 671 | Unopposed MOTION for Jeremy Hollander et al. to Withdraw as Attorney by State of New Jersey, filed. Motion Docket Date 4/27/2023. (Attachments: # 1 Exhibit PHV Admission Motion Rubinstein, # 2 Exhibit PHV Admission Motion Morejon, # 3 Exhibit PHV Admission Motion Farahani, # 4 Proposed Order)(Saxena, Mayur) (Entered: 04/06/2023) |
| 04/06/2023 | 672 | MOTION for Leave to File Excess Pages by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 4/27/2023. (Attachments: # 1 Proposed Order)(Walters, Ryan) (Entered: 04/06/2023) |
| 04/06/2023 | 673 | RESPONSE in Opposition to 641 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, 625 Unopposed MOTION for Leave to File Excess Pages, 639 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, 636 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, filed by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia. (Walters, Ryan) (Entered: 04/06/2023) |
| 04/06/2023 | 674 | APPENDIX re: 673 Response in Opposition to Motion,, by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. (Attachments: # 1 Appendix)(Walters, Ryan) (Entered: 04/06/2023) |
| 04/07/2023 | 675 | Mail Returned Undeliverable as to Stephen P Wallace re: 650 Order on Motion to Withdraw as Attorney, filed. (hlerma, 4) (Entered: 04/07/2023) |
| 04/07/2023 | 676 | Mail Returned Undeliverable as to Stephen P Wallace re: 649 Order on Motion to Withdraw as Attorney, filed. (hlerma, 4) (Entered: 04/07/2023) |
| 04/07/2023 | 677 | Mail Returned Undeliverable as to Stephen P Wallace re: 666 Order on Motion to Modify,, filed. (TerriHanniable, 4) (Entered: 04/07/2023) |
| 04/25/2023 | 678 | NOTICE of Appearance by Ethan Szumanski on behalf of State of Texas, filed. (Szumanski, Ethan) (Entered: 04/25/2023) |
| 04/27/2023 | 679 | REPLY in Support of 636 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary* |

| | | |
|---|---|---|
| | | *Judgment*, filed by State of New Jersey. (Saxena, Mayur) (Entered: 04/27/2023) |
| 04/27/2023 | 680 | REPLY in Support of 641 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, filed by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Affidavit, # 2 Appendix)(Perales, Nina) (Entered: 04/27/2023) |
| 04/27/2023 | 681 | REPLY in Support of 639 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Attachments: # 1 Affidavit In Support of Rule 56(d) Request for Discovery)(Walker, James) (Entered: 04/27/2023) |
| 04/28/2023 | 682 | AFFIDAVIT of Nina Perales re: 680 Reply in Support of Motion,,, filed.(Perales, Nina) (Entered: 04/28/2023) |
| 05/09/2023 | 683 | Unopposed MOTION for Motions for Summary Judgment Hearing by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Elizabeth Diaz, Maria Diaz, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 5/30/2023. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 05/09/2023) |
| 05/16/2023 | 684 | ORDER granting 683 Motion for Oral Argument on Motions for Summary Judgment Motion Hearing set for 6/1/2023 at 10:00 AM in Courtroom 9D before Judge Andrew S Hanen.(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 05/17/2023) |
| 05/22/2023 | 685 | ORDER granting 630 Motion for Leave to File.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 05/22/2023) |
| 05/22/2023 | 686 | ORDER granting 637 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 05/22/2023) |
| 05/22/2023 | 687 | ORDER granting 672 Motion for Leave to File Excess Pages.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 05/22/2023) |
| 05/22/2023 | 688 | ORDER granting 628 Motion for Leave for Later Filing..(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 05/22/2023) |

| 05/22/2023 | | (Court only) ***Attorney Samuel L Rubinstein for State of New Jersey added. Attorney Elspeth L. Faiman Hans; Jeremy Hollander; Kenneth S Levine; Eric L Apar and Rachel Wainer Apter terminated. (JoanDavenport, 4) (Entered: 05/22/2023) |
| --- | --- | --- |
| 05/22/2023 | | (Court only) ***Attorney Shireen L Farahani,Amanda L Morejon for State of New Jersey added. (JoanDavenport, 4) (Entered: 05/22/2023) |
| 05/22/2023 | 689 | ORDER granting 671 Motion to Withdraw as Attorney AS TO Eric L. Apar, Elspeth L. Faiman Hans, Jeremy Hollander, Kenneth S. Levin and Rachel Wainer Apter are withdrawn as counsel of record for the State of New Jersey. Shireen A. Farahani, Amanda I. Morejon and Samuel L. Rubinstein are admitted Pro Hac Vice..(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 05/22/2023) |
| 05/27/2023 | 690 | Opposed MOTION for Leave to File SUR-REPLY TO DEFENDANTS REPLY BRIEFS by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 6/20/2023. (Attachments: # 1 Exhibit 1 -PLAINTIFF STATES SUR-REPLY TO DEFENDANTS REPLY BRIEFS, # 2 Proposed Order)(Walters, Ryan) (Entered: 05/27/2023) |
| 05/30/2023 | 691 | MOTION for Eric Hudson to Withdraw as Attorney by State of Texas, filed. Motion Docket Date 6/20/2023. (Attachments: # 1 Proposed Order)(Walters, Ryan) (Entered: 05/30/2023) |
| 05/30/2023 | 692 | MOTION for Michael Toth to Withdraw as Attorney by State of Texas, filed. Motion Docket Date 6/20/2023. (Attachments: # 1 Proposed Order)(Walters, Ryan) (Entered: 05/30/2023) |
| 05/30/2023 | 693 | Mail Returned Undeliverable as to Stephen P Wallace re: 684 Order on Motion for Hearing, filed. (MarcelleLaBee, 4) (Entered: 05/30/2023) |
| 05/31/2023 | 694 | RESPONSE in Opposition to 690 Opposed MOTION for Leave to File SUR-REPLY TO DEFENDANTS REPLY BRIEFS, filed by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America. (Walker, James) (Entered: 05/31/2023) |
| 06/01/2023 | | Minute Entry for proceedings held before Judge Andrew S Hanen. MOTION HEARING held on 6/1/2023. The Court heard argument from all parties regarding the pending Cross Motions 636 639] for Summary Judgment. The Court will take the matter under advisement and issue an Order in due course. Appearances: Carlos Garcia, Nina Perales, Emerson Siegle, Philip Ehrlich, Samantha Serna, Fatima Menendez, James Joseph Walker, Jeffrey S Robins, Daniel Hu, Ryan Walters, Mayur Saxena, Ethan Szumanski.(Court Reporter: G. Dye), filed.(rhawkins) (Entered: 06/01/2023) |
| 06/01/2023 | 695 | |

| | | |
|---|---|---|
| | | AO 435 TRANSCRIPT REQUEST by Nina Perales for Transcript of Motion Hearing on 6/1/2023 before Judge Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Perales, Nina) (Entered: 06/01/2023) |
| 06/02/2023 | 696 | AO 435 TRANSCRIPT REQUEST by State of New Jersey/Samuel Rubinstein for Transcript of Motion Hearing on 6/1/23 before Judge Andrew S. Hanen. Expedited (7 days) turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Rubinstein, Samuel) (Entered: 06/02/2023) |
| 06/02/2023 | 697 | AO 435 TRANSCRIPT REQUEST by Daniel D. Hu for Transcript of Motion Hearing on 6/1/23 before Judge Andrew Hanen. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Hu, Daniel) (Entered: 06/02/2023) |
| 06/08/2023 | 698 | AO 435 TRANSCRIPT REQUEST by State of Texas/Ryan Walters for Transcript of 6/1/23. Ordinary (30 days) turnaround requested. Court Reporter/Transcriber: Gayle Dye, filed. (Walters, Ryan) (Entered: 06/08/2023) |
| 06/08/2023 | 699 | TRANSCRIPT re: Motion Hearing held on June 1, 2023, before Judge Andrew S Hanen. Court Reporter/Transcriber Dye. Release of Transcript Restriction set for 9/6/2023., filed. (Dye, Gayle) (Entered: 06/08/2023) |
| 06/09/2023 | 700 | Notice of Filing of Official Transcript as to 699 Transcript. Party notified, filed. (SaraCelis, 1) (Entered: 06/09/2023) |
| 06/19/2023 | 701 | Unopposed MOTION for Samantha Serna to Withdraw as Attorney by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/10/2023. (Attachments: # 1 Proposed Order)(Perales, Nina) (Entered: 06/19/2023) |
| 06/20/2023 | 702 | RESPONSE in Opposition to 690 Opposed MOTION for Leave to File SUR-REPLY TO DEFENDANTS REPLY BRIEFS, filed by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez. (Attachments: # 1 Exhibit Exhibit A-Declaration of Nina Perales, # 2 Exhibit Appendix and Exhibits 1-8)(Perales, Nina) (Entered: 06/20/2023) |
| 06/20/2023 | 703 | |

| | | |
|---|---|---|
| | | MOTION for Leave to File Notice of Supplemental Authority by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/11/2023. (Attachments: # 1 Exhibit Exhibit A-Notice of Supplemental Authority, # 2 Exhibit Exhibit 1-Haaland v. Brackeen, # 3 Proposed Order Proposed Order for Motion for Leave to File Notice of Supplemental Authority)(Perales, Nina) (Entered: 06/20/2023) |
| 06/21/2023 | 704 | Unopposed MOTION for Leave to File Notice of Supplemental Authority by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 7/12/2023. (Attachments: # 1 Exhibit Notice of Supplemental Authority)(Walker, James) (Entered: 06/21/2023) |
| 06/29/2023 | 705 | Unopposed MOTION for Leave to File Notice of Supplemental Authority by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez, filed. Motion Docket Date 7/20/2023. (Attachments: # 1 Proposed Order, # 2 Exhibit Notice of Supplemental Authority, # 3 Exhibit Opinion in TX v US)(Perales, Nina) (Entered: 06/29/2023) |
| 07/05/2023 | 706 | Unopposed MOTION for Leave to File Notice of Supplemental Authority by L. Francis Cissna, Thomas D. Homan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 7/26/2023. (Attachments: # 1 Exhibit Notice of Supplemental Authority, # 2 Proposed Order Proposed Order)(Walker, James) (Entered: 07/05/2023) |
| 07/06/2023 | 707 | ORDER granting 690 Motion for Leave to File; granting 691 Motion to Withdraw as Attorney; granting 692 Motion to Withdraw as Attorney; granting 701 Motion to Withdraw as Attorney; granting 703 Motion for Leave to File; granting 704 Motion for Leave to File; granting 705 Motion for Leave to File; granting 706 Motion for Leave to File.(Signed by Judge Andrew S Hanen) Parties notified.(rhawkins) (Entered: 07/06/2023) |
| 07/07/2023 | 708 | ADVISORY by State of Alabama, State of Arkansas, State of Kansas, State of Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed.(Walters, Ryan) (Entered: 07/07/2023) |
| 07/14/2023 | 709 | Unopposed MOTION for Leave to File Response to Notices of Supplemental Authority and Notice of Supplemental Authority by State of Alabama, State of Arkansas, State of Kansas, State of |

| | | |
|---|---|---|
| | | Louisiana, State of Mississippi, State of Nebraska, State of South Carolina, State of Texas, State of West Virginia, filed. Motion Docket Date 8/4/2023. (Attachments: # 1 Exhibit 1 - Response to Notices of Supplemental Authority, # 2 Exhibit 2 - Notice of Supplemental Authority Biden v. Nebraska, # 3 Proposed Order)(Walters, Ryan) (Entered: 07/14/2023) |
| 07/17/2023 | 710 | NOTICE of Referral of Motion to Magistrate Judge Sam S Sheldon re 709 Unopposed MOTION for Leave to File Response to Notices of Supplemental Authority and Notice of Supplemental Authority, filed. (JoanDavenport, 4) (Entered: 07/17/2023) |
| 07/17/2023 | 711 | ORDER granting 709 Motion for Leave to File a Response to Notices of Supplemental Authority and Notice of Supplemental Authority..(Signed by Judge Sam S. Sheldon) Parties notified.(rhawkins, 4) (Entered: 07/17/2023) |
| 07/17/2023 | 712 | Plaintiff States' Notice of Supplemental Authority, filed.(JoanDavenport, 4) (Entered: 07/17/2023) |
| 07/17/2023 | 713 | Plaintiff States' Response to Notices of Supplemental Authority, filed.(JoanDavenport, 4) (Entered: 07/17/2023) |
| 07/31/2023 | 714 | MOTION for Ashleigh B. Shelton to Appear Pro Hac Vice by State of New Jersey, filed. (Attachments: # 1 Proposed Order Draft Order, # 2 Proposed Order Form Motion (flattened))(Rubinstein, Samuel) (Additional attachment(s) added on 8/1/2023: # 3 Verified MPHV) (SarahCastillo, 1). (Entered: 07/31/2023) |
| 07/31/2023 | 715 | Unopposed MOTION for Leave to File Response to Notice of Supplemental Authority by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. Motion Docket Date 8/21/2023. (Attachments: # 1 Exhibit Response to Notice of Supplemental Authority, # 2 Proposed Order)(Walker, James) (Entered: 07/31/2023) |
| 08/02/2023 | 716 | ORDER granting 715 Motion for Leave to File Response to Plaintiff's Notice of Supplemental Authority. Federal Defendants have leave to file their Response..(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 08/06/2023) |
| 08/02/2023 | 717 | RESPONSE to 712 Plaintiff's Notice of Supplemental Authority filed by the Federal Defendants.. (JoanDavenport, 4) (Entered: 08/06/2023) |
| 08/08/2023 | 718 | Unopposed MOTION for Leave to File Notice of Supplemental Authority by Nancy Adossi, Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Pratishtha Khanna, Jung Woo Kim, Karla Lopez, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Karla Perez, Luis A Rafael, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel |

| | | |
|---|---|---|
| | | Silva, Darwin Velasquez, filed. Motion Docket Date 8/29/2023. (Attachments: # 1 Proposed Order, # 2 Notice of Supplemental Authority, # 3 Exhibit Exhibit A to Notice)(Perales, Nina) (Entered: 08/08/2023) |
| 08/14/2023 | | (Court only) ***Attorney Ashleigh B Shelton for State of New Jersey added. (JoanDavenport, 4) (Entered: 08/16/2023) |
| 08/14/2023 | 719 | ORDER granting 714 Motion for Ashleigh B. Shelton to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 08/16/2023) |
| 08/14/2023 | 720 | ORDER granting 718 Motion for Leave to File a response to Plaintiff States' Notice of Supplemental Authority..(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 08/16/2023) |
| 08/14/2023 | 721 | RESPONSE OF DEFENDANT-INTERVENORS Elizabeth Diaz, et al, to Plaintiff States' Notice of Supplemental Authority.. (JoanDavenport, 4) (Entered: 08/16/2023) |
| 08/30/2023 | 722 | Mail Returned Undeliverable as to Stephen P Wallace re: 716 Order on Motion for Leave to File, filed. (FrancesCarbia, 2) (Entered: 08/30/2023) |
| 09/05/2023 | 723 | Mail Returned Undeliverable as to attorney Ashleigh B Shelton as to State of New Jersey re: 719 Order on Motion to Appear Pro Hac Vice,, filed. (AndyGould, 3) (Entered: 09/06/2023) |
| 09/05/2023 | 724 | Mail Returned Undeliverable as to attorney Ashleigh B Shelton as to State of New Jersey re: 720 Order on Motion for Leave to File, filed. (AndyGould, 3) (Entered: 09/06/2023) |
| 09/05/2023 | 725 | Mail Returned Undeliverable as to Stephen P Wallace re: 720 Order on Motion for Leave to File, filed. (AndyGould, 3) (Entered: 09/06/2023) |
| 09/06/2023 | 726 | MOTION to Appear Pro Hac Vice for Grace X. Zhou (Fee Paid: $100, receipt number ATXSDC-30467269) by Proposed Amici States, filed. Motion Docket Date 9/27/2023. (Zhou, Grace) (Entered: 09/06/2023) |
| 09/06/2023 | 727 | MOTION to Appear Pro Hac Vice for Ester Murdukhayeva (Fee Paid: $100, receipt number ATXSDC-30469870) by Proposed Amici States, filed. Motion Docket Date 9/27/2023. (Murdukhayeva, Ester) (Entered: 09/06/2023) |
| 09/13/2023 | 728 | MEMORANDUM AND ORDER (Signed by Judge Andrew S Hanen) Parties notified.(RhondaHawkins) (Entered: 09/13/2023) |
| 09/13/2023 | 729 | SUPPLEMENTAL ORDER OF INJUNCTION (Signed by Judge Andrew S Hanen) Parties notified.(RhondaHawkins) (Entered: 09/13/2023) |
| 09/13/2023 | | |

| | | |
|---|---|---|
| | | (Court only) ***Motion(s) terminated: 641 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, 636 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*, 639 Cross MOTION for Summary Judgment *and Opposition to Plaintiffs' Motion for Summary Judgment*. (RhondaHawkins) (Entered: 09/13/2023) |
| 09/30/2023 | 730 | NOTICE *of Compliance* re: 729 Permanent Injunction by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Attachments: # 1 Exhibit DHS Public Notice, # 2 Exhibit USCIS Public Notice)(Walker, James) (Entered: 09/30/2023) |
| 11/02/2023 | 731 | ORDER granting 727 Motion for Ester Murdukhayeva to Appear Pro Hac Vice **Note: Instructions to request Texas Southern CM/ECF registration through PACER are found here**.(Signed by Judge Andrew S Hanen) Parties notified.(JoanDavenport, 4) (Entered: 11/03/2023) |
| 11/09/2023 | 732 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 729 Permanent Injunction, 728 Memorandum and Order by L. Francis Cissna, Thomas D. Homan, Kevin K. McAleenan, Kirstjen M. Nielsen, Carla L. Provost, United States of America, filed. (Walker, James) (Entered: 11/09/2023) |
| 11/09/2023 | 733 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 729 Permanent Injunction, 728 Memorandum and Order by Carlos Aguilar Gonzalez, Oscar Alvarez, Moses Kamau Chege, Elizabeth Diaz, Maria Diaz, Elly Marisol Estrada, Blanca Gonzalez, Hyo-Won Jeon, Jung Woo Kim, Jose Magana-Salgado, Nanci J Palacios Godinez, Jin Park, Maria Rocha, Denise Romero, Karina Ruiz De Diaz, Angel Silva, Darwin Velasquez (Filing fee $ 505, receipt number ATXSDC-30788932), filed.(Perales, Nina) (Entered: 11/09/2023) |
| 11/10/2023 | 734 | NOTICE OF APPEAL to US Court of Appeals for the Fifth Circuit re: 729 Permanent Injunction, 728 Memorandum and Order by State of New Jersey (Filing fee $ 505, receipt number ATXSDC-30792317), filed.(Saxena, Mayur) (Entered: 11/10/2023) |
| 11/13/2023 | 735 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 732 Notice of Appeal,. Fee status: GOV, filed. (Attachments: # 1 NOA) (DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | | Appeal Review Notes re: 732 Notice of Appeal,. Fee status: GOV. The appellant is a U.S. government agency, and no fee is required.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | 736 | |

| | | |
|---|---|---|
| | | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 733 Notice of Appeal,. Fee status: Paid, filed. (Attachments: # 1 NOA) (DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | | Appeal Review Notes re: 733 Notice of Appeal,. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | 737 | Unopposed MOTION for Andrew Amend to Withdraw as Attorney by 21 States and the District of Columbia, filed. Motion Docket Date 12/4/2023. (Attachments: # 1 Proposed Order)(Murdukhayeva, Ester) (Entered: 11/13/2023) |
| 11/13/2023 | 738 | Clerks Notice of Filing of an Appeal. The following Notice of Appeal and related motions are pending in the District Court: 734 Notice of Appeal. Fee status: Paid, filed. (Attachments: # 1 NOA) (DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | | Appeal Review Notes re: 734 Notice of Appeal. Fee status: Paid. The appeal filing fee has been paid or an ifp motion has been granted.Hearings were held in the case - transcripts were produced. Number of DKT-13 Forms expected: 1, filed.(DorinaReyna, 1) (Entered: 11/13/2023) |
| 11/13/2023 | | Notice of Assignment of USCA No. 23-40653 re: 733 Notice of Appeal,, filed.(BerthaVasquez, 1) (Entered: 11/13/2023) |
| 11/14/2023 | | (Court only) ***(PRIVATE ENTRY) EROA requested by the Fifth Circuit, due on 11/28/2023. [23-40653] (CCR), filed. (BerthaVasquez, 1) (Entered: 11/14/2023) |
| 11/14/2023 | | (Court only) Cleared Flags. APPEAL_NAT flag cleared. (BerthaVasquez, 1) (Entered: 11/14/2023) |

Tab 2

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

---

| | |
|---|---|
| STATE OF TEXAS, | ) |
| STATE OF ALABAMA, | ) |
| STATE OF ARKANSAS, | ) |
| STATE OF KANSAS, | ) |
| STATE OF LOUISIANA, | ) |
| STATE OF MISSISSIPPI, | ) |
| STATE OF NEBRASKA, | ) |
| STATE OF SOUTH CAROLINA, and | ) |
| STATE OF WEST VIRGINIA, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| ALEJANDRO MAYORKAS, | ) |
| TROY A. MILLER, | ) |
| TAE D. JOHNSON, | ) |
| UR M. JADDOU, and | ) |
| RAUL L. ORTIZ, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| *and* | ) Case No. 1:18-CV-00068 |
| | ) |
| ELIZABETH DIAZ, | ) |
| JOSE MAGAÑA-SALGADO, | ) |
| KARINA RUIZ DE DIAZ, | ) |
| JIN PARK, | ) |
| DENISE ROMERO, | ) |
| ANGEL SILVA, | ) |
| M. KAMAU CHEGE, | ) |
| HYO-WON JEON, | ) |
| BLANCA GONZALEZ, | ) |
| MARIA ROCHA, | ) |
| MARIA DIAZ, | ) |
| ELLY MARISOL ESTRADA, | ) |
| DARWIN VELASQUEZ, | ) |
| OSCAR ALVAREZ, | ) |
| LUIS A. RAFAEL, | ) |
| NANCI J. PALACIOS GODINEZ, | ) |

JUNG WOO KIM, and            )
CARLOS AGUILAR GONZALEZ,     )
                            )
            Defendant-Intervenors,     )
                            )
*and*                       )
                            )
STATE OF NEW JERSEY,        )
                            )
            Defendant-Intervenor.     )
                            )

## NOTICE OF APPEAL

Notice is hereby given that Defendant-Intervenors Elizabeth Diaz, Jose Magaña-Salgado, Karina Ruiz de Diaz, Jin Park, Denise Romero, Angel Silva, M. Kamau Chege, Hyo-Won Jeon, Blanca Gonzalez, Maria Rocha, Maria Diaz, Elly Marisol Estrada, Darwin Velasquez, Oscar Alvarez, Luis A. Rafael, Nanci J. Palacios Godinez, Jung Woo Kim, and Carlos Aguilar Gonzalez (collectively, "Defendant-Intervenors") hereby appeal to the United States Court of Appeals for the Fifth Circuit from the District Court's final judgment entered in this action on September 13, 2023 and all interlocutory orders that merge therein, including, without limiting the foregoing, (i) the Memorandum and Order of September 13, 2023 (Dkt. No. 728) granting in part the Motion for Summary Judgment filed by Plaintiffs (Dkt. No. 625-1) and denying Defendant-Intervenors' Motion for Summary Judgment (Dkt. No. 641); and (ii) the Supplemental Order of Injunction of September 13, 2023 (Dkt. No. 729).

*[signature page follows]*

23-40653.36415

Dated: November 9, 2023

Respectfully submitted,

**MEXICAN AMERICAN LEGAL DEFENSE
AND EDUCATIONAL FUND**

*/s/ Nina Perales*
Nina Perales (Tex. Bar No. 24005046);
(SD of Tex. Bar No. 21127)
Attorney-in-Charge
110 Broadway, Suite 300
San Antonio, Texas 78205
Phone: (210) 224-5476
Facsimile: (210) 224-5382
Email: nperales@maldef.org

**ROPES & GRAY LLP**
Douglas H. Hallward-Driemeier
2099 Pennsylvania Ave NW
Washington, DC 20006-6807
(202) 508-4600
(202) 508-4776 (direct dial)
Douglas.Hallward-
Driemeier@ropesgray.com
(Admitted pro hac vice)

**GARCÍA & GARCÍA,
ATTORNEYS AT LAW P.L.L.C.**
Carlos Moctezuma García
(Tex. Bar No. 24065265)
(SD of Tex. Bar No. 1081768)
P.O. Box 4545
McAllen, TX 78502
Phone: (956) 630-3889
Facsimile: (956) 630-3899
Email: cgarcia@garciagarcialaw.com

*Attorneys for Defendant-Intervenors*

23-40653.36416

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that, on November 9, 2023, I electronically filed the above and foregoing document using the CM/ECF system, which automatically sends notice and a copy of the filing to all counsel of record.

*/s/ Nina Perales*
Nina Perales
*Attorney for Defendant-Intervenors*

23-40653.36417

Tab 3

United States District Court
Southern District of Texas

**ENTERED**

September 13, 2023

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| *v.* | § | Civil Action No. 1:18-CV-00068 |
| | § | |
| THE UNITED STATES OF AMERICA, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| *and* | § | |
| | § | |
| KARLA PEREZ, *et al.*; | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| *Defendant-Intervenors*. | § | |

## MEMORANDUM AND ORDER

Before the Court is the Motion for Summary Judgment filed by the Plaintiff States.[1] (Doc. No. 625-1). Defendant-Intervenor New Jersey filed a combined response and cross-motion for Summary Judgment, as did the individual Defendant-Intervenors.[2] (Doc. Nos. 636, 641). The primary Defendant is the United States of America, and the following individuals with some supervisory role over the Deferred Action for Childhood Arrivals ("DACA") program have also been named: Alejandro Mayorkas, Troy A. Miller, Tae D. Johnson, Ur M. Jaddou, and Raul L. Ortiz (the "Federal Defendants"). Collectively, the Federal Defendants have filed a combined cross-motion for summary judgment and response in opposition to the Plaintiff States' motion. (Doc. No. 639). The parties have filed various responses, replies, and sur-replies. Additionally,

---

[1] The Plaintiff States are comprised of Texas, Alabama, Arkansas, Kansas, Louisiana, Mississippi, Nebraska, South Carolina, and West Virginia.

[2] The Defendant-Intervenors are 22 individual DACA recipients plus the State of New Jersey. The Court will refer to them collectively as "Defendant-Intervenors" unless there is a need for them to be referred to separately. When that occurs, the Court will denote the DACA recipients as the "individual Defendant-Intervenors" and the state as "New Jersey."

this Court has allowed multiple entities to participate as *amici curiae*. At the request of the parties, the Court held oral argument and various parties have, to a limited extent, filed additional post-argument authorities.

The focus of all parties is on the recently adopted DACA "Final Rule" promulgated by the Department of Homeland Security ("DHS"). This rule was promulgated following a notice and comment period as prescribed by the Administrative Procedure Act ("APA"). 5 U.S.C. § 500 *et seq*. The Final Rule was to become effective on October 31, 2022.[3] Before that date arrived, however, the United States Court of Appeals for the Fifth Circuit affirmed this Court's opinion and order enjoining DACA. *Texas v. United States*, 549 F.Supp.3d 572 (S.D. Tex. 2021), *aff'd Texas v. United States*, 50 F.4th 498 (5th Cir. 2022) (hereinafter, "*Texas II*"). As discussed below, that affirmance had one exception—the legality of the "new" Final Rule. The Fifth Circuit, lacking the complete administrative record, remanded the consideration of the Final Rule to this Court. Following the remand, the parties agreed prior to the effective date that the Final Rule would be subject to this Court's earlier injunction of the DACA program pending a ruling by this Court.[4] Thus, the Final Rule has never been implemented.

In its opinion, the Fifth Circuit requested this Court rule expeditiously. *Texas II*, 50 F.4th at 512. Nevertheless, since the parties agreed to subject the Final Rule to the terms of the existing injunction, the need for immediate action was somewhat alleviated. Moreover, given the subject matter's importance, the Court allowed the parties to create their own briefing schedule to enable them to fully address the Final Rule. They agreed upon a schedule, fully briefed the issues in accordance with that schedule, and presented the case to the Court at oral argument. Prior to the

---

[3] 87 Fed. Reg. 53,152 (Aug. 30, 2022) (to be codified at 8 C.F.R. pts. 106, 236, and 274a).

[4] (Doc. No. 603).

2

hearing, the Court reviewed the administrative record in detail.[5] Thus, the issues are now ripe for resolution.

The Plaintiff States' attack on the Final Rule falls into two categories. The Plaintiff States argue that the Final Rule: (1) substantively violates the APA; and (2) violates the Take Care Clause of the United States Constitution. 5 U.S.C. § 500 *et seq*.; U.S. CONST. art. II, § 3.[6] Not surprisingly, the Defendants and the Defendant-Intervenors disagree.

## I.    Legal Standard

As contemplated by the parties, the issues concerning the Final Rule have been raised via competing motions for summary judgment. Summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–25 (1986)). Once a movant submits a properly supported motion, the burden shifts to the non-movant to show that the Court should not grant the motion. *Celotex*, 477 U.S. at 321– 25. The non-movant then must provide specific facts showing that there is a genuine dispute. *Id.* at 324; *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A dispute about a material fact is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The Court must draw all reasonable inferences in the light most favorable to the nonmoving party in deciding

---

[5] The administrative record submitted to the Court is approximately 7,600 pages in length. *See* (Doc. Nos. 607–611).

[6] The Court, while using initial caps for ease of readability, acknowledges as it has before that "Take Care Clause" more often appears in print as "take Care Clause," which uses a lowercase initial letter in the word "take." This latter approach has been adopted by many scholars and authors because that is how it appears in most copies of the Constitution.

3

23-40653.36362

a summary judgment motion. *Id.* at 255. The key question on summary judgment is whether there is evidence raising an issue of material fact upon which a hypothetical, reasonable factfinder could find in favor of the nonmoving party. *Id.* at 248.

## II.   Background

In 2012, after years of waiting for Congress to pass an act granting lawful status for individuals illegally brought to the United States as children, the Secretary of the Department of Homeland Security, Janet Napolitano, issued a three-page memorandum (the "2012 DACA Memorandum") that announced the creation of the Deferred Action for Childhood Arrivals ("DACA") program.[7] Among other provisions, the 2012 DACA Memorandum directed that the removal of certain aliens who entered the United States unlawfully as children should be deferred and that these immigrants should receive certain benefits.

Briefly, the 2012 DACA Memorandum directed immigration enforcement officers not to remove "certain young people who were brought to this country as children" who met specific delineated criteria. For those who qualify, DACA allows them to remain in the country indefinitely through a renewable two-year period of "deferred action."[8] An illegal alien[9] is eligible for DACA

---

[7] (Doc. No. 487, Ex. 1, Memorandum from Janet Napolitano, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* (June 15, 2012)).

[8] In at least one place in the Code of Federal Regulations, "deferred action" is characterized as "an act of administrative convenience to the government which gives some cases lower priority." 8 C.F.R § 274a.1(c)(14); *see also Reno v. AAADC*, 525 U.S. 471, 483–84 (1999) (describing deferred action as the Executive abandoning the deportation endeavor "for humanitarian reasons or simply for its own convenience").

[9] The Court understands that some may find the phrase "illegal alien" offensive; however, to be eligible for DACA under either the 2012 DACA Memorandum or the Final Rule, one must be an alien who is in the United States illegally, or "not in a lawful immigration status." AR2022_100264, 87 Fed. Reg. 53,221, (Doc. No. 607-1 at 286). Indeed, the DHS in its discussion acknowledges that it uses the term "alien" because it is a legal term of art defined by the Immigration and Nationalization Act. AR2022_100295, 87 Fed. Reg. 53,252, (Doc. No. 607-1 at 317). Additionally, the Court uses this term because it is used in official government documents as quoted by the Supreme Court in its seminal pronouncement pertaining to this area of law. *See Arizona v. United States,* 567 U.S. 387, 397 (2012). Moreover, "alien" and "immigrant" are defined statutory terms. *See* 8 U.S.C. §§ 1101(a)(3), (15). Furthermore, the Fifth Circuit explained why "illegal alien" is a preferable (and not pejorative) term in a case like this:

if he or she:

- came to the United States under the age of sixteen;

- has continuously resided in the United States for at least five years preceding [June 15, 2012] and is present in the United States on [June 15, 2012];

- is currently in school, has graduated from high school, has obtained a general education development certificate, or is an honorably discharged veteran of the Coast Guard or Armed Forces of the United States;

- has not been convicted of a felony offense, a significant misdemeanor offense, multiple misdemeanor offenses, or otherwise poses a threat to national security or public safety; and

- is not above the age of thirty.

The 2012 DACA Memorandum made up to 1.9 million otherwise removable aliens eligible for the program.[10] The DACA program started with approximately 152,431 applications in 2012.

---

The usual and preferable term in [American English] is *illegal alien.* The other forms have arisen as needless euphemisms, and should be avoided as near-gobbledygook. The problem with *undocumented* is that it is intended to mean, by those who use it in this phrase, 'not having the requisite documents to enter or stay in the country legally.' But the word strongly suggests 'unaccounted for' to those unfamiliar with this quasi-legal jargon, and it may therefore obscure the meaning.

More than one writer has argued in favor of *undocumented alien* . . . [to] avoid[] the implication that one's unauthorized presence in the United States is a crime . . . . Moreover, it is wrong to equate illegality with criminality, since many illegal acts are not criminal. *Illegal alien* is not an opprobrious epithet: it describes one present in a country in violation of the immigration laws (hence 'illegal').

*Texas v. United States,* 809 F.3d 134, 148 n.14 (5th Cir. 2015) (quoting Bryan A. Garner, Garner's Dictionary of Legal Usage 912 (Oxford 3d ed. 2011)); *see also* Matthew Salzwedel, *The Lawyer's Struggle to Write,* 16 Scribes Journal of Legal Writing 69, 76 (2015) ("*[I]llegal alien* has going for it both history and well-documented, generally accepted use.").

[10] No one knows the exact number of DACA-eligible individuals. Estimates provided to the Court differ. According to evidence provided by the Defendant-Intervenors, this number could be as high as 1.9 million. (Doc. No. 225-4, Ex. 125 at 514, R. Gonzales et al., *Taking Giant Leaps Forward: Experiences of a Range of DACA Beneficiaries at the 5-Year Mark,* Ctr. for Am. Progress (June 22, 2017)) (describing DACA as "a policy that temporarily defers deportations . . . for up to an estimated 1.9 million eligible unauthorized young adults"). Other estimates are more conservative. (*See e.g.*, Doc. No. 225-3, Ex. 74 at 148, Decl. of M. Ray Perryman) (estimating "1.3 million people nationwide are eligible to apply for DACA. . . ."); J. Passel & M. Lopez, *Up to 1.7 Million Unauthorized Immigrant Youth May Benefit From New Deportation Rules,* Pew Research Center (Aug. 14, 2012). Rather than relying on extrinsic sources, arguments of counsel, or government statistics that frequently change, the Court will use a midrange number of approximately 1.5 million eligible individuals when needed.

23-40653.36364

DHS then approved 370,521 applicants in 2013, and 158,397 in 2014.[11] As of 2018, 814,000 individuals had applied for and received "lawful presence" through DACA.[12] The United States Citizenship and Immigration Services ("USCIS") reported that there were 634,650 active DACA participants as of December 31, 2020.[13]

In turn, having deferred action makes DACA recipients eligible for various benefits. For example, aliens are generally not eligible for any "[f]ederal public benefit," 8 U.S.C. § 1611(a), but aliens who are "lawfully present in the United States," are eligible to apply for Social Security and Medicare, *id.* §§ 1611 (b)(2), (3). A pre-existing regulation defining "lawfully present in the United States" includes "aliens currently in deferred action status."[14] 8 C.F.R. § 1.3(a)(4)(vi).

Additionally, deferred action status makes recipients eligible to apply for work authorization pursuant to a pre-existing regulation, *see* 8 C.F.R. § 274a.12(c)(14), and the 2012 DACA Memorandum instructs USCIS to consider DACA applicants for work authorization. DACA took the further step of *requiring* its recipients to apply for work authorization.[15] Once a recipient has work authorization, he or she is eligible for a Social Security number, along with its attendant benefits.[16] 20 C.F.R. §§ 422.104(a)(2), 422.105(a); 8 C.F.R. § 1.3(a)(4)(vi). Further, an

---

[11] (Doc. No. 224-2 at 450, USCIS, Number of Form I-821D, Consideration of Deferred Action for Childhood Arrivals, by FY, Quarter, Intake, Biometrics and Case Status FY 2012-2017 (March 31, 2018)).

[12] (Doc. No. 225-3, Ex. 73 ¶ 16, Decl. of Dr. D. Massey).

[13] AR2022_600011, (Doc. No. 611-3 at 11, USCIS, *Deferred Action for Childhood Arrivals (DACA) Recipients: Characteristics and Trends*).

[14] DACA recipients must still meet the normal criteria to qualify for these benefits. Without lawful presence, however, even an alien who met those criteria would still be ineligible for the benefits. *See Texas v. United States*, 809 F.3d 134, 148–49 (5th Cir. 2015). In addition to Social Security and Medicare benefits, DACA recipients also can become eligible for benefits under the Railroad Retirement Act of 1974 and the Railroad Unemployment Insurance Act. 8 U.S.C. § 1611(b)(4).

[15] (Doc. No. 9, Ex. 20, USCIS, *DACA Toolkit: Resources for Community Partners*).

[16] Among these benefits are earned income tax credits, which require a Social Security number, *see* 26 U.S.C. §§ 32(c)(1)(E), (m); *Texas v. United States*, 809 F.3d 134, 149 (5th Cir. 2015); and perhaps even the stimulus payments under the American Rescue Plan Act of 2021. *See* Kelly Anne Smith, *Third Stimulus Check: Do Non-U.S. Citizens Qualify?*, Forbes, Mar. 12, 2021. The Department of Health and Human Services has recently proposed a rule change to make DACA recipients eligible for Medicaid and Affordable Care Act coverage. Clarifying Eligibility for a

award of DACA status makes the recipients eligible for certain state benefits, such as Texas's state-subsidized work-study program. *See* Tex. Educ. Code § 56.075(a)(1); 19 Tex. Admin. Code § 21.24(d)(5).

Despite these benefits, the 2012 DACA Memorandum specifically concluded: "This memorandum confers no substantive right, immigration status or pathway to citizenship. Only the Congress, acting through its legislative authority, can confer these rights."[17]

In 2014, the DHS attempted to create a sister program, Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA"), and at the same time attempted to expand the DACA program ("Expanded DACA"). The total population of illegal aliens with lawful presence due to DACA, Expanded DACA, and DAPA could have been 5.8 million[18] (or over 50% of the then-estimated 11.3 million illegal aliens in the country).[19] Twenty-six states, including the

---

Qualified Health Plan Through an Exchange, 88 Fed. Reg. 25,313 (proposed Apr. 26, 2023) (to be codified at 42 C.F.R. pts. 435, 457, and 600, and 45 C.F.R. pts. 152 and 155). The following is an inexhaustive list of the federal benefits that DACA status enables DACA recipients to seek access to: (1) various learning and service opportunities such as AmeriCorps VISTA Program, various youth outdoor programs, American Job Centers program, Job Corps, and YouthBuild; (2) various financial programs including FHA financing and HUD counseling agencies; (3) financial/consumer benefits such as tax credits, CFPB Resources, and CFPB Immigrant Initiative; (4) various healthcare programs such as access to Health Resources & Services Administration Health Centers, Emergency Medicaid, public health programs, pregnancy and breast feeding support, maternal mental health support, nutrition assistance (WIC), and many more federal programs and opportunities. According to a recent White House Fact Sheet, there are many more benefits that DACA provides. Fact Sheet, The White House, *President Biden Announces Plan to Expand Health Coverage to DACA Recipients* (Apr. 13, 2023), https://whitehouse.gov/briefing-room/statements-releases/2023/04/13/fact-sheet-fact-sheet-president-biden-announces-plan-to-expand-health-coverage-to-daca-recipients/.

[17] (Doc. No. 487, Ex. 1 at 4).

[18] *United States v. Texas*, 809 F.3d 134, 148 (5th Cir. 2015).

[19] Some parties, experts, and governmental units rely on an estimate that there are 11.3 million illegal aliens in the United States. That number seems to have originated with a study done by the Pew Research Center that estimated the illegal alien population as of March 2013. (*See* Doc. No. 225-2, Ex. 52, J. Passel et al., *As Growth Stalls, Unauthorized Immigrant Population Becomes More Settled*, Pew Research Center (Sept. 3, 2014)). This study is now a decade old, and it is arguable whether the number is accurate. A more recent study by Yale University and the Massachusetts Institute of Technology pegs the number at closer to 22 million. M. Fazel-Zarandi et al., *The Number of Undocumented Immigrants in the United States: Estimates Based on Demographic Modeling with Data From 1990 to 2016*, PLOS One (Sept. 21, 2018). Given the nature of individuals being in the country illegally, no person, entity, or governmental unit can really know the number of illegal aliens living in the United States.

23-40653.36366

Plaintiff States, sued to enjoin the implementation of DAPA and Expanded DACA, which this Court preliminarily enjoined in 2015. *Texas v. United States*, 86 F.Supp.3d 591 (S.D. Tex. 2015). That injunction was affirmed by the Fifth Circuit Court of Appeals, *Texas v. United States*, 809 F.3d 134 (5th Cir. 2015), and then by a split vote in the Supreme Court of the United States. *United States v. Texas*, 136 S. Ct. 2271 (2016). This litigation will be referred to as *Texas I*.

Upon remand, the parties in *Texas I* asked this Court to postpone entering a scheduling order that would have governed the proceedings to a final conclusion on the merits. Throughout this time, the 2012 DACA Memorandum remained in force. Ultimately, the parties all agreed to dismiss the case:

> On June 15, 2017, the U.S. Department of Homeland Security released a memorandum entitled *Rescission of November 20, 2014 Memorandum Providing for Deferred Action for Parents of Americans and Lawful Permanent Residents ("DAPA")*. On September 5, 2017, the Department released a memorandum entitled *Rescission of the June 15, 2012 Memorandum Entitled "Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children."* Given these memoranda rescinding the DAPA program and phasing out the DACA and Expanded DACA programs, Plaintiffs file this stipulation of voluntary dismissal. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (allowing plaintiffs to dismiss an action, without court order, by filing a stipulation of dismissal by all parties who have appeared).[20]

This stipulation of dismissal was signed by the attorneys for the plaintiffs (a group that included all of the Plaintiff States in this case), the United States and the federal government defendants, and the putative DAPA recipients who had intervened. As is evident from its text, the stipulation was partly based upon the Government "phasing out the DACA . . . program[]." All parties agreed to the stipulation, otherwise such a dismissal would have required court action.

---

[20] (Doc. No. 473, 1:14-CV-00254, *Texas I*).

23-40653.36367

## A.    Rescission of DACA and *Regents*

After *Texas I*, the Government attempted to phase out DACA, as it represented to the Plaintiff States it would, but other courts around the nation were asked to enjoin or vacate the attempt to end the program. These lawsuits included: *Batalla Vidal v. Trump*, 279 F.Supp.3d 401 (E.D.N.Y. 2018); *NAACP v. Trump*, 298 F.Supp.3d 209 (D.D.C. 2018); *Regents of Univ. of Cal. v. United States Dep't of Homeland Sec.*, 279 F.Supp.3d 1011 (N.D. Cal. 2018); and *Casa de Md. v. United States*, 284 F.Supp.3d 758 (D. Md. 2018). The courts in the first three cases entered injunctions against the attempted DACA rescission. These cases were eventually appealed to and heard together by the Supreme Court in the case styled: *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020) (hereinafter, "*Regents*").

Meanwhile, in May 2018, the Plaintiff States filed the current case challenging the lawfulness of DACA as it was enacted through the 2012 DACA Memorandum. The Plaintiff States now seek the same result they thought they achieved with the stipulation of dismissal in *Texas I*— that is, the cessation of DACA. While finding that they would likely succeed on the merits, this Court denied the Plaintiff States' request for a preliminary injunction.[21] Over the objections of the Plaintiff States, the Court stayed the resolution of this case pending the ruling in *Regents* because it was important to have the benefit of the Supreme Court's analysis before proceeding, particularly as that decision could have mooted this case.

The *Regents* opinion dealt with DACA's attempted recission. In 2017, the Attorney General concluded that DACA was unlawful and sent a letter to then-Acting DHS Secretary Elaine Duke to that effect. *Regents*, 140 S. Ct. at 1903. Relying upon that letter, Duke issued a memorandum rescinding the DACA program. *Id.* Various stakeholders sued to enjoin the

---

[21] (Doc. No. 319).

23-40653.36368

rescission. *Id.* The Chief Justice succinctly set out the exact questions the *Regents* Court needed to address: "The issues raised here are (1) whether the APA claims are reviewable, (2) if so, whether the rescission was arbitrary and capricious in violation of the APA, and (3) whether the plaintiffs have stated an equal protection claim." *Id.* at 1905.

In *Regents*, the Supreme Court found the Government's decision to rescind DACA was judicially reviewable. There is a general presumption of reviewability that can be rebutted by a showing that the action is committed to "agency discretion by law." 5 U.S.C. § 701(a)(2). An argument in *Regents*, in *Texas I*, and at the preliminary injunction stage in this litigation was that DACA was an agency decision not to institute enforcement proceedings and, as such, neither its creation nor rescission was reviewable.

The Supreme Court disagreed with this argument and recognized that "DACA is not simply a non-enforcement policy." *Regents*, 140 S. Ct. at 1906. Instead, the 2012 DACA Memorandum created standardized proceedings by which USCIS solicits and reviews applications from eligible aliens. *Id.* The proceedings are effectively "adjudications," and the result of the adjudications is an affirmative act of approval. *Id.* The Supreme Court concluded that the 2012 DACA Memorandum therefore "created a program for conferring affirmative immigration relief. The creation of that program—and its rescission—is an action that provides a focus for judicial review." *Id.* (cleaned up).

Having determined that the rescission of DACA was subject to judicial review, the Supreme Court found that "judicial review of agency action is limited to 'the grounds that the agency invoked when it took the action.'" *Id.* at 1907 (quoting *Michigan v. EPA*, 576 U.S. 743, 758 (2015)). It continued on to explain: "Considering only contemporaneous explanations for agency action also instills confidence that the reasons given are not simply convenient litigating

23-40653.36369

position[s]." *Id.* at 1909 (quotations omitted). Additionally, the *Regents* Court emphasized that procedural compliance, in the context of rescission, "promote[s] agency accountability, by ensuring that parties and the public can respond fully and in a timely manner to an agency's exercise of authority." *Id.* (citations and quotations omitted). It also noted that the APA procedural requirement of notice and comment, a pivotal issue in the instant case, was not before it. *Id.* at 1903 n.1.

Central to the *Regents* decision was whether DACA was subject to the requirements of the APA and whether the rescission of DACA, under the circumstances presented, was arbitrary and capricious. The Court held that the APA did apply and that, in light of the Attorney General's reliance on the *Texas I* litigation that did not question DHS's authority to forbear removal, the Acting Secretary's explanation for rescinding all of DACA (benefits *and forbearance*) was arbitrary and capricious under the APA. *Id.* at 1912–13. Additionally, the Acting Secretary's failure to consider the significant reliance interests that DACA had engendered was another independent reason that the rescission was arbitrary and capricious. *Id.* at 1913–14. Thus, the 2017 attempt to rescind DACA was thwarted.

Once the Supreme Court ruled, this Court gave the parties in this case adequate time to update their motions and briefs to include any relevant analysis of the *Regents* opinion. The Court then held a hearing and allowed the parties to present their competing positions and the Court proceeded to rule.

**B.    DACA After *Regents***

After the *Regents* decision, DHS issued a series of letters and memoranda that attempted to limit the DACA program ("New DACA"). New DACA spurred more litigation that was addressed in *Batalla Vidal v. Wolf*, 16-CV-4756, 2020 WL 7121849 (E.D.N.Y. Dec. 4, 2020).

23-40653.36370

There, the district court held that New DACA was unlawful because it found then-Acting Secretary of Homeland Security, Chad Wolf, was without authority to serve as Acting Secretary of DHS. *Id.* at, *1. As a result, the district court vacated the memoranda and found DACA was governed by the same terms as it was in 2012, before any attempted rescission. The *Batalla Vidal* plaintiffs, in a motion to modify, asked the court to "clear up the ambiguity" created by that court's December 2020 order and this Court's July 2021 injunction. *Batalla Vidal v. Mayorkas*, 618 F.Supp.3d 119, 122 (E.D.N.Y. Aug. 3, 2022). The plaintiffs sought clarification on "what the government can and cannot do" in light of this Court's 2021 injunction. *Id.* at 120. The court denied their motion, stating the relief sought "sweeps well beyond the purpose of [the] prior injunction." *Id.* In the wake of the Final Rule promulgated by DHS in 2022, as seen below, New DACA has little bearing on the present litigation.

## C.    Final Rule DACA

In July 2021, this Court ruled that the 2012 DACA Memorandum was unlawful on both procedural and substantive grounds and issued an injunction prohibiting DHS from processing new DACA applications.[22] It also remanded, pursuant to the Federal Defendants' request, certain matters back to the DHS for further consideration. Simultaneously, the Federal Defendants appealed this Court's rulings on the merits to the Fifth Circuit.[23] While the appeal was pending, a proposed DACA rule was put through notice and comment and a final rule was promulgated by DHS.[24] On appeal, the Plaintiff States argued that the Final Rule was materially the same as the 2012 DACA Memorandum and asked the Fifth Circuit to enjoin it as well. The Fifth Circuit

---

[22] (Doc. Nos. 575, 576). It also entered an order vacating the DACA program but stayed this order during the pendency of the appeal.

[23] (Doc. No. 581).

[24] 87 Fed. Reg. 53,152 (Aug. 30, 2022) (to be codified at 8 C.F.R. pts. 106, 236, and 274a).

23-40653.36371

affirmed this Court's ruling as to the 2012 DACA Memorandum but remanded the Final Rule to this Court for consideration. *Texas II*, 50 F.4th at 512. Importantly, the Fifth Circuit held that: (1) Texas had standing under Article III; (2) the 2012 DACA Memorandum's adoption without notice and comment violated the procedural requirements of the APA; and (3) the program contravened the Immigration and Nationality Act ("INA"); and thus, it failed to comply with substantive requirements of the APA. *Id.* The Fifth Circuit has directed this Court to determine whether the Final Rule suffers from the same fatal deficiencies as the 2012 DACA Memorandum. As noted above, the parties entered into an agreed injunction, or standstill agreement, whereby the Final Rule would not become effective until this Court rules on the remanded issues.

This Court is now tasked with reviewing the Final Rule in light of its administrative record,[25] the applicable briefs of the parties, and the arguments related thereto. The Court will address the limited nature of the remand issued by the Fifth Circuit first. It will then discuss standing, as this argument has been raised again by all Defendants; and then it will proceed to analyze the substantive issues presented by the remand. Finally, it will address the possible application of the Final Rule's severability clause.

## III.     Limited Remand

The competing motions for summary judgment before the Court encompass an array of issues surrounding the legality of the Final Rule. It is important to note, however, the Fifth Circuit's instructions on remand. The Fifth Circuit remanded the Final Rule back to this Court for consideration with a more complete record than the one that existed at the appellate level. That remand was not a general remand of the entire case, but was instead a very specific, limited remand.

---

[25] (Doc. Nos. 607–611)

23-40653.36372

We cannot determine **whether there are material differences in that record and the record before the district court regarding the 2012 DACA Memorandum.** The DACA Memorandum remains in effect until October 31, 2022. To the extent our determinations about questions of law in the present appeal would also apply to the Final Rule, those issues of law should be resolved sooner rather than later to move this case forward as expeditiously as possible. A district court is in the best position to review the administrative record in the rulemaking proceeding and **determine whether our holdings as to the 2012 DACA Memorandum fully resolve issues concerning the Final Rule.**

\* \* \*

…we remand to the district court for further proceedings that the parties may pursue regarding the Final Rule.

*Texas II*, 50 F.4th at 512 (emphases added).

The Fifth Circuit specifically mandated this Court to determine if there are material differences between the Final Rule and the 2012 DACA Memorandum, and, if so, whether the already established rulings concerning the 2012 DACA Memorandum apply to the Final Rule. While this limited remand does not prohibit the Court from proceeding on the currently filed motions, it clearly does not permit the parties to relitigate previously established issues. The Court need not reconsider those issues as if on a motion for rehearing; nor does it need to rule on issues originally bypassed, such as the Plaintiff States' Take Care Clause allegations.

## A.    Standing

Despite the Fifth Circuit's instructions, the Federal Defendants and the Defendant-Intervenors are attempting to relitigate a different set of issues than the one remanded to the Court, perhaps because it is abundantly clear from the administrative record that the Final Rule is merely a more formal enactment of the 2012 DACA Memorandum and thus subject to the same deficiencies. For example, the Defendant-Intervenors and the Federal Defendants have asked this Court to reconsider whether the Plaintiff States (and, specifically, Texas, the lead Plaintiff) have standing.

23-40653.36373

This Court has addressed the topic of standing in great detail and has found that standing exists, and that finding has been affirmed by the Fifth Circuit.[26] Thus, unless ultimately set aside by the Fifth Circuit *en banc* or by the Supreme Court, the Plaintiff States have established standing. Accordingly, the topic of standing is not before this Court. Nevertheless, if called upon to revisit the standing issue, this Court would again find it exists, especially in light of recent developments.

The first development is DHS's admission in the administrative record that DACA "could result in some indirect fiscal effects on State and local governments, the size and even the direction of the effects is dependent on many factors…."[27] The Plaintiff States have argued that those costs would be alleviated, or at least diminished, if DACA were eliminated because some DACA recipients would leave the country, and they have provided some evidence to this effect.[28] There are portions of the administrative record that also support this contention.[29] Further, the admission by DHS that the Plaintiff States will bear some costs resulting from the Final Rule also helps confirm standing for the Plaintiff States.

The other developments emanate from a recent opinion by the Supreme Court. *United States v. Texas*, 143 S. Ct. 1964 (2023). In that case, the Supreme Court found that standing for a state to question immigration enforcement guidelines did not exist. Critically important to this case, the opinion then shifted to explain when a state has standing and can challenge certain DHS

---

[26] *Texas v. United States*, 328 F.Supp.3d 662, 690–705 (S.D. Tex. Aug. 31, 2018); *Texas II*, 549 F.Supp.3d at 584–96; *Texas II*, 50 F.4th at 513–20.

[27] AR2022_100216, 87 Fed. Reg. 53,173, (Doc. No. 607-1 at 238).

[28] (Doc. No. 625-1 at 42); (Doc. No. 626-2 at 367, Ex. 31); (*Id.* at 371–72, Ex. 32).

[29] In the record DHS also acknowledges some, albeit not many, DACA recipients would leave the country if the program were rescinded. AR2022_100208, 87 Fed. Reg. 53,165, (Doc. No. 607-1 at 230). Thus, it impliedly concedes that rescinding DACA would alleviate some costs to states for whatever percentage of DACA recipients actually leave or are deported. In fact, one part of the record suggests that some DACA recipients have already left the United States due to the legal wrangling that has occurred over the past few years. AR2022_501536, (Doc. No. 611-1 at 546, Monsy Alvarado, *As Supreme Court considers end to DACA, some Dreamers are already leaving U.S. behind*, NorthJersey.com (May 7, 2020)).

23-40653.36374

decisions. It directly addressed DACA and DACA-related cases as exceptions to the no standing rule:

> In holding that Texas and Louisiana lack standing, we do not suggest that federal courts may never entertain cases involving the Executive Branch's alleged failure to make more arrests or bring more prosecutions.
>
> * * *
>
> …**a challenge to an Executive Branch policy that involves both the Executive Branch's arrest or prosecution priorities *and* the Executive Branch's provision of legal benefits or legal status could lead to a different standing analysis.** That is because the challenged policy might implicate more than simply the Executive's traditional enforcement discretion. […] (**benefits such as work authorization and Medicare eligibility accompanied by nonenforcement meant that the policy was "more than simply a non-enforcement policy"**); *Texas v. United States*, 809 F. 3d 134, 154 (CA5 2015) (*Linda R. S.* "concerned only nonprosecution," which is distinct from "both nonprosecution and the conferral of benefits"), aff'd by an equally divided Court, 579 U. S. 547 (2016).

*Id.* at *7–8 (emphases added).

This "non-prosecution" vs. "non-prosecution with benefits" difference is a key distinction that both this Court and the Fifth Circuit made in *Texas I* and *Texas II*. In fact, in both cases, this Court emphasized that no part of its orders should be read as interfering with the enforcement, non-enforcement, or prosecutorial decisions that are an inherent part of DHS's field of operations. Consequently, in light of this overt adoption of the *Texas I* opinion by the Supreme Court, there is no question that standing exists in this case.

The Supreme Court, in that same opinion, goes on to describe another reason that the Plaintiff States have standing here. In listing exceptions to the no-standing rule, it stated:

> [T]he standing calculus might change if the Executive Branch wholly abandoned its statutory responsibilities to make arrests or bring prosecutions. **Under the Administrative Procedure Act, a plaintiff arguably could obtain review of agency non-enforcement if an agency "has consciously and expressly adopted a general policy that is so extreme as to amount to an abdication of its statutory responsibilities."** *Heckler*, 470 U.S. at 833, n. 4, 105 S.Ct. 1649 (internal quotation marks omitted); see *id.*, at 839, 105 S.Ct. 1649 (Brennan, J., concurring); cf. 5

23-40653.36375

U.S.C. § 706(1). **So too, an extreme case of non-enforcement arguably could exceed the bounds of enforcement discretion and support Article III standing.**

*Id.* at *7 (emphases added).

Texas and the other Plaintiff States have clearly raised that very issue in this case. They have repeatedly pleaded that DHS has abdicated or abandoned its enforcement duties and, by doing so, violated the Take Care Clause of the Constitution.[30] They have consistently urged this Court to address this issue and even raised it again after the remand. This Court has followed the general jurisprudential rule of constitutional avoidance in declining to address this contention. *Texas I* and *Texas II* were both resolved on issues related to the Administrative Procedure Act; however, the fact that this Court has declined to address the Take Care Clause issue does not mean that the Plaintiff States have not pleaded such a cause of action. Standing has never been determined solely by those issues upon which the Court ultimately rules. The Plaintiff States have clearly pleaded into this very exception to the "no standing" rule outlined by the Supreme Court.

The Defendants should be wary of wanting this Court to address standing *ab initio* because the standing of the Plaintiff States is about to be buttressed by the Executive Branch's pending action. The Executive Branch has recently proposed expanding the Affordable Care Act and Medicaid coverage to DACA recipients.[31]

This new rule proposed by the Department of Health and Human Services (HHS) adds a powerful weapon to the Plaintiff States' standing arsenal. As of year-end 2020, Texas had 104,570

---

[30] (Amended Complaint, Doc. No. 104 at 4–5, 67, ¶¶ 11, 14, 319); (Supplemental Complaint, Doc. No. 623 at 22–23, ¶¶ 86–87); (Plaintiffs' Motion for Summary Judgment, Doc. No. 625-1 at 28–29).

[31] The White House, *President Biden Announces Plan to Expand Health Coverage to DACA Recipients* (Apr. 13, 2023); Clarifying Eligibility for a Qualified Health Plan Through an Exchange, 88 Fed. Reg. 25,313 (proposed Apr. 26, 2023) (to be codified at 42 C.F.R. pts. 435, 457, and 600, and 45 C.F.R. pts. 152 and 155). Currently, DACA recipients are ineligible for these benefits. *See e.g.*, AR2022_400283, (Doc. No. 608-4 at 283).

23-40653.36376

DACA recipients—the second largest DACA population after California.[32] HHS Secretary Becerra has announced that 34% of the DACA population does not have insurance.[33] The new proposed rule would make DACA recipients "eligible to enroll in a Qualified Health Plan (QHP) through an Exchange; a Basic Health Program (BHP)... and for some State Medicaid and Children's Health Insurance Programs (CHIPs)."[34] The New York Times estimates this to cost $5,000 per year, per person covered.[35] The proposed rule estimates that the individual states will have to bear at least 50% of these costs.[36] Therefore, hypothetically, if adopted and applicable to Texas, the uninsured DACA recipients who reside in Texas (which number 35,554 based upon the Executive Branch's figures) would directly cost Texas an additional $88,885,000 annually. These costs will be clearly DACA-specific and will be directly attributable to the existence of DACA.[37] Thus, if that rule becomes effective, the Executive Branch's current actions would conclusively establish standing in favor of the Plaintiff States.

For all of the above reasons, in addition to those already discussed in prior opinions, had this Court been called upon to rule on standing, it would again find that standing exists.

---

[32] AR2022_600016, (Doc No. 611-3 at 16).

[33] 88 Fed. Reg. 25,315.

[34] 88 Fed. Reg. 25,313.

[35] Zolan Kanno-Yongs, *Biden Will Expand Health Care Access for DACA Immigrants*, N.Y. Times, April 13, 2023, https://www.nytimes.com/2023/04/13/us/politics/biden-health-care-daca-immigrants.html.

[36] 88 Fed. Reg. 25,323 ("[W]e elected to use the higher end estimate that the States would contribute 50 percent of the costs...").

[37] Additionally, Texas recently resurrected its argument that standing exists due to the costs incurred by the state in issuing driver's licenses to DACA recipients. (Doc. No. 673 at 49–52). This issue helped establish standing in *Texas I* and was specifically cited by the Fifth Circuit as one of the reasons that standing existed as to the attack on DAPA and Expanded DACA. *Texas I*, 809 F.3d at 156. The Defendant-Intervenors objected to Texas's reassertion of this claim at oral argument. Transcript of Oral Argument at 13:25–15:7; 50:6–51:11 (Jun. 1, 2023) (Doc. No. 699). Clearly, if this Court were to reconsider standing it would also have to consider this contention.

23-40653.36377

## IV.    The Final Rule

At the request of the Federal Defendants, when this Court entered the order of vacatur and injunction it also remanded certain issues back to the DHS so that it had the opportunity to take whatever remedial action with regard to the 2012 DACA Memorandum that it deemed appropriate. Beyond providing it with the opportunity, this Court did not specifically instruct the DHS as to what steps it should or should not take or what facets it could address.

While the rulings in *Regents* and *Texas I* might have seemingly provided some motivation and direction, the actions DHS took to institute notice and comment and then push through the Final Rule were, by its own statements, done in response to President Biden's memorandum issued January 20, 2021, titled "Preserving and Fortifying Deferred Action for Childhood Arrivals (DACA)."[38] In that memorandum, President Biden directed the Secretary of Homeland Security to "take all actions he deems appropriate […] to preserve and fortify DACA."[39]

Shortly after the remand, DHS published a notice of proposed rulemaking that it hoped would "preserve and fortify DHS's DACA policy."[40] DHS published the proposed rule in the Federal Register on September 28, 2021. While DHS explicitly disagreed with this Court's ruling that the 2012 DACA Memorandum was required to comply with the procedural requirements of the APA, it did concede that by following the notice and comment formula prescribed by the statute through the enactment of the Final Rule, it was putting "DACA on a stronger legal footing."[41] With respect to the more substantive problems noted by this Court and the Fifth Circuit, however,

---

[38] AR2022_200346, 86 Fed. Reg. 7053, (Doc. No. 607-3 at 205).

[39] *Id.* at § 2.

[40] AR2022_100001, 86 Fed. Reg. 53,736, (Doc. No. 607-1 at 23).

[41] AR2022_100195, 87 Fed. Reg. 53,152, (Doc. No. 607-1 at 217); AR2022_100234, 87 Fed. Reg. 53,191, (Doc. No. 607-1 at 256) ("DHS agrees that undertaking notice and comment through the proposed rule puts DACA on stronger legal footing in light of the district court's decision in *Texas* and other pertinent litigation.").

23-40653.36378

DHS, while complying with the injunction, expressed its disagreement and purposefully made no attempt to have the Final Rule vary from the substantive aspects of the 2012 DACA Memorandum.[42]

> The final rule does not introduce new criteria for consideration, expand the population eligible for consideration, change standards of review, provide lawful immigration status, or alter the forbearance from removal or employment authorization structure that has been in place for a decade.[43]

Thus, the easy response to the assignment given to this Court on remand is: there are no material differences between the Final Rule and the 2012 DACA Memorandum, and while the record underlying the Final Rule certainly supports the argument that DACA has been beneficial for the DACA recipients and that the DACA recipients are, with certain exceptions, beneficial to the country, DHS did nothing to change or resolve the substantive problems found by this Court or the Fifth Circuit.[44] Indeed, much to their counsel's credit, the Federal Defendants candidly admit that the Final Rule suffers from the same problems as the 2012 DACA Memorandum and that it is contrary to the Fifth Circuit's opinion in *Texas II*.

> **Federal Defendants and Plaintiffs agree that the Final Rule is substantively the same policy as the DACA Memorandum.** *Texas II*, 50 F.4th at 512. **Federal Defendants do not seek to relitigate before this Court any matter currently foreclosed by the Fifth Circuit's prior decision in this case, but they incorporate by reference and preserve for further review all previously raised arguments regarding Plaintiffs' lack of standing and the lawfulness of the policies now embodied in the Final Rule.** Those arguments are outlined below, along with Federal Defendants' responses to new points raised by Plaintiffs; under the proper view of those matters, Defendants, not Plaintiffs, are entitled to summary judgment. Moreover, as reflected by Plaintiffs' own proposed remedy, this Court has equitable discretion in crafting relief for any legal violation it finds in this case. **Assuming this Court finds such a violation under the Fifth Circuit's prior**

---

[42] *See e.g.*, AR2022_100252, 87 Fed. Reg. 53,209, (Doc. No. 607-1 at 274) ("DHS has further considered the district and appellate court opinions concerning DHS's authority to deem DAPA or DACA recipients 'lawfully present' for certain purposes, and respectfully disagrees with those decisions for the reasons explained in the proposed rule.").

[43] AR2022_100222, 87 Fed. Reg. 53,179, (Doc. No. 607-1 at 244).

[44] Thus, the Final Rule is flawed for the same substantive reasons as the 2012 DACA Memorandum. *See Texas II*, 549 F.Supp.3d at 603–21; *Texas II*, 50 F.4th at 525–28.

23-40653.36379

**decision in this case, it must therefore choose a remedy in light of the Supreme Court's observations regarding the scope of DHS's discretion in choosing the means of winding down the DACA program if it is determined to be unlawful, as well as the Fifth Circuit's previous decision to "preserve the stay as to existing [DACA] recipients."** *Texas II*, 50 F.4th at 531.[45]

This admission was no doubt compelled by countless statements to the same effect found throughout the administrative record. The Court recounts just a few: "The final rule codifies without material change the threshold criteria that have been in place for a decade…"[46] "This rule preserves and fortifies in regulation a policy that has been in place for 10 years. This rule does not establish a new program…."[47]

> As explained in the proposed rule and elsewhere in this rule, DHS seeks to retain the threshold criteria of the DACA policy as applied by USCIS since 2012 in part due to recognition of the significant reliance interests in the continued existence of the DACA policy of individuals who previously have received DACA grants, and those similarly situated who have not yet requested DACA, and their families, employers, schools, and communities.[48]

"Furthermore, DHS has determined that retaining the criteria as set forth in the Napolitano Memorandum defines the population of those who may request DACA to those who are likely to continue to be a low priority for removal under the Department's general enforcement priorities."[49]

> DHS agrees that it has legal authority to modify or remove these age caps through notice-and-comment rulemaking. However, as discussed elsewhere in the [Notice of Proposed Rulemaking] and this rule, DHS has determined as a matter of policy to focus this rulemaking on preserving and fortifying DACA by generally retaining the threshold criteria of the Napolitano Memorandum. Retaining the criteria fortifies the longstanding policy upon which the DACA population and their families, employers, school, and communities have relied for a decade.[50]

---

[45] (Doc. No. 639 at 6–7) (emphases added).

[46] AR2022_100333, 87 Fed. Reg. 53,290, (Doc. No. 607-1 at 355).

[47] AR2022_100221, 87 Fed. Reg. 53,178, (Doc. No. 607-1 at 243).

[48] AR2022_100271, 87 Fed. Reg. 53,228, (Doc. No. 607-1 at 293).

[49] AR2022_100273, 87 Fed. Reg. 53,230, (Doc. No. 607-1 at 295). The Federal Defendants and the record frequently refer to the 2012 DACA Memorandum as the "Napolitano Memorandum."

[50] AR2022_100277, 87 Fed. Reg. 53,234, (Doc. No. 607-1 at 299).

23-40653.36380

The Final Rule "is intended to preserve and fortify the existing DACA policy; it does not alter DACA eligibility criteria, grant lawful immigration status or citizenship for noncitizens or provide a means for entry into the United States. Therefore, DHS anticipates no change in U.S. population as a direct effect of this rule."[51]

The Court could quote example after example from the administrative record where the DHS has stressed that the Final Rule merely incorporates the 2012 DACA Memorandum and that it will interpret the Final Rule similarly, as it viewed that path as the best way to implement President Biden's directive. The Court cannot speculate as to whether that was the President's intention when he issued the directive. Nevertheless, it is clear that with little change (and no substantive changes), the Final Rule simply takes the 2012 DACA Memorandum and reincorporates it. The creation and adoption of the Final Rule took no steps to avoid any of the substantive pitfalls that have been pointed out by the Fifth Circuit and other courts—perhaps because DHS did not want to, or perhaps because it was not possible to do so and retain the DACA program as currently constituted.[52] Regardless, substantively, DACA remains the same. All of the

---

[51] AR2022_100300, 87 Fed. Reg. 53,257, (Doc. No. 607-1 at 322).

[52] The Court, while pointing out that DHS made no effort to correct the substantive faults found in the 2012 DACA Memorandum when it adopted it as the Final Rule, is not stating that there was no mention of these problems. For example, it has long been recognized that one of Congress's goals in its enactment of the immigration scheme is the protection of the American workers. AR2022_200215–16, 51 Fed. Reg. 39,386, (Doc. No. 607-3 at 504). One author in the record quotes a prominent immigration historian to the effect that it is difficult to "determine where immigration policy ends and labor policy begins" because the two are so closely interrelated. AR2022_501463, (Doc. No. 611-1 at 473). The record also quotes Senator Edward Kennedy urging Congress to enact stricter immigration laws and that those laws be enforced in order to protect native workers. "We must . . . intensify the enforcement of existing laws . . . . Vigorous and effective enforcement of these laws will reduce the incentive for employers to hire undocumented workers." AR2022_501468–69, (Doc. No. 611-1 at 478–79) (quoting Senator Kennedy when he was introducing the amendment that would become IRCA § 111(d) of the Immigration Reform and Control Act that provides funds to deter the employment of illegal aliens) (*see also id.* Senator Alan Simpson's comments). DHS admitted that in principle DACA recipients take jobs that could otherwise be filled by American citizens or other aliens legally in the country. DHS discounted this effect because it found the data "unquantifiable." AR2022_100210, 87 Fed. Reg. 53,167, (Doc. No. 607-1 at 232). In other places in the record, DHS claimed that since the number of DACA recipient

23-40653.36381

deficiencies noted before by this Court and the Fifth Circuit still exist and the Court adopts its earlier opinions in that regard.

This Court has noted many of these problems in its earlier opinion and incorporates its earlier analysis here.[53] Instead of repeating the entirety of its analysis, the Court will focus on two simple aspects which highlight DHS's intention for the Final Rule to follow in the footsteps of the 2012 DACA Memorandum. The following two examples (one old and one new) demonstrate some of the ongoing problems with the Final Rule.

First, as noted in earlier opinions, the topic of advance parole for DACA recipients is problematic. Advance parole allows an alien to leave the United States with the advance assurance that he or she will be allowed back into the United States upon return. This has been a troubling

---

employees is small and the length of employment is of limited duration, the overall effect on the American workforce is quite minimal. AR2022_200222–23, 52 Fed. Reg. 46,092–93, (Doc. No. 607-3 at 81–82).

These statements are incompatible with each other and with other portions of the record. First, while it claimed that DACA employment is of limited duration, in other portions of the record DHS assumed that the employment authorizations (I-765) will continue indefinitely. AR2022_300664, (Doc. No. 607-4 at 664). Moreover, DACA itself is over ten years old. That hardly qualifies as temporary. Second, DHS stated the data is unquantifiable, but that seems implausible as the nature of the jobs held by DACA recipients and the skillset involved in those jobs could easily be mined from the DACA recipients themselves. It seems somewhat questionable that the record contains the fact that DACA recipients pay $566.7 million in annual mortgage payments, yet DHS cannot obtain or analyze their employment data. AR2022_100003, 86 Fed. Reg. 53,738, (Doc. No. 607-1 at 25). Moreover, if the data is unquantifiable, how can DHS conclude the effect is minimal?

Finally, the record (and the briefing in the Court) is replete with examples and statistics about the economic impact and the financial contributions made by the DACA recipients and the benefits they receive primarily due to their ability to work. Again, depending on the nature of the employment, those benefits could have gone to workers who were either American citizens or other legally employable aliens.

Using the data found in the record, a reasonable estimate of one aspect of the financial impact can be made. DHS estimates that 78% of the DACA recipients work and they make an average of $67,769 annually. AR2022_100323, 87 Fed. Reg. 53,280, (Doc. No. 607-1 at 345). This means that at least 470,000 DACA recipients work, and that figure could rise to as many as 1,170,000 workers if all who are eligible apply. That translates into salaries of between $31,851,430,000 and $79,289,730,000 annually. Even by governmental expenditure standards, these figures rise well above what a reasonable person would consider to be "minimal."

[53] *See Texas II*, 549 F.Supp.3d at 603–22.

23-40653.36382

aspect of DACA since its inception.[54] The Final Rule leaves it just as it was under the 2012 DACA Memorandum. This privilege, as exercised by certain DACA recipients, has been the subject of great criticism as it supplies approximately 50% of the DACA population with a shortened pathway to citizenship. Absent DACA, as a general rule, illegal aliens are not eligible to apply for advance parole. DACA makes some of the recipients eligible. In addition to DHS's generous interpretation of the phrases "urgent humanitarian reasons" and "significant public benefit" for DACA recipients, the Final Rule's allocation of advance parole to some DACA recipients subverts statutory law in two other ways: (1) it allows certain individuals to adjust illegal status by curing the "inadmissibility bar," and (2) it lets recipients avoid the statutory "unlawful presence bars."[55]

Setting that pathway issue aside, advance parole by statute is supposed to be available only for "urgent humanitarian reasons" or those in furtherance of a "significant public benefit." 8 U.S.C. § 1182(d)(5). DHS has traditionally construed its authority to grant advance parole for "urgent humanitarian" reasons to be limited to urgent medical, family, and related needs, and its authority to grant advance parole for "significant public benefit" to be limited to those individuals aiding

---

[54] In summary, DACA allows its recipients to apply for advance parole—a status for which they would not otherwise be eligible. Advance parole allows aliens to leave the country and return lawfully without being denied reentry. DACA's use of advance parole violates Congress's immigration scheme in two ways. First, immigrants who have entered the country illegally (without inspection) cannot adjust their status because they were not admitted to the country legally. This category includes approximately one half of all DACA recipients. Through DACA, those who have illegally entered the country can avoid this inadmissibility bar because once they leave the United States and return via advance parole, they have now entered the country legally and can adjust their status. Over 14,000 DACA recipients have adjusted their status in this fashion. AR2022_100293, 87 Fed. Reg. 53,250, (Doc. No. 607-1 at 315). Second, DACA recipients who use advance parole can avoid the unlawful presence bar found in 8 U.S.C. § 1182(a)(9)(B)(i). That statute dictates that those who have entered this country illegally or remained in the country beyond their allotted time (a population that describes all of the DACA recipients) must remain out of the United States for either three years (for those in the country illegally for more than 180 days) or ten years (for those who have been in the country illegally for more than a year) before they are allowed to adjust their status. By definition, all of the DACA recipients would otherwise be subject to this ten-year bar. Nevertheless, by leaving the country and returning via advance parole, they avoid this waiting period. Therefore, DACA allows its recipients on advance parole to avoid complying with the laws as written by Congress.

[55] *See* (Doc. No. 219, Ex. 3, Lena Graber & Jose Magaña-Salgado, *DACA, Advance Parole, and Family Petitions*, Immigr. Legal Res. Ctr. (June 2016)).

23-40653.36383

law enforcement—such as a witness.[56] Despite these two narrowly crafted circumstances, the supporting documentation for the Final Rule states that DACA recipients, under the Final Rule, just like under the 2012 DACA Memorandum, do not have to fall within these two Congressionally limited exceptions to gain advance parole.[57] DHS admits in the record that it does not have the legal authority to broaden these two categories.[58] Nevertheless, according to the record, DACA recipients can receive advance parole for academic research, semesters abroad, interviews, overseas assignments, training, and meetings with clients. A field trip abroad or a meeting with a client in Bermuda hardly equate to an urgent humanitarian situation, nor do they provide any public benefit, significant or otherwise. It seems highly suspect that the DHS admitted it lacks the authority to expand the application of advance parole, but then turned around and expanded it anyway.[59]

At one point during the course of this litigation, the parties informed the Court that during the prior Administration, USCIS had somewhat restricted these categories. "USCIS had not granted advance parole based on the standards associated with DACA since September 5, 2017."[60] The Final Rule clearly has resurrected them.

> On June 15, 2012, the Secretary of Homeland Security issued a memorandum that outlines guidelines that should be used when considering whether to defer removal proceedings or the execution of removal orders. Known as DACA, this is a case-by-case exercise of prosecutorial discretion relating to individuals who were brought to the United States as children and meet certain threshold guidelines. The

---

[56] AR2022_400210, (Doc. No. 608-4 at 210).

[57] AR2022_100346, (Doc. No. 607-1 at 368).

[58] AR2022_100294, 87 Fed. Reg. 53,251, (Doc. No. 607-1 at 316).

[59] In the case of *Biden v. Nebraska*, 143 S. Ct. 2355 (2023), the Biden Administration argued that it had the power to create what was, in effect, an entirely new student loan program because the HEROES Act authorized the Secretary to "waive or modify any statutory or regulatory provision" of title IV of the Education Act. *Id.* at 2358. The Supreme Court held that this limited authorization did not give the Secretary the power to rewrite the Act. *Id.* at 2368–76. Here, the Secretary of Homeland Security is essentially rewriting various immigration acts (including the one concerning advance parole) without even a hint of statutorily delegated power.

[60] (Doc. No. 504-2, Ex. 2 at 33 n.7).

23-40653.36384

instructions for Form I-131 and USCIS policy provides that USCIS will generally grant advance parole to DACA recipients traveling outside the United States for educational purposes, employment purposes, or humanitarian purposes;

(a) Educational purposes include but are not limited to semester abroad programs or academic research;
(b) Employment purposes include but are not limited to overseas assignments, interviews, conferences, training, or meetings with clients; or
(c) Humanitarian purposes include but are not limited to travel to obtain medical treatment, attend funeral services for a family member, or visit an ailing relative.[61]

Consequently, DHS, just as before, has decided not to comply with the requirements dictated by Congress—instead, it is just reinstating the same criteria derived from the 2012 DACA Memorandum and professes its intent to interpret the criteria the same.

As discussed, employment and educational opportunities are *not* part of the Congressionally limited categories eligible for advance parole. More importantly, DHS indicates that it will not limit advance parole to the two narrowly approved categories. Instead, it plans to use the same unjustifiable criteria and interpret the Final Rule the same way it did under the 2012 DACA Memorandum. Thus, there are no material changes to the Final Rule from the 2012 DACA Memorandum that the Fifth Circuit held to be illegal.

Second, DHS's position on the lack of temporal limits is a new problem the administrative record reveals. When the 2012 DACA Memorandum was issued, the President described it as a temporary measure.[62] Similarly, in the past, DHS has indicated that DACA was always intended as a short-term aid to its enforcement mission. DHS admits it "does not have the authority to provide a permanent solution absent action by Congress."[63] Perhaps that was once its intention because, as the Fifth Circuit noted in *Texas I* and *Texas II*, deferred action programs have always

---

[61] AR2022_100380–81, (Doc. No. 607-1 at 402–03).

[62] AR2022_401447, (Doc. No. 610-3 at 156) ("It's not a permanent fix. This is a temporary stopgap measure….").

[63] AR2022_100237, 87 Fed. Reg. 53,194, (Doc. No. 607-1 at 259).

23-40653.36385

been short term adjuncts to forthcoming Congressional action. The Fifth Circuit described this

relationship as deferred action being "interstitial to a statutory legalization scheme." *Texas I*, 809

F.3d at 185; *Texas II*, 50 F.4th at 572.

Despite these earlier announcements, DHS, in responding to comments concerning the

Final Rule, indicates a shifting position. It has no plans to ever terminate the program unless and

until Congress adopts DACA.

> [The DHS] reiterates the purpose of the rule **to preserve and fortify DACA, a
> policy that has been in place for 10 years**.
>
> Regarding a commenter's concern that DACA was intended to be a temporary
> policy, DHS notes that the Napolitano Memorandum **did not impose temporal
> limits to the policy or otherwise indicate a temporary intent**. To the extent that
> the policy was described as a temporary measure by President Barack Obama when
> he announced it in 2012, DHS notes that President Obama also stated that, "[i]n the
> absence of any immigration action from Congress to fix our broken immigration
> system, what we've tried to do is focus our immigration enforcement resources in
> the right places," and that DACA is a measure "that lets us focus our resources
> wisely while giving a degree of relief and hope to talented, driven, patriotic young
> people."[64]

This makes clear that DHS views the immigration system as instituted by Congress as

faulty, so it is instituting its own solution, regardless of the dictates of Congress. Moreover, it has

no intention that the program be temporary.[65] Indeed, as noted, DHS views DACA employment

authorizations to go on indefinitely. When explaining its methodology for I-765 employment

authorizations, it assumed "the DACA program will continue indefinitely."[66] Thus, to the extent

that anyone makes the argument that this deferred action program is merely a temporary bridge to

Congressional action, the current DHS position, as demonstrated in the record, dispels that notion.

---

[64] AR2022_100226, 87 Fed. Reg. 53,183, (Doc. No. 607-1 at 248) (emphases added).

[65] Temporary is defined as "lasting for a time only; existing or continuing for a limited (usually short) time; transitory." Black's Law Dictionary (10th ed. 1990).

[66] AR2022_300664, (Doc. No. 607-4 at 664).

23-40653.36386

DACA has now entered its second decade and DHS clearly intends to continue this Congressionally unauthorized program indefinitely. While this Court and others—including at least two Presidents and two DHS Secretaries—have suggested that only Congress has the authority to implement a permanent DACA-like program, DHS's current position seems to indicate a contrary intention. This is epitome of "the Executive seizing the power of the Legislature." *Biden v. Nebraska*, 143 S. Ct. 2355, 2373 (2023).

The foregoing are only two examples of DHS's intention to reinstitute, without any pretense of temporal limitations, the original 2012 DACA Memorandum through the Final Rule. The original problems that the Fifth Circuit and this Court pointed out in earlier opinions concerning the 2012 DACA Memorandum persist in the Final Rule. Suffice it to say, the record makes it clear that DHS intends to interpret and operate DACA for the unforeseeable future exactly as it has been run in the past because the Final Rule is, in all pertinent parts, exactly the same as the 2012 DACA Memorandum.

Consequently, the Final Rule substantively violates the APA and is unlawful for the same reasons as the 2012 DACA Memorandum. The Plaintiff States' Motion for Summary Judgment[67] in this respect is hereby granted, and the Cross-Motions for Summary Judgment filed by the Federal Defendants and the Defendant-Intervenors[68] are hereby denied.

## V.    Severability

Having held that the Final Rule merely reiterates the 2012 DACA Memorandum and therefore substantively violates the APA, the Court must determine whether any part of the rule is

---

[67] (Doc. No. 625-1).

[68] (Doc. Nos. 636, 639, and 641).

23-40653.36387

severable.[69] Despite the dearth of cases from this Circuit, it seems well-settled that the APA allows courts to set aside the offending parts of the rule while keeping the remaining parts of the rule intact. *See e.g., K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 294 (1988). To utilize this tool, a court must first find the rule satisfies two conditions. First, the court must determine that "the agency would have adopted the same disposition regarding the unchallenged portion [of the regulation] if the challenged portion were subtracted." *Sierra Club v. FERC*, 867 F.3d 1357, 1366 (D.C. Cir. 2017). Second, the parts of the regulation that remain must "function sensibly without the stricken provision." *Carlson v. Postal Regulatory Comm'n*, 938 F.3d 337, 351 (D.C. Cir. 2019).[70] It is important to note that inclusion of an express severability clause is "an aid merely; not an inexorable command." *Reno v. Am. Civil Liberties Union*, 521 U.S. 844, n. 49 (1997) (citations omitted).

By the mere inclusion of a severability clause, one might conclude that the DHS contemplates that the Final Rule contains problematic sections, and that it desires severability. Indeed, parts of the administrative record express the agency's intent that the Court should sever any unlawful portions of the Final Rule.[71] In fact, the Federal Defendants generally request the Court "sever any aspect of the Rule it considers inconsistent with the statute, but leave in effect

---

[69] This issue was not previously addressed by this Court or the Fifth Circuit because the 2012 DACA Memorandum did not have a severability clause. In fact, the only substantive change from the 2012 DACA Memorandum found in the Final Rule is that the latter contains a severability clause. 8 C.F.R. § 236.24.

[70] Given the relatively small number of APA cases brought in the Fifth Circuit, the case law concerning severability of an APA rule is scant. That said, the parties seem to agree that the two-part analysis is the correct test to use when determining whether a regulation is severable. (*See* Doc. Nos. 681 at 20, 673 at 30).

[71] *See e.g.*, 8 C.F.R. § 236.24(a) (explaining that if any provision of Final Rule is held "invalid and unenforceable in all circumstances," it "shall be severable from the remainder of this subpart and shall not affect the remainder thereof."); *id.* § 236.24(b) ("The provisions in § 236.21(c)(2) through (4) and § 274a.12(c)(14) and 274a.12(c)(33) are intended to be severable from one another, from this subpart and any grant of forbearance from removal resulting from this subpart...."); 87 Fed. Reg. 53,248–49 (responding to comments and maintaining severability "is preferable"); *id.* at 53,256 (a policy of forbearance only "would carry substantial benefits").

23-40653.36388

the remaining parts, undisturbed by any remedial order."[72] The Plaintiff States, on the other hand, challenge whether severability is proper, arguing the Final Rule would "not function sensibly without the stricken provision."[73]

While the Court is perplexed as to why DHS feels that this Court should try to tailor the Final Rule when the agency made no attempt to do so, the Court will follow the established two-part test to determine whether, and to what extent, severability is proper. The most obvious approach to apply the severability clause would be to separate forbearance from the benefits. This approach was mentioned frequently by commenters in the record. None of the parties suggest a different approach—in fact, they have not argued for any severability approach.

### 1. Would DHS Have Adopted the Final Rule Without the Benefits Provisions?

As mentioned above, the Court must first ask whether "the agency would have adopted the same disposition regarding the unchallenged portion [of the regulation] if the challenged portion were subtracted." *Sierra Club*, 867 F.3d at 1366. In other words, the Court must determine whether DHS would have adopted DACA without the benefits provisions.

Upon examination of the administrative record, it is clear that the DHS would not have adopted DACA without the benefits provisions. First, it expressly rejected that path when it adopted the Final Rule.[74] Second, the DHS does not need the Final Rule to exercise forbearance as to the DACA recipient population. The DHS has always had the right and the power to prosecute or forbear from prosecution any person illegally present in the country, even without an administrative rule or memorandum. Thus, forbearance with no benefits would be superfluous.[75]

---

[72] (Doc. Nos. 639 at 9, 681 at 20–22).

[73] (Doc. No. 673 at 35).

[74] *See e.g.*, AR2022_100237, 87 Fed. Reg. 53,194, (Doc. No. 607-1 at 259).

[75] It is important to note that neither this Court's nor the Fifth Circuit's orders impair that prosecutorial function. DHS has always had the right to exercise prosecution discretion on a case-by-case basis. Consequently, a rule that only

As noted, the record is replete with evidence showing that the DHS would not have adopted the Final Rule without the benefits provisions. For example, DHS argues employment authorization is an important component of the DACA policy with a myriad of positive impacts on recipients, families, and communities.[76] In response to comments about how DACA has increased educational opportunities for DACA recipients, DHS admitted that the purpose of formalizing its existing non-prosecutorial policy was to provide these benefits.[77] Thus, the award of deferred action status with its attendant benefits is the key feature.

In support of its decision to combine benefits with forbearance, DHS explained that a forbearance only policy would "disrupt the reliance of interests of hundreds of thousands of people, as well as the families, employers, and communities that rely on them [and]... would produce a great deal of human suffering, including harms to dignitary interests, associated with lost income and ability to self-support."[78] Later in the administrative record, DHS stated that a forbearance only policy would have substantially lowered the net benefit since it "would result in hundreds of thousands of prime-working-age people remaining in the United States while lacking authorization to work lawfully to support either themselves or their families."[79]

To suggest that this Court should now sever virtually every section or benefit that was considered essential by the Federal Defendants and the Defendant-Intervenors would be contrary

---

encompasses forbearance is a statement of the obvious and reiterates what DHS was already doing before the issuance of the 2012 DACA Memorandum. A forbearance only policy adds nothing to the equation and would leave the DACA recipients where they were in 2011.

[76] AR2022_100238, 87 Fed. Reg. 53,195, (Doc. No. 607-1 at 260).

[77] AR2022_100207, 87 Fed. Reg. 53,164, (Doc. No. 607-1 at 229) ("DHS acknowledges that by applying a more formal administrative framework to forbearance from enforcement with respect to DACA recipients, DHS has enabled a range of additional benefits to this population, including increased educational and professional opportunities that benefit DACA recipients and society at large.").

[78] AR2022_100299, 87 Fed. Reg. 53,256, (Doc. No. 607-1 at 321).

[79] AR2022_100336, 87 Fed. Reg. 53,293, (Doc. No. 607-1 at 358).

23-40653.36390

to the intentions of the former and to the interests of the latter. If this Court were to sever out the grant of deferred action and then, by necessity, the various components that accompany that status, that would mean those DACA recipients currently employed would lose, among other things, their employment eligibility—a result against which the Defendant-Intervenors have fought for years. Further, if the DACA recipients lost their employment status, the reliance interests that weigh heavily in their favor would shift in favor of the Plaintiff States.

Several commenters also weighed in on this issue, reinforcing the point that "deferred action and work authorization are not separate."[80] DHS agreed with those comments, and in response, explained that it "considered a forbearance-only alternative" and "agrees that a policy of forbearance without work authorization—while still a policy that would carry substantial benefits—would harm the substantial reliance interest of thousands of DACA recipients, their families, employers, and communities."[81] It did not explain the benefits that a forbearance only policy would bestow.

Despite many court decisions to the contrary, DHS maintains that DACA is merely an exercise of prosecutorial discretion. The DHS does not need the 2012 DACA Memorandum or the Final Rule to defer prosecution. This position is also undermined by the administrative record. The Department of Justice set out certain factors that fall under the doctrine of prosecutorial discretion and what does not.[82]

> It is important to recognize not only what prosecutorial discretion is, but also what it is not. The doctrine of prosecutorial discretion applies to law enforcement decisions whether, and to what extent, to exercise the coercive power of the Government over liberty or property, as authorized by law in cases when individuals have violated the law. **Prosecutorial discretion does not apply to affirmative acts of approval, or grants of benefits, under a statute or other**

---

[80] *See* AR2022_100298, 87 Fed. Reg. 53,255, (Doc. No. 607-1 at 320).

[81] AR2022_100299, 87 Fed. Reg. 53,256, (Doc. No. 607-1 at 321).

[82] AR2022_300063–75, (Doc. No. 607-4 at 63–75).

23-40653.36391

**applicable law that provides requirements for determining when the approval should be given.** For example, the INS has prosecutorial discretion not to place a removable alien in proceedings, but it does not have prosecutorial discretion to approve a naturalization application by an alien who is ineligible for that benefit under the INA.[83]

Perhaps aware of this advisory and other similar ones, various commenters suggested that DHS should "unbundle" its discretion to forego prosecution or deportation of the putative DACA recipients from the award of deferred action and the other benefits that DACA status brings. DHS made clear in its response to those comments that the effects of DACA would be greatly diminished if it opted to separate these aspects, and it refused to do so.

Additionally, it is well understood that "an agency's decision not to prosecute or enforce" is "generally committed to an agency's absolute discretion." *Heckler v. Chaney*, 470 U.S. 821, 831 (1985). Long before DACA was instituted, DHS had already categorized[84] the population of what would later become DACA recipients as low priority prosecutorial prospects.[85] In fact, at that time, to even go forward with a civil immigration enforcement or removal action for an individual in this category, a DHS officer had to get pre-approval.[86] Thus, there was, and is, no need for a formal

---

[83] AR2022_300065, (Doc. No. 607-4 at 65, Immigr. and Naturalization Serv., U.S. Dep't of Just., "Memorandum from Doris Meissner, Exercising Prosecutorial Discretion" (Nov. 17, 2000)) (emphasis added).

[84] AR2022_301637–642, (Doc. No. 608-3 at 47–52, U.S. Immigr. and Customs Enf't., DHS, "Memorandum from John Morton, Exercising Prosecutorial Discretion Consistent with the Civil Immigration Enforcement Priorities of the Agency for the Apprehension, Detention, and Removal of Aliens" (Jun. 17, 2011)).

[85] Indeed, concomitant with the issuance of the 2012 DACA Memorandum, President Obama emphasized that the future DACA recipients were the Dreamers who were already not targets of law enforcement.

> In the absence of any immigration action from Congress to fix our broken immigration system, what we've tried to do is focus our immigration enforcement resources in the right places. So we prioritized border security, putting more boots on the southern border than at any time in our history—today, there are fewer illegal crossings than at any time in the past 40 years. **We focused and used discretion about whom to prosecute, focusing on criminals who endanger our communities rather than students who are earning their education.** And today, deportation of criminals is up 80 percent. We've improved on that discretion carefully and thoughtfully. Well, today, we're improving it again.

AR2022_401446, (Doc. No. 610-3 at 155, White House Off. of the Press Sec'y, "Remarks by the President on Immigration" (June 15, 2012)) (emphasis added).

[86] AR2022_301648, (Doc. No. 608-3 at 58).

23-40653.36392

policy such as DACA, aside from awarding the recipients some level of formal status and the benefits that accompany that status.[87] This is reinforced by the fact that DHS has no formal program to enforce the law against those who let their DACA status lapse—further proof that the forbearance aspect is not the pivotal point of the program.[88]

An earlier legal memorandum from the Department of Justice stressed the same distinction. That advice seems as if it were written just for this situation.

> While a decision to grant nation-wide relief to a class of illegal aliens could be subject to legal challenges, it is unlikely that a court would reverse the Attorney General's decision <u>not to prosecute</u> this particular class of aliens. Generally, the courts have applied a limited review standards when reviewing the Attorney General's prosecutorial discretion (citing authority).[89]

This is the same distinction the Supreme Court just reinforced in *United States v. Texas*, 143 S. Ct. 1964 (2023).

Despite the advice of various commenters to the Final Rule, DHS purposefully did not decouple the decision not to prosecute from the award of benefits, and in its refusal, stressed that doing so would undermine the entire program. It is clear that DHS had the chance to and purposefully chose not to adopt an unbundled DACA program. It rejected that very suggestion on multiple occasions. The Final Rule fails the first severability factor. Therefore, severability is not proper. Having answered the first part of test in the negative, the Court does not need to further

---

[87] In oral argument in *Texas I*, this Court suggested a variation of this very thing: the issuance of a "non-prosecution" identification card. Such an approach would accomplish the alleged goal of saving CBP and ICE agents time and effort in the field while not violating the law. The Government rejected this suggestion.

[88] In fact, in its 2017 Answers to Frequently Asked Questions, DHS responded that if one lost their DACA status, it did not automatically mean a former DACA recipient had to leave the country. AR2022_400160, (Doc. No. 608-4 at 160). DHS replied that decision is "a separate issue." *Id.* Thus, while DACA provides the protection of "deferred action" status, that benefit (or lack thereof) is separate and apart from any eventual immigration enforcement decision.

[89] AR2022_300082, (Doc. No. 607-4 at 82, Immigr. and Naturalization Serv., U.S. Dep't of Just., Decision Memo 8715, "Memorandum from Office of General Counsel to Alan C. Nelson, Legal Considerations on the Treatment of Family Members Who Are Not Eligible for Legalization" (May 29, 1987)) (emphasis in original). This same memorandum quotes the Senate Judiciary Committee to the effect that one of the goals of the Immigration Reform and Control Act of 1986 (IRCA) is that immigrants will be required to "wait in line"—a goal DACA certainly undermines. AR2022_300081, (Doc. No. 607-4 at 81).

23-40653.36393

address severability. Nevertheless, the Court will discuss the second question for purposes of being thorough.

### 2. Would the Final Rule Function Sensibly Without the Benefits Provisions?

The second part of the severability analysis examines whether the regulation would "function sensibly" without the stricken provision(s). Again, the answer is no. As previously noted by the Supreme Court in *Regents* and as expressly discussed throughout the administrative record, DACA is primarily a benefits rule. 140 S. Ct. at 1906, 1913[90] ("the benefits attendant to deferred action provide further confirmation that DACA is more than simply a non-enforcement policy [....] the DACA Memorandum does not announce a passive non-enforcement policy; it created a program for conferring affirmative immigration relief."). The Final Rule would not function sensibly as a forbearance only policy. A review of the administrative record (and even the many briefs to this Court) demonstrates the variety of benefits that DACA status has bestowed on the DACA recipients and in turn the benefits that DACA recipients have bestowed on the country. None of this would have been possible under a forbearance only program.

As discussed earlier, various commenters suggested unbundling the various components of the DACA program if for no other reason than to protect it from being vulnerable to legal challenges. DHS refused, taking the position that it was the judiciary's duty to do the sorting. This Court disagrees.

First, it is not the judiciary's duty or role to write or rewrite regulations or rules, especially those that substantively contravene existing legislation. This is especially true when the DHS knew about these deficiencies and purposefully chose to ignore them. Second, if the Court were to do as

---

[90] *Regents*, of course, dealt with the validity of the attempted rescission of the 2012 DACA Memorandum, but as discussed *supra*, the substance of the 2012 DACA Memorandum and the Final Rule are for all practical purposes identical.

23-40653.36394

some suggest, the remaining regulation, stripped of the benefits it directly or indirectly bestows, would become a nullity. As noted, DHS has always had the inherent power—on a case-by-case basis—to exercise prosecutorial discretion with or without a regulation. It was already doing this before 2012, so a forbearance only policy changes nothing. If this Court were to take away the deferred action status (and all the resulting benefits), the DACA recipients would be back where they were—in the country illegally, but not active targets of the DHS. As stated previously, the DHS does not even have a policy to pursue individuals who have lost or failed to renew their DACA status, much less those with DACA status. DHS does not need a rule to enable it to not prosecute someone. While there may be a difference of opinion as to whether prosecutorial discretion is actually being exercised in the DACA arena, neither this Court nor the Fifth Circuit has encroached on the Executive Branch's role in that regard and no formal regulation is needed for it to perform that function.

This Court has written at length on the reliance interests that DACA recipients have in the continuation of this program. It has also acknowledged the many benefits, both financial and otherwise, that DACA recipients bestow on their communities and this country.[91] More importantly, vast portions of the record underlying the Final Rule do the same. If this Court were to slice away all of the DACA associated benefits, it would completely gut the program.[92] Moreover, it would undermine much of the reasoning that exists behind this Court's earlier decision to stay the injunction. Those reliance interests would no longer be part and parcel of DACA, and, consequently, would not figure into this Court's analysis.[93] This Court does not see

---

[91] *See e.g.*, (Doc. No. 319 at 112–15).

[92] *See e.g.*, AR2022_100076, 86 Fed. Reg. 53,811, (Doc. No. 607-1 at 98).

[93] Many of the benefits are not directly bestowed by the Final Rule or even the Federal Government. They are an indirect result of the DHS awarding deferred action status, which in turn bestows legal presence. These associated

23-40653.36395

a meaningful way to apply the severability clause and leave the program with any functionality. Thus, it fails the second prong of the severability test.

Setting aside the legal conditions that must be satisfied for a court to utilize severability, such an exercise in this instance would undermine virtually every aspect of this program. Congressional action, not administrative rulemaking or judicial rewriting, is what is required to "fix" this program. Congress was the proper place for any such program to originate, and it is the proper branch of the government to remedy the current situation.

This was noted by President Obama and Secretary Napolitano in 2012. Prior to and even following the adoption of the 2012 DACA Memorandum, President Obama specifically noted that he did not have the power to institute a DACA-like program.[94] In the very memorandum establishing DACA, Secretary Napolitano admitted that only Congress can solve the problem of the so-called Dreamers.[95] President Biden and DHS Secretary Mayorkas have likewise acknowledged the same limitations.[96] This Court agrees that under our Constitution, only Congress

---

benefits may vary from state to state and there is no meaningful way for any court to make determinations as to these benefits based upon this record.

[94] "With respect to the notion that I can just suspend deportations through executive order, that's just not the case, because there are laws on the books that Congress has passed...." Univision town hall meeting, Mar. 28, 2011, https://www.youtube.com/watch?v=TfZ3kaKZoIw, (starting at the 1:07 mark). "My job is to execute laws that are passed, and Congress right now has not changed what I consider to be a broken immigration system....we've kind of stretched our administrative flexibility as much as we can." Google+ Hangout Interview, Feb. 14, 2013, https://www.youtube.com/watch?v=-gU09bWifFo, (starting at the 19:27 mark). *See also* AR2022_401447, (Doc. No. 610-3 at 156).

[95] "This memorandum confers no substantive right, immigration status or pathway to citizenship. Only the Congress, acting through its legislative authority, can confer these rights." (Doc. No. 487, Ex. 1, Memorandum from Janet Napolitano, *Exercising Prosecutorial Discretion with Respect to Individuals Who Came to the United States as Children* (June 15, 2012)).

[96] "While Vice President Harris and I will continue fighting to pass legislation to protect Dreamers and create a path to citizenship, only Congress can provide permanent and lasting stability for these young people and their families. Congress must act to protect our Dreamers." Statement from President Joe Biden on the Anniversary of DACA, June 15, 2023, https://www.whitehouse.gov/briefing-room/statements-releases/2023/06/15/statement-from-president-joe-biden-on-the-anniversary-of-daca/. "We are taking action to preserve and fortify DACA. This is in keeping with the President's memorandum. It is an important step, but only the passage of legislation can give full protection and a path to citizenship to the Dreamers who know the U.S. as their home." Statement by Homeland Security Secretary Mayorkas on DACA, March 26, 2021, https://www.dhs.gov/news/2021/03/26/statement-homeland-security-secretary-mayorkas-daca.

23-40653.36396

can legislate and only Congress has the power to establish immigration laws. U.S. CONST. art. I, § 8.[97] This Court has consistently refused to legislate from the bench, and it will not take up DHS's offer to do so here.

For the reasons discussed, the Final Rule does not meet either of the preconditions that warrant an exercise of the severability clause. Therefore, severability is neither proper nor sensible based upon on the current record.

## IV.    Conclusion

Litigation revolving around the legality of DACA, in one form or another, has existed for nearly a decade. While sympathetic to the predicament of DACA recipients and their families, this Court has expressed its concerns about the legality of the program for some time. The solution for these deficiencies lies with the legislature, not the executive or judicial branches. Congress, for any number of reasons, has decided not to pass DACA-like legislation. Defendant-Intervenors argue that this program is supported by the vast majority of Americans[98] and that the failure to enact it is inexcusable; but Congress's alleged failure to pass, or, stated differently, its decision not to enact legislation, does not empower the Executive Branch to "legislate" on its own—especially when that "legislation" is contrary to actual existing legislation. The Executive Branch cannot usurp the power bestowed on Congress by the Constitution—even to fill a void.

---

[97] Congress itself understands it is the body that must either solve the DACA dilemma or decide that the law should remain as written. Nancy Pelosi, the then-Speaker of the House of Representatives, has repeatedly indicated that she wanted Congress to take up this issue—a clear indication that Congress understands the ball is in their court—not this one. "Pelosi Statement on the 10th Anniversary of DACA", (Jun. 15, 2022), https://pelosi.house.gov/news/press-releases/pelosi-statement-on-the-10th-anniversary-of-daca; Benjamin Wermund, Dems plan big push to protect Dreamers, THE HOUSTON CHRONICLE, Nov. 16, 2022 ("House Speaker Nancy Pelosi and Majority Leader Steny Hoyer both told House Democrats on Tuesday that taking a final shot at codifying the [DACA] program is a priority in the lame duck session…").

[98] *See e.g.*, J. Krogstad, *Americans Broadly Support Legal Status for Immigrants Brought to the U.S. Illegally as Children*, Pew Research Center (June 17, 2020) ("…74% of Americans favor a law that would provide permanent legal status to immigrants who came to the U.S. illegally as children…").

23-40653.36397

DHS takes a somewhat skewed view of its power to act when Congress has not. It seems to suggest that it has the power to do what Congress has rejected, despite having no legislative or constitutional authority.

> When Congress does not act, it might be for a wide variety of reasons, including competing priorities and the sheer press of business…By declining to enact the DREAM Act, then, Congress has not rejected or otherwise spoken to the Secretary's authority to establish the DACA policy. It bears repeating that, though well aware of DHS's longstanding administrative practice, including the [2012 DACA] Memorandum, Congress has not taken any action to override or prohibit the use of deferred action.[99]

There are three very troublesome aspects of this position. First, there are many actions Congress has not taken—perhaps with very good reasons. Its inaction, whether justifiable or not, does not give DHS *carte blanche* to take any action it wants. Second, DHS cites the 2012 DACA Memorandum as authority for it to enact the Final Rule, but that Memorandum was illegally enacted. Citing an illegally enacted policy as authority is hardly comforting. Third, the foregoing quote implies that DHS takes the position that it is empowered to do whatever it wants and that it is up to Congress to stop it. This kind of reasoning simply turns the Constitution upside down.

What this Court must do is continue to interpret the law and the Constitution as written, and in this instance, to resolve the question posed to it by the Fifth Circuit. Here, the Final Rule was purposefully designed to preserve the 2012 DACA Memorandum as written. DHS has merely formalized the 2012 DACA Memorandum, a program the Fifth Circuit already found to be wanting. It also intends for it to be interpreted just as it has been for the last decade. While the Final Rule may have used somewhat different wording in a few places, the substantive portions are materially the same as the 2012 DACA Memorandum. DHS purposefully based the Final Rule on the 2012 DACA Memorandum due to the directive it received from the President. It made no

---

[99] AR2022_100019, 86 Fed. Reg. 53,754, (Doc. No. 607-1 at 41).

23-40653.36398

effort in the Final Rule to cure any of the substantive problems noted by this Court and confirmed by the Fifth Circuit.

That being the case, the Court finds that the Final Rule, like the 2012 DACA Memorandum before it, is subject to this Court's (and the Fifth Circuit's) prior rulings. There are no material differences between the two programs. As such, the Final Rule suffers from the same legal impediments. The Plaintiff States' Motion for Summary Judgment[100] is granted. The Cross Motions for Summary Judgment[101] are denied. The existing injunction and vacatur order are supplemented to include the Final Rule. The remaining provisions of that injunction order remain intact. To be clear, neither this order nor the accompanying supplemental injunction requires the DHS or the Department of Justice to take any immigration, deportation, or criminal action against any DACA recipient, applicant, or any other individual that would otherwise not be taken.

Signed this 13 day of September, 2023.

Andrew S. Hanen
United States District Judge

---

[100] (Doc. No. 625-1).

[101] (Doc. Nos. 636, 639, and 641).

23-40653.36399

Tab 4

United States District Court
Southern District of Texas
**ENTERED**
September 13, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| Plaintiffs, | § | |
| | § | |
| *v.* | § | Civil Action No. 1:18-CV-00068 |
| | § | |
| THE UNITED STATES OF AMERICA, *et al.*, | § | |
| Defendants, | § | |
| | § | |
| *and* | § | |
| | § | |
| KARLA PEREZ, *et al.*; | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| Defendant-Intervenors. | § | |

## SUPPLEMENTAL ORDER OF INJUNCTION

On July 16, 2021, this Court vacated the DACA program created by the 2012 DACA Memorandum and enjoined the United States of America, its departments, agencies, officers, agents, and employees from administering the DACA program and from granting new (post-July 15, 2021) DACA applications. This judgment was affirmed by the Fifth Circuit Court of Appeals. That analysis and order are hereby reaffirmed, and the original injunction and order of vacatur is hereby expanded to cover Final Rule DACA—the program found at 8 C.F.R. pts. 106, 236, and 274a. That program is vacated, and the Department of Homeland Security (DHS) is enjoined from implementing Final Rule DACA until a further order of this Court, the Fifth Circuit Court of Appeals, or the Supreme Court of the United States.

The Court, as it did before, hereby stays the effective date of the vacatur order as to all DACA recipients who received their initial DACA status prior to July 16, 2021. The Defendants may continue to administer the program as to those individuals, and that administration may

include processing and granting DACA renewal applications for those individuals. DHS may continue to accept initial applications if it so chooses, but it may not grant any.

The remaining provisions of the original injunction are to remain in place and are to be applicable to Final Rule DACA. DHS should post a public notice of this Supplemental Injunction on its website and on all of the websites of the relevant agencies involved in DACA administration or processing.

This Court retains jurisdiction of this matter for purposes of construction, modification, and/or enforcement of the terms of the original and this Supplemental Injunction. Moreover, the Court notes that its Memorandum and Opinion issued today concerning Final Rule DACA as well as this supplemental injunction and the original injunction are part of the ongoing case in 1:18-cv-00068. A Final Judgment has not been entered in this case, so all matters not being addressed by an appellate court are still pending in this Court and subject to its jurisdiction. To be clear, neither this Supplemental Order of Injunction nor the Memorandum and Order that accompanies it requires DHS or the Department of Justice to take any immigration, deportation, or criminal action against any DACA recipient, applicant, or any other individual that would not otherwise be taken.

Signed this __13__ day of September, 2023.

                                           _____

                                           Andrew S. Hanen
                                           United States District Judge

23-40653.36401

Tab 5

United States District Court
Southern District of Texas
**ENTERED**
July 16, 2021
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, ET AL., | § | |
| *Plaintiffs*, | § | |
| | § | |
| *v.* | § | |
| | § | |
| THE UNITED STATES OF AMERICA, ET AL., | § | Civil Action No. 1:18-CV-00068 |
| *Defendants*, | § | |
| | § | |
| *and* | § | |
| | § | |
| KARLA PEREZ, ET AL.; | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| *Defendant-Intervenors.* | § | |

## ORDER OF PERMANENT INJUNCTION

The Court has found that at least one of the Plaintiff States has satisfied all the necessary requisites to maintain this lawsuit. The Court has further found, pursuant to its Memorandum and Order, that the Plaintiff States are entitled to summary judgment on the merits of their procedural and substantive Administrative Procedure Act (APA) claims and has granted same. Finally, the Plaintiff States have proven the required elements to obtain a permanent injunction.

The Plaintiff States have requested vacatur of the Deferred Action for Childhood Arrivals (DACA) program and a permanent injunction against its continued operation. A plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief. "According to well-established principles of equity, a plaintiff seeking a permanent injunction must satisfy a four-factor test before a court may grant such relief." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The plaintiff must demonstrate: "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and

1

23-40653.25261

defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction." *Id.*

The first three factors are discussed in detail in the Court's ruling on the opposing motions for summary judgment, and that discussion need not be repeated here. Therefore, the Court finds:

**Factor One.** As discussed in the section on standing in the memorandum and opinion, the Plaintiff States have demonstrated that they have suffered an irreparable injury.

**Factor Two.** The injury to the Plaintiff States is derived from the creation of and the continued operation of the DACA program. Only its cessation would alleviate that injury, and monetary damages are inadequate to do so.

**Factor Three.** In this factor, the Court considers only the hardships as between the plaintiff, Plaintiff States, and the defendant, the Government, the party being enjoined. Ceasing the DACA program would not impose a significant hardship on the Government. Conversely, the Plaintiff States have demonstrated the hardship that the continued operation of DACA has inflicted on them. Furthermore, the Government has no legitimate interest in the continuation of an illegally implemented program.

**Factor Four.** The public interest of the nation is always served by the cessation of a program that was created in violation of law and whose existence violates the law. *See Trump v. Hawaii*, 138 S. Ct. 2392, 2429 (2018) (Thomas, J., concurring) (recognizing that there is a "public interest in having congressional enactments properly interpreted and applied"). Considering all four factors, the Court finds that an injunction is warranted and appropriate here.

Nevertheless, "[i]t goes without saying that an injunction is an equitable remedy." *Weinberger v. Romero-Barcelo*, 456 U.S. 305, 311 (1982). The "essence of equity" is to "mould each decree to the necessities of the particular case." *Rondeau v. Mosinee Paper Corp.*, 422 U.S.

2

49, 61. Equity is distinguished by "[f]lexibility rather than rigidity" and the "qualities of mercy and practicality have made equity the instrument for nice adjustment and reconciliation between the public interest and private needs." *Id.*

The most significant equitable interests to consider here are those of the DACA recipients. While these recipients are not themselves enjoined, the Court also finds that as part of its analysis of factors three and four above, the Court is entitled to take into consideration their interests as well. Hundreds of thousands of individual DACA recipients, along with their employers, states, and loved ones, have come to rely on the DACA program. These interests have been discussed in this Court's earlier opinion (Doc. No. 319), by the Supreme Court in *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891, 1896 (2020), and in the many decisions by other courts that had to address the attempted rescission of DACA. That being the case, the Court sees no need to delineate them here. Given those interests, it is not equitable for a government program that has engendered such significant reliance to terminate suddenly. This consideration, along with the Government's assertion that it is ready and willing to try to remedy the legal defects of the DACA program, indicates that equity will not be served by a complete and immediate cessation of DACA.

Accordingly, the Court hereby grants the request for permanent injunction and vacatur, subject to the following limitations and parameters:

The DACA Memorandum (June 15, 2012 Memorandum by Department of Homeland Security (DHS) Secretary Janet Napolitano) and the DACA program that it created are hereby vacated; the DACA Memorandum is remanded to DHS for further consideration, as requested. From this date forward, the United States of America, its departments, agencies, officers, agents,

23-40653.25263

and employees are hereby enjoined from administering the DACA program and from reimplementing DACA without compliance with the APA.

With respect to new (those not already granted by the date of this order) DACA applications received by DHS, the order of vacatur and remand is effective immediately. DHS may continue to accept applications as it has been ordered to do by the court in *Batalla Vidal v. Wolf*, 16-CV-4756, 2020 WL 7121849 (E.D.N.Y. Dec. 4, 2020), but it may not grant these applications until a further order of this Court, the Fifth Circuit Court of Appeals, or the United States Supreme Court. Thus, DHS is hereby permanently enjoined from granting DACA status for any new applicants.

With respect to DACA recipients who obtained that status on or before the date of this injunction and DACA renewal applications for these existing recipients (regardless of when the renewal applications are submitted), the order of immediate vacatur and the permanent injunction (but not the order of remand) are temporarily stayed until a further order of this Court, the Fifth Circuit Court of Appeals, or the United States Supreme Court. *See Campaign for S. Equal. v. Bryant*, 773 F.3d 55, 57 (5th Cir. 2014) ("the authority to hold an order in abeyance pending review allows an appellate court to act responsibly when faced with serious legal questions that merit careful scrutiny and judicious review") (quotations omitted). In addition to appellate review, the stay also serves the purpose of allowing DHS time to perform the review it has represented to the Court that it plans to do.

Subject to any further order as described above, nothing in this injunction should be read as ordering DHS or any other governmental entity to cancel or otherwise terminate DACA status for any individual who currently is, as of this date, a DACA recipient in good standing. Further, nothing in this injunction requires DHS or the Department of Justice to take any immigration,

4

deportation, or criminal action against any DACA recipient, applicant, or any other individual that either would not otherwise take.

DHS is directed to post a public notice, within 3 calendar days of this Injunction, to be displayed prominently on its website and on the websites of all other relevant agencies, that a United States District Court has found the DACA program to be illegal and that, though applicants may continue to submit applications, the Government is prohibited from granting such applications. The Government shall provide a copy of the notice to all counsel and post it to the docket within 3 calendars days of this Order.

The Court finds this permanent injunction is reasonable and properly takes into account the reliance interests of the Plaintiff States on the duly enacted immigration laws of this country, the interests of the public in having the Government and its agencies and employees comply with the law, and the significant reliance interests that DACA has engendered since its inception. This Court retains jurisdiction of the matter for purposes of construction, modification, and enforcement of this Permanent Injunction. If the Government fails to take the appropriate steps to remedy the shortfalls in DACA within a reasonable time given the complexities inherent in such a process, the Court will reconsider its decision to stay portions of the relief that it has granted, if an appropriate motion is filed.

Signed at Houston, Texas, this 16th day of July, 2021.

Andrew S. Hanen
United States District Judge

23-40653.25265

Tab 6

United States District Court
Southern District of Texas
**ENTERED**
October 14, 2022
Nathan Ochsner, Clerk

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| *Plaintiffs*, | § | |
| | § | |
| v. | § | Civil Action No. 1:18-CV-00068 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| *Defendants*, | § | |
| | § | |
| *and* | § | |
| | § | |
| KARLA PEREZ, *et al.*, | § | |
| | § | |
| STATE OF NEW JERSEY, | § | |
| *Defendant-Intervenors*. | § | |

**<u>ORDER</u>**

The parties have agreed that the injunction currently in place (Doc. No. 576) extends and applies to the Department of Homeland Security's ("DHS") final rule on DACA ("New DACA"), which is scheduled to become effective on October 31, 2022. 87 Fed. Reg. 53152 (Aug. 30, 2022). Therefore, the Court hereby extends that injunction to cover that program.

DHS may continue to accept applications to the extent it has been ordered to do so by the court in *Batalla Vidal v. Wolf*, 16-CV4756, 2020 WL 7121849 (E.D.N.Y. Dec. 4, 2020), but it continues to be permanently enjoined from granting DACA status for any new applicants. For DACA recipients who obtained that status on or before the date of the Court's permanent injunction (July 16, 2021), the DHS may accept and grant DACA renewal applications.

Nothing in this Order or the injunction order should be read as ordering DHS or any other governmental entity to cancel or otherwise terminate DACA status for any individual that currently is, as of this date, a DACA recipient in good standing. Nothing in the injunction requires DHS or the Department of Justice to take any immigration, deportation, or criminal action against any

1

DACA recipient, applicant, or any other individual that it would not otherwise take.

Signed this 14th day of October, 2022.

Andrew S. Hanen
United States District Judge

23-40653.25560

Tab 7

thereby reducing reliance on public assistance (to the extent that such reliance is possible given eligibility restrictions) and pressure on the job market for low-skilled workers. DHS also agrees that if members of the DACA population stopped performing their work, labor shortages could be exacerbated depending on the industry and employer.

DHS appreciates commenters' concern for the well-being of agricultural workers. DHS agrees that the ability to lawfully work empowers employees in all sectors to leave dangerous employment situations by decreasing fear that reporting exploitative or illegal employment practices could potentially result in immigration consequences. Additionally, as mentioned above, a lack of access to employment authorization raises the potential for exploitation and substandard wages, which in turn may have the effect of depressing wages for some U.S. workers. Thus, making employment authorization available to DACA recipients helps protect U.S. workers and employers against the possible effects of unauthorized labor.

Other Impacts on Communities

*Comment:* Some commenters described DACA recipients as law-abiding, valued members of their communities. Commenters also supported the proposed rule based on positive impacts on communities and society as a whole. These commenters stated that the proposed rule would prevent families and communities from being separated; encourage diversity; and allow recipients to participate in military service, jobs, and community service roles that keep communities safe. One commenter expressed agreement with DHS's overall description of the substantial reliance interests of communities on DACA recipients.

Other commenters stated that DACA was a crucial part of facilitating professional licensing eligibility, opening the door to licensure for many professions, including as a lawyer, teacher, doctor, nurse, social worker, or psychologist. These commenters further stated that communities have benefited from the education, professional expertise, and professional and economic contributions of DACA recipients in those professions. One of these commenters further stated that the increasing number of DACA recipients admitted to the Bar Associations of their respective States has promoted diversity in the legal profession while also helping to ensure all communities

understand the judicial process and have greater access to justice. A joint comment by 14 States also identified examples of reliance interests engendered by community and State-level investments in the DACA population; for example, losing the benefits of investment into the training of DACA recipients working in healthcare who have committed to four years of post-graduation work in underserved Illinois communities.

Other commenters opposed the rule, stating that undocumented noncitizens exacerbate affordable housing shortages and that U.S. citizens should instead be prioritized.

*Response:* DHS acknowledges some commenters' support of the rule and agrees, as discussed in this rule, that there is strong evidence that DACA has had a positive impact on communities in promoting family unity, encouraging diversity, and opening pathways to military and other community service roles. DHS also recognizes, as discussed by commenters below, that the reduction of fear among DACA recipients contributes to improved law enforcement and community relations, which improves public safety.

DHS acknowledges the commenter's support for DHS's description of the substantial reliance interests of DACA recipients and communities. DHS appreciates the additional reliance interests identified by the commenter and agrees that some States have structured or amended their professional licensing requirements in reliance on the existence of the DACA policy, and therefore have reliance interests in the preservation of the DACA policy, as do the DACA recipients who have established careers dependent upon licensure by the State and the entities that employ professionally licensed DACA recipients.

DHS also acknowledges a commenter's concern that undocumented noncitizens, including DACA recipients, exacerbate the affordable housing shortage confronting some communities. Although some studies have examined the impact of immigration on housing,[89] the housing market is influenced by many factors, and DHS is unable to quantify the potential impact of the DACA policy itself on housing availability, including affordable housing. It is important to distinguish the effect of the DACA policy itself from the impact of current

DACA recipients and the DACA eligible population in the United States. Current and potential DACA recipients have shown, through a course of years, that many would remain in the United States even without deferred action or employment authorization. The presence of these noncitizens affects housing availability regardless of the DACA policy. Nonetheless, DHS acknowledges that, as some DACA recipients have increased their earning potential and incomes as a result of the DACA policy, this could arguably affect the availability of housing for others in those communities in which these DACA recipients reside. DHS is cognizant that, like other community impacts of the DACA policy, the impact upon housing availability can vary across communities. However, DHS has determined that the many positive impacts of the DACA policy on communities, as discussed throughout this section, outweigh the possible impact of DACA recipients, as a subset of a larger undocumented noncitizen population, on the availability of affordable housing in some communities.

Impacts on States

*Comment:* Some commenters generally opposed the proposed rule based on the use of public benefits programs, education resources, and other costs to the government by noncitizens and DACA recipients. A commenter stated that USCIS ignores the costs borne by local, State, and Federal agencies for services provided to DACA recipients, such as Medicaid services to pregnant women and bilingual education services provided to students in local schools, which the commenter asserts also result in higher taxes to U.S. citizens at the State and local levels. Commenters also stated that U.S. citizens and States have reliance interests weighing against promulgating this rule. These commenters stated that the government should take care of U.S. citizens before spending money on undocumented noncitizens or DACA recipients, that DACA recipients generally divert limited resources from U.S. citizens, and that the United States cannot financially or otherwise afford to support undocumented noncitizens, including DACA recipients.

Other commenters stated that DACA recipients should not be given special privileges, benefits, or money at the expense of American taxpayers. A commenter wrote, without accompanying citations or other support, that DACA recipients "use much more than their fair share of social safety net programs especially in places

---

[89] *See, e.g.,* Abeba Mussa, et al., *Immigration and housing: A spatial econometric analysis,* J. of Housing Econ., 35, 13–25 (2017), *https://doi.org/10.1016/j.jhe.2017.01.002.*

AR2022-100654.25804

Case: 24-40663 Document 607-11 Page: 220 Date Filed: 01/25/2024

like [N]ew [Y]ork where very few questions are asked, fake names and documentation is given and people without documentation are offered services citizens are unable to use at times.'' Some commenters stated that immigrants should prove that they can financially support themselves and will not be dependent on the U.S. Government. One commenter stated that in previous decades, DACA recipients have sent millions of American dollars in remittances back to their countries of origin with no repercussions.

The Attorney General of Texas submitted the only comment from a State expressing general opposition to the proposed rule. The comment stated that DACA increases the State's expenditures associated with education, healthcare, and law enforcement by incentivizing unauthorized noncitizens to remain in the country. The comment stated that Texas spends over $250 million each year in the provision of social services to DACA recipients. The comment also stated that unauthorized migration costs Texas taxpayers over $850 million each year: between $579 million and $717 million each year for public hospital districts to provide uncompensated care for undocumented noncitizens; $152 million in annual costs for incarceration of undocumented noncitizens in the penal system; between $62 million and $90 million to include undocumented noncitizens in the State Emergency Medicaid program; more than $1 million for The Family Violence Program to provide services to undocumented noncitizens for one year; between $30 million and $38 million per year on perinatal coverage for undocumented noncitizens through the Children's Health Insurance Program; and between $31 million and $63 million to educate unaccompanied noncitizen children each year.

In contrast, a joint comment submitted by the Attorneys General of 14 States [90] that together represent approximately 61 percent of the total DACA recipient population discussed how their States have adopted laws, regulations, and programs in reliance on the existing DACA policy and have a strong interest in preserving these frameworks and the benefits they secure to the States, as well as in avoiding the costs incurred upon adjusting or revoking these frameworks should DACA be revoked. The Attorneys General said that DACA recipients are vital members of and workers within

their communities, including essential workers and State government employees. To the extent that their States employ DACA recipients, they stated that ending the DACA policy would harm their States' reliance interests because they would lose the critical skills of these employees and their investments in these employees, while also incurring costs associated with terminating their employment and the additional costs of recruiting, hiring, and training their replacements. These States further noted that the increased earning power of DACA recipients is economically beneficial to their States, citing data that DACA recipients' estimated spending power is approximately $24 billion. The 14 States jointly commented that because the service sector represents approximately 80 percent of the U.S. GDP and 86 percent of total employment, and the service sector relies on consumer spending, this purchasing power is critical to the overall economic health of their States. Additionally, they noted that due to the economic stability and ability to make long-term plans provided by a DACA-related grant of deferred action and employment authorization, approximately a quarter of DACA recipients aged 25 and older have been able to purchase homes, creating jobs and boosting spending in their States, including California, where DACA recipients make yearly mortgage payments totaling $184.4 million. These States added that ending DACA, or limiting it to current active recipients, would result in significant losses in tax revenue—$260 million in State and local taxes over the next decade in California alone—and negatively impact their States' residents. They also noted that ending DACA would result in an estimated loss of $33.1 billion in Social Security contributions and $7.7 billion in Medicare contributions—funds that are critical to ensuring the financial health of these programs, upon which residents of their States depend.

These States also asserted that opponents of the DACA policy have failed to demonstrate a single law enforcement cost attributable to the policy, and cited an article in which numerous police chiefs, prosecutors, and other law enforcement professionals advocated for the continuation of DACA.[91] They went on to identify that mistrust of communities toward law enforcement is a significant challenge that results in individuals being less

likely to report being witnesses to or victims of crime. The commenters cited one recent study finding that in neighborhoods where 65 percent of residents are immigrants, there is only a 5 percent chance that a victim will report a violent crime, compared with a 48 percent chance in a neighborhood where only 10 percent of residents are born outside the United States (although the relationship in general was nonlinear).[92] Citing survey results that 59 percent of DACA recipients confirmed they would report crimes that they would previously have not reported in the absence of DACA, these States asserted that the benefits of such increasing cooperation far outweighs any alleged ways in which DACA hinders law enforcement.

The joint comment from these 14 States also disputed the notion that DACA imposes significant healthcare costs on the States, and stated that, to the extent there are costs, they do not outweigh the strong benefits and healthcare cost savings of DACA. They stated that DACA saves States money by allowing DACA recipients to receive employer-sponsored health insurance or to purchase insurance directly from carriers. Without DACA, they stated, those individuals would have to rely more on emergency services, as opposed to preventative services, in order to meet their healthcare needs, thereby increasing the costs to both the States themselves and their healthcare systems. The 14 States also stated that DACA reduces healthcare costs because its positive population-level mental health consequences reduce, rather than increase, State healthcare costs.

The joint comment from the States also characterized as a ''false premise'' the assumptions of opponents of the DACA policy that DACA recipients would depart the United States if the policy ended. They reasoned that, given the unlikelihood of large-scale departure of DACA recipients in the event DACA were terminated, the need to reduce healthcare expenses by making recipients eligible for insurance and by improving health outcomes becomes paramount. The States went on to explain that a number of States have structured healthcare access programs in reliance on the existence of DACA, and would incur costs to amend the programs were DACA limited or terminated. The commenters wrote that for example, New York currently uses

---

[90] The joint comment was submitted by the Attorneys General of California, New Jersey, New York, Colorado, Connecticut, Delaware, Hawaii, Illinois, Iowa, Maine, Maryland, Massachusetts, Minnesota, and Washington, DC.

[91] Georgetown Law, *Law Enforcement Leaders and Prosecutors Defend DACA* (Mar. 20, 2018), *https://www.law.georgetown.edu/news/law-enforcement-leaders-and-prosecutors-defend-daca.*

[92] *See* Min Xie and Eric P. Baumer, *Neighborhood Immigrant Concentration and Violent Crime Reporting to the Police: A Multilevel Analysis of Data from the National Crime Victimization Survey,* 57 Criminology 237, 249 (2019), *https://perma.cc/QS5RK867.*

AR2022-100655.25805

State-only funds to provide full health coverage for deferred action recipients (including DACA recipients, whom New York State considers to be Permanently Residing Under Color of Law (PRUCOL)), while noncitizens without DACA or another qualified immigration status only qualify for emergency Medicaid coverage, which provides treatment of emergency medical conditions. Were DACA to be terminated or limited, the States explained, New York would incur the costs of seeking a State legislative change to maintain coverage for DACA-eligible persons (again, with State dollars only), or limit Medicaid coverage to treatment of emergency conditions for some or all of these individuals.

These 14 States also stated that DACA does not increase the States' educational costs, and that opponents of the DACA policy have not identified specific costs attributable to DACA, citing numerous other States' declarations in the record in *Texas*. The joint commenters stated that the assertion of educational costs attributable to DACA rely on, as discussed above, a flawed assumption that in the absence of DACA, recipients would depart the United States and thus reduce the cost of providing legally required public K–12 education to DACA recipients. Furthermore, the joint comment noted that the obligation imposed by *Plyler* v. *Doe* requires States to educate students regardless of their immigration status; thus, every State has the same responsibility for educating DACA-eligible students regardless of whether the DACA policy continues to exist. Rather than impose costs, the 14 States asserted that DACA benefits State and local governments by eliminating a major source of challenges for undocumented students and those with mixed-status families, allowing them to thrive and contribute to their communities and State economies, to the benefit of the entire community and to the States themselves. The 14 States pointed to research that DACA significantly increased both school attendance and high school graduation rates, closing the gap between citizen and noncitizen graduation rates by more than forty percent.[93]

Another joint comment stated that States lack any reliance interest in the nonexistence of a DACA policy because States are not harmed by how the Federal Government prioritizes and enforces its immigration laws. The rule as proposed, the commenters stated, does not harm any reliance interests on the part of States. The commenters stated that the reliance interests thus weigh strongly in favor of DACA recipients and of other individuals who benefit from a DACA policy and from other policies that spring from the same statutory authority.

*Response:* DHS acknowledges commenters' concerns about diversion of resources to DACA recipients. After carefully considering each of the concerns, DHS recognizes that while the final rule could result in some indirect fiscal effects on State and local governments, the size and even the direction of the effects is dependent on many factors, making for a complex calculation of the ultimate fiscal impacts. Section III.A.4.e of the RIA discusses fiscal impacts in more detail.

DHS disagrees with a comment that it ignored possible fiscal impacts at the local, State, and federal levels. The RIA specifically addresses potential fiscal impacts, both positive and negative, at various levels of government. As the commenter notes, a comprehensive quantified accounting of local and State fiscal impacts specifically due to DACA is not possible due to the lack of individual-level data on DACA recipients who might use State and local programs or contribute in a variety of ways to State and local budgets. In general, however, DACA is not a qualifying immigration category for Medicaid eligibility and does not affect access to public schools. DHS is aware that some State and local jurisdictions have chosen to expand assistance to deferred action recipients in certain contexts.

Furthermore, the claim of a causal link between Texas fiscal spending and the DACA policy relies to a significant extent on the assumption that in the absence of DACA, a substantial portion of DACA recipients who would otherwise impose a net fiscal burden on the States would depart the United States. DHS welcomed comments on all aspects of the NPRM, but received scant evidence in support of this

assumption.[94] Even in 2012 when the DACA policy was first announced, DACA-eligible persons would already have been residing in the United States for five years, without deferred action. At this stage, an additional ten years on, many DACA recipients have developed deep ties to the United States and have children and close relations with family and friends (and have also just entered their prime working years). Many recipients know only the United States as home, and English is their primary language. Leaving the country would mean leaving behind children, parents, other family members, and close friends. In short, DHS believes that DACA-eligible individuals generally would be unlikely to leave the United States if the DACA policy were discontinued. DHS thus does not believe that reliable evidence supports the conclusion that a decision to terminate the DACA policy would result in a net transfer to States. Although commenters provided some estimates of DACA recipients' fiscal effects on States, it is worth noting that commenters' concerns focus on the marginal effect of each DACA recipient on State and local revenues as well as expenditures. While some DACA recipients might leave the country if the program did not exist, DHS has no basis to assume those individuals would cause decreases in State expenditures that exceeded their contributions to tax revenue. Again, in the RIA, DHS presents additional available evidence and discusses possible labor market and fiscal impacts of the DACA policy.

DHS also acknowledges the comment of 14 other States—including multiple states in which large numbers of DACA recipients currently reside—that DACA does not increase States' law enforcement, healthcare, or education costs, and, if anything, reduces such costs. With respect to law enforcement in particular, DHS agrees that DACA mitigates a dilemma faced by those without lawful status; by virtue of the measure of assurance provided by the DACA policy, DACA recipients are more likely to proactively engage with law enforcement in ways that promote public safety. With respect to health care and education, DHS appreciates that some of these States, as well as some localities, have enacted laws

---

[93] *See, e.g.,* Kuka (2020). Moreover, deferred action actually saves local governments money by increasing attendance and preserving critical sources of funding to public school districts across the United States. School districts in many States receive funding based on primary and secondary school attendance; poor attendance rates jeopardize that funding. Laura Baams, et al., *Economic Costs of Bias-Based Bullying,* 32 Sch. Psychol. Q. 422 (2017), *https://www.ncbi.nlm.nih.gov/pmc/articles/ PMC5578874*; Chandra Kring Villanueva, *Texas Schools at Risk of Significant Funding Cuts due to*

*Pandemic-Related Attendance Loss,* Every Texan (Feb. 22, 2021), *https://everytexan.org/2021/02/22/ keeping-schools-whole-through-crisis.* In California, for example, student absenteeism costs public schools an estimated $1 billion per year. *See* Laura Baams, et al., *supra,* at 3.

[94] In contrast, DHS is aware of a peer-reviewed study that found no statistical causal link between the DACA policy and border crossings. For details, see Catalina Amuedo-Dorantes and Thitima Puttitanun, *DACA and the Surge in Unaccompanied Minors at the U.S.-Mexico Border,* International Migration, 54(4), 102–17 (2016) (hereinafter Amuedo-Dorantes and Puttitanun (2016)).

making DACA recipients eligible for more benefits than they otherwise would be eligible for without DACA, because DACA recipients are not ''qualified alien[s]'' as defined in the Personal Responsibility and Work Opportunity Reconciliation Act of 1996 (PRWORA), 8 U.S.C. 1641(b), and are, therefore, generally ineligible for public benefits at the Federal, State, and local levels.[95] These States have made a judgment that providing such benefits to DACA recipients is beneficial to the State in some way. Other States have made different judgments, and as a consequence do not bear a substantially greater burden with respect to healthcare or education than they would if DACA were terminated and its current recipients remained in the United States regardless. In fact, because the DACA policy permits DACA recipients to obtain lawful employment, in many cases giving them access to private health insurance and reducing their dependence on state-funded healthcare, eliminating DACA could increase State and local healthcare expenditures.

In connection with this discussion of fiscal burdens, DHS reiterates its understanding that DACA recipients make substantial contributions in taxes and economic activity.[96] As discussed in the NPRM and this rule, and as cited by numerous commenters, according to one study, DACA recipients and their households pay approximately $5.6 billion in annual Federal taxes and approximately $3.1 billion in annual State and local taxes.[97] DHS notes that the estimates from this study show that in 2020, the State and local tax contributions of the 106,090 DACA recipients in Texas amounted to $409.9 million,[98] exceeding the $250 million that the comment from the Attorney General of Texas stated that Texas spends each year in the provision of social services to DACA recipients. DACA recipients also make significant contributions to Social Security and Medicare funds through their employment.[99] The governments and residents of States in which DACA recipients reside benefit from increased tax revenue due to the contributions of DACA recipients, and the States and their residents have also benefited and

come to rely on the broader economic contributions this policy facilitates.

With respect to comments suggesting that DHS should consider a DACA requestor's self-sufficiency, DHS does not believe it is necessary to supplement the rule in this way, both because there is little evidence that DACA results in a net fiscal burden on governments, and because the DACA criteria (such as the criteria related to educational attainment, age, and criminality) relate to the contributions DACA recipients have made and will make in the future. Additionally, the DACA policy allows its recipients to work lawfully in the United States and has allowed them to significantly increase their earning power over what they could earn without DACA.[100] Finally, although DACA recipients may have sent remittances abroad, DHS lacks data about the amount of those remittances or about the effect the DACA policy has had on this amount, and notes that many citizens and noncitizens both with and without lawful immigration status or deferred action send a portion of their income abroad.

As discussed in Section II.A.3, the DACA policy has encouraged its recipients to make significant investments in their education and careers. They have continued their studies, and some have become doctors, lawyers, nurses, teachers, or engineers.[101] About 30,000 are healthcare workers, and many of them have helped care for their communities on the frontlines during the COVID–19 pandemic.[102] In addition, DACA recipients have contributed substantially to the U.S. economy through taxes and other economic activity. DHS believes these benefits of the rule outweigh the potential negative impacts identified by some commenters. DHS therefore declines to make any changes in response to these comments.

DHS also acknowledges the joint commenters' statement that States have no reliance interests in the nonexistence of a DACA policy. To the extent that any State may have reliance interests in the nonexistence of DACA, DHS believes that those interests are significantly diminished by the fact that the DACA policy has been in place for a decade. After careful consideration, DHS agrees with these commenters that the reliance

interests weigh strongly in favor of recipients and others who benefit from the DACA policy, including the States themselves, in reliance on DACA as codified in this rule. After carefully considering these comments, DHS therefore declines to make any changes in response to them.

6. Impacts on Businesses, Employers, and Educational Institutions

Impacts on Businesses and Employers

*Comment:* A commenter said that businesses need DACA recipients' continued contributions as they work to reinvigorate the U.S. economy, and that failure to act would have a significant impact on businesses that rely on DACA recipients as employees and customers. Several commenters also stated that the proposed rule would provide a sense of security to organizations that employ recipients of DACA.

A group of commenters similarly said that the proposed rule would protect the substantial reliance interests of their very large companies in current and future employment relationships with DACA recipients. These commenters noted that more than 75 percent of the top 25 Fortune 500 companies—together representing every major sector of the U.S. economy and generating almost $3 trillion in annual revenue—employ Dreamers.[103] They further stated that DACA recipients have helped keep the U.S. economy running, particularly during the COVID–19 pandemic, and help ameliorate labor shortages. The commenters stated that ending DACA would cripple the nation's healthcare system and cost small business employers over $6 billion in turnover costs from losing investments in training DACA workers and having to recruit and train potentially less productive, new workers. Noting that DACA allows recipients to pursue careers that match their skills without the fear of deportation, the commenters stated that the policy therefore makes the economy more productive and decreases the extent to which immigrants compete with American citizens for lower income jobs. The commenters also identified businesses' reliance interests in DACA because employed DACA recipients have increased purchasing power, and that the rule, as proposed, would bring

---

[95] *See* 8 U.S.C. 1641(b), 1611 (general ineligibility for Federal public benefits), and 1621 (general ineligibility for State public benefits).

[96] 86 FR 53738 and 53802.

[97] Svajlenka and Wolgin (2020); *see also* Hill and Wiehe (2017).

[98] Svajlenka and Wolgin (2020).

[99] Magaña-Salgado and Wong (2017); *see also* Magaña-Salgado (2016).

[100] Wong (2017).

[101] *See* Gonzales (2019); Svajlenka (2020); Wong (2020); Zong (2017).

[102] Svajlenka (2020). DACA recipients who are healthcare workers also are helping to alleviate a shortage of healthcare professionals in the United States and they are more likely to work in underserved communities where shortages are particularly dire. Chen (2019); Garcia (2017).

[103] Use of the term ''Dreamers'' as a descriptor for young undocumented immigrants who came to the United States as children originated with the Development, Relief, and Education for Alien Minors Act (DREAM Act), a legislative proposal first introduced in 2001 (S.1291, 107th Cong.) that, if passed, would have granted them protection from removal, the right to work, and a path to citizenship.

AR2022-100657.25807

Tab 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

## DECLARATION OF KARLA QUETZALLI PEREZ

My name is Karla Quetzalli Perez. I am over the age of 18 and fully competent to make

this declaration.

1.      I am 28 years old and I live in Houston, Texas.

2.      I graduated magna cum laude from the University of Houston, where I received a

    Bachelor's degree in Business Administration in Marketing and a minor in

1

23-40653.24500

Mexican American Studies. I graduated from University of Houston Law Center in 2018 and was admitted to the Texas Bar that same year.

3.  I currently work as a Staff Attorney at the non-profit Tahirih Justice Center, providing immigration representation to women and children fleeing gender-based violence.

4.  I pay sales, federal income, and state income taxes.

5.  I was a recipient of deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA) from 2012 to 2020. In 2016, I applied for an advance parole document. Although I was approved for the document, I changed my plans and did not travel outside the U.S. or use the advance parole. Receiving DACA allowed me to begin working as well as open and contribute to a Roth Individual Retirement Account. DACA was the catalyst that allowed me to become more involved in my community, advocate for others. DACA affirmed my interest in becoming a public interest attorney. My work helping vulnerable populations would have been impossible without DACA.

6.  DACA enabled me to obtain an education and start my legal career. It kept me safe from removal as I grew up and became an adult. In 2017, I married and in 2019, I was able to adjust my status to lawful permanent resident.

7.  It is impossible to emphasize enough how much protection from deportation enabled me as a young person, and as I entered my legal career, to look forward to and invest in my future, build a home, strengthen my community, and now, start a family, as I am currently pregnant with my first child.

23-40653.24501

8.      The Administration's attempts to rescind DACA caused me to develop depression
and anxiety in 2017. At the time, my community was in crisis as Houston was
recovering from Hurricane Harvey and a new state immigration law went into
effect. Fortunately, DACA allowed me to obtain mental health services and
receive treatment for my depression, but so many others aren't as fortunate.

9.      The human cost of eliminating DACA is immense. Ending DACA does not just
affect the DACA recipient; it impacts recipients' children, family members, and
community members that rely on DACA recipients.

23-40653.24502

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 5 th day of November 2020 in Houston, Texas.

_____
Signature

Karla Perez
_____
Printed Name

23-40653.24503

Tab 9

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

## <u>DECLARATION OF JIN PARK</u>

My name is Jin Park.  I am over the age of 18 and fully competent to make this declaration.

1.  I am 24 years old and live in New York City.

2.  I graduated from Harvard University with a Bachelor of Arts in Molecular and Cellular Biology. I currently attend Harvard Medical School remotely. I am in my

1

23-40653.24505

second year of an MD PhD. dual-degree program.  I also work part-time as a tutor.

3.     I pay sales, state, and federal income taxes.

4.     I received deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA). I have never applied for advance parole to leave the United States.

5.     Since I received DACA, I was able to obtain a driver's license and open a bank account.  DACA also allowed me to become more active in my community, working in a variety of programs to provide services for undocumented immigrants and high school students.

6.     DACA has helped me think about the future in a way that is more expansive. I was able to think more comprehensively about where to go to school for my higher education, and DACA has opened the door to many opportunities.

7.     It has been very stressful to see the Administration's attempts to rescind DACA. In the fall of 2017, I took a semester off from college. I was set to graduate in May 2018, but I was afraid to graduate without DACA's protection.  Because DACA has continued, I was able to return to school, finish my undergraduate degree and start medical school.

8.     I have lived in the United States since I arrived from South Korea when I was seven years old.  I wish to remain in the U.S.. If this isn't home, I don't know where home would be. Receiving deferred action is critical to my ability to live, work, and study in the United States and losing deferred action would impose a great hardship on myself and my family.

2

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this __6__ th day of November 2020 in New York, NY.

_____
Signature

Jin Park
_____
Printed Name

23-40653.24507

Tab 10

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant- | § | |
| Intervenors. | § | |

## <u>DECLARATION OF DENISE GUADALUPE ROMERO GONZALEZ</u>

My name is Denise Guadalupe Romero Gonzalez. I am over the age of 18 and fully

competent to make this declaration.

1.      I live in New York City, New York.

2.       I was born in Mexico and came to the United States with my parents in 2001

when I was 9 years old.

1

3.      I  graduated from Long Island City High School, where I participated in Global Kids, a nonprofit educational organization and leadership program that sparked my interest in advocacy and grassroots organizing.

4.      I am 28 years old and currently pursuing a Bachelor's degree in Liberal Arts from City University of New York.  I attend school part-time. Upon graduation, I hope to practice social work.

5.      I work as a paralegal and public benefits advocate at Mobilization for Justice, a nonprofit organization that provides free legal assistance to low-income tenants in New York.

6.      I also volunteer with the New York State Youth Leadership Council, the first undocumented youth-led organization in New York, where I have served as a spokesperson for the organization.

7.      I  am a recipient of deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA). I first applied for DACA in 2013 when I was 23 years old.  Since initially receiving DACA, I successfully renewed my deferred action in October 2016. I renewed again in 2018, and I am currently in the process of renewing once more.  In 2016 I applied for an advance parole document in order to visit my grandfather who was very ill.  My application was denied on discretionary grounds and I did not receive the advance parole.

8.      I  have lived in the United States for most of my life and I wish to remain in the United States.  I grew up and have spent most of my life here. This is my country. My husband is a United States citizen, and the rest of my family is here as well. I also have a stable job here.

2

9.      Receiving DACA is critical to my ability to live and work in the United States and losing DACA would impose a great hardship on me.

10.     Because of DACA, I was able to attain a driver's permit.

11.     I have only been able to work because of my DACA grant. In addition, my job gave me access to health care services which includes my employer paying for out of network services including mental health counseling to help me cope with deportation proceedings facing members of my family.

12.     I have been able to open a bank account because of my DACA.

13.     I have also become more involved in my community because of DACA. I have continued to be involved in the immigrants' rights movement and organizing against deportations. I have been asked to speak at schools about my personal experience as a DACA recipient, and about my immigrants' rights work. I have also had my writings published.

14.     The decision to rescind DACA has negatively affected me, especially my mental health.

15.     I pay sales tax, federal income tax, as well as state income taxes.

23-40653.24511

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 6 th day of November 2020 in New York, N.Y.

_____
Signature

Denise Romero
Printed Name

23-40653.24512

Tab 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

**<u>DECLARATION OF MOSES KAMAU CHEGE</u>**

My name is Moses Kamau Chege. I am over the age of 18 and fully competent to make this declaration.

1.      I am 25 years old, and I live in Seattle, Washington.

2.      I attended public schools in the U.S. from elementary school through college. I graduated from Whitworth University with a Bachelor's degree in Business Administration and Accounting.

1

23-40653.24514

3.      I am currently the Director at the Washington Census Alliance, leading the largest non-profit coalition of organizations of color. We recently completed our work on the 2020 Census, where we helped Washington finish second in the country in self-response rates.   My organization is also leading the response to assist Washington families affected by COVID-19.

4.      I pay sales, state, and federal income taxes.

5.      I received deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA) when I was 18 years old. I have never applied for advance parole to leave the United States.

6.      When I received DACA, I was able to work, which allowed me to pay for my education and complete my community college classes. I have also been able to engage meaningfully with my community, including serving on the Human Services Commission of the City of Tacoma, WA.

7.      DACA has allowed me to think about the future in a long-term way. With work authorization, I have begun my career, which has allowed me to open and contribute to a 401k retirement account.  This was an important personal goal of mine and DACA allowed me to achieve it.

8.      The Administration's attempts to rescind DACA has devalued the long-term planning and security that DACA provides. I am hesitant to plan for the future because DACA always seems to be on the chopping block. Based on my experience and conversations with other DACA recipients, I feel that the attempts to end DACA have subtracted from DACA's benefits to the economy, create

23-40653.24515

confusion, and work to make DACA recipients scared and skeptical about the security of their information.

9.      I have lived in the United States since I arrived from Kenya when I was six years old, and I wish to remain in the United States.  Receiving deferred action is critical to my ability to live and work in the United States. Losing deferred action would impose a great hardship on me, my family, and it would be a loss for my local community.

23-40653.24516

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this __6th__ day of November, 2020 in Seattle, WA.

_____
Signature


Moses Kamau Chege_____
Printed Name

23-40653.24517

Tab 12

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

<u>**DECLARATION OF OSCAR ALVAREZ**</u>

My name is Oscar Alvarez.  I am over the age of 18 and fully competent to make this

declaration.

1.      I am 25 years old and I live in Los Angeles, California.

2.      I attended California public schools from elementary through high school. After I

graduated from Ánimo Ralph Bunche Charter High School in Los Angeles, I

attended the University of California at Berkeley. I graduated in fall 2018 with a

1

23-40653.24519

Bachelor of Arts in American Studies with a focus in Public Policy and Education.

3.  I currently work as a Community Organizer with Community Coalition, an organization that seeks to transform the social and economic conditions in South Los Angeles that foster addiction, crime, violence and poverty through public policy.

4.  I pay sales taxes, as well as state income, and federal taxes.

5.  I am a recipient of deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA). I initially applied for DACA in 2013, when I was 18. Since initially receiving DACA, I have successfully renewed my deferred action in 2014, 2016, and 2018. I am currently in the process of renewing my DACA again. I have never taken advance parole.

6.  After I received DACA, I was able to obtain a driver's license, open a bank account, and attend college. DACA enabled me to participate in work study that helped fund my education.

7.  Because I have DACA, I feel less anxious than I otherwise would when interacting with law enforcement.

8.  I have received many opportunities because of DACA. This includes internships and fellowships that have prepared me for my career, including an internship with MALDEF in Washington, D.C. and an internship with the U.S. House of Representatives. Growing up here is the reason that all of my career, major, and college were focused on public service.

23-40653.24520

9.      I am more involved in my community because of DACA. In college, I was
        involved in student groups involved in immigration work. I also volunteered with
        different organizations working for social and economic justice for communities
        of color, and currently I serve on a board of directors helping underrepresented
        graduate students.

10.     The decision to rescind DACA affected me substantially. When the decision came
        out, I withdrew from the university for a semester because I was afraid to
        graduate without DACA.

11.     I have lived in the United States since I arrived from Mexico when I was two
        years old. This is my home. It is all that I know and I want to remain in the U.S.
        Receiving deferred action is critical to my ability to live and work in the United
        States, and losing deferred action would impose a great hardship on me and my
        family.

23-40653.24521

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 6th day of November 2020 in Los Angeles, CA.

_____
Signature

Oscar Alvarez
Printed Name

Tab 13

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# BROWNSVILLE DIVISION

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

## <u>DECLARATION OF LUIS ALDAIR RAFAEL</u>

My name is Luis Aldair Rafael. I am over the age of 18 and fully competent to make this declaration.

1. I am 25 years old and live in Chicago, Illinois.

2. I attended Illinois public schools from elementary school through high school.

1

23-40653.24524

3.    I am a full-time student at Kennedy King Community College. I major in Philosophy, and hope to have a career in public policy. I also work part-time for a cleaning company.

4.    I pay several types of taxes including sales tax, federal income tax, and state income tax.

5.    I am a recipient of deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA) since shortly after I graduated high school. I have successfully renewed my deferred action in 2015 and 2017. The last time I renewed DACA was in July of 2019.

6.    Since I received DACA, I have been able to obtain a driver's license, open a bank account, and attend college. DACA allowed me to become more active in my community, such as serving as a volunteer with organizations like The Resurrection Project, an organization that promotes gang violence prevention among young people in low- income communities.

7.    When DACA passed, I wanted to express my gratitude and tried to sign up for the National Guard. However, they denied my application because they decided not to accept DACA recipients, which is a shame because I really wanted to serve my country.

8.    DACA's biggest impact in my life is that it has allowed me to provide for myself, my family, and most importantly, my son.

9.    I have lived in the United States since I arrived from Mexico when I was three years old. I wish to remain in the United States. I feel like this is my country.

23-40653.24525

Receiving deferred action is critical to my ability to live and work in the United States and losing deferred action would impose a great hardship on me.

3

23-40653.24526

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this _05__th day of November 2020 in Chicago, IL.



Signature

Luis A. Rafael
Printed Name

Tab 14

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

## DECLARATION OF ELLY MARISOL ESTRADA CRUZ

My name is Elly Marisol Estrada Cruz. I am over the age of 18 and fully competent to make this declaration.

1. I am 26 years old, and I live in Syracuse, New York.

2. I graduated from Armstrong State University (now Georgia Southern University) in 2016 with a Bachelor of Arts in Political Science and Spanish. I am currently a full-time first-year student at Syracuse College of Law. Upon graduation, I plan

1

23-40653.24532

to practice immigration law.

3.     I pay sales tax. While working full-time, I paid federal and state income tax.

4.     Once I received deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA), I was able to obtain a driver's license and open a bank account. I have never applied for advance parole to leave the United States.

5.     Without DACA, I would not have pursued a higher education. It changed my life and curbed my frequent nightmares about being deported and separated from my family. It gave me more freedom to get involved in my community, including volunteering with the District Attorney's office. It also provided access to healthcare through my employment, which allowed me to receive health services and improve my mental health.

6.     The Administration's attempts to rescind DACA caused me to put my career and dreams on pause. I wanted to use my work authorization to save money while I could still be employed. I intended to work for only one year at an immigration law firm as a legal assistant prior to law school, but I ultimately worked for three years.  While a big part of me wanted to keep working, I decided to resume my studies because DACA has continued and I began law school this fall. I have had anxiety because of the level of uncertainty surrounding DACA, but as long as DACA continues, I have a sense of security and hope.

7.     I have lived in the United States since I arrived from Mexico when I was five years old. I wish to remain in this country.  Receiving deferred action is critical to my ability to live and work in the United States and losing deferred action would impose a great hardship on me and my family.

23-40653.24533

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this __5__ th day of November 2020 in Syracuse, NY.

_____
Signature

Elly Marisol Estrada
Printed Name

3

23-40653.24534
Scanned with CamScanner

Tab 15

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| STATE OF TEXAS, *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Case No. 1:18-CV-68 |
| | § | |
| UNITED STATES OF AMERICA, *et al.*, | § | |
| | § | |
| Defendants, | § | |
| | § | |
| and | § | |
| | § | |
| KARLA PEREZ, MARIA ROCHA, | § | |
| JOSE MAGAÑA-SALGADO, | § | |
| NANCI J. PALACIOS GODINEZ, | § | |
| ELLY MARISOL ESTRADA, KARINA | § | |
| RUIZ DE DIAZ, CARLOS AGUILAR | § | |
| GONZALEZ, KARLA LOPEZ, LUIS A. | § | |
| RAFAEL, DARWIN VELASQUEZ, | § | |
| JIN PARK, OSCAR ALVAREZ, | § | |
| NANCY ADOSSI, DENISE ROMERO, | § | |
| PRATISHTHA KHANNA, JUNG WOO | § | |
| KIM, ANGEL SILVA, MOSES KAMAU | § | |
| CHEGE, HYO-WON JEON, ELIZABETH | § | |
| DIAZ, MARIA DIAZ, and BLANCA | § | |
| GONZALEZ, | § | |
| | § | |
| Defendant-Intervenors. | § | |

<u>**DECLARATION OF HYO-WON JEON**</u>

My name is Hyo-Won Jeon.  I am over the age of 18 and fully competent to make this declaration.

1.  I am 25 years old, and currently live in Houston, Texas.  Currently, I work remotely for a non-profit organization in Chicago, Illinois.

1

23-40653.24536

2.      I graduated from Harvard University in 2019 with a Bachelor of Arts in Social Studies. I recently submitted my application for admission to graduate school. I hope to study education and become a teacher.

3.      I currently work as the National Organizing and Advocacy Manager at National Korean American Service & Education Consortium, a national organization that works to organize and promote civic engagement among Korean Americans.

4.      I pay sales, federal income, and state income taxes.

5.      I received deferred action through the initiative known as Deferred Action for Childhood Arrivals (DACA) when I was 17 years old. I have never applied for advance parole to leave the United States.

6.      Since I received DACA, I have been able to obtain a driver's license, open a bank account, and work. I am also more involved in my community, working to organize and increase civic engagement among Asian American communities.

7.      It is difficult to explain how having deferred action through DACA has fundamentally changed my life. Having even temporary protection from deportation has allowed me to participate meaningfully in this country. I have been able to advance my education, my career, and help my larger community.

8.      For example, attending Harvard required me to travel from my home in Houston to Cambridge, MA and back again each year. Having DACA made it possible for me to possess an ID and travel across the country for my education.

9.      The Administration's attempts to rescind DACA greatly affected me. I took a year off from my studies between junior and senior year of college. At that time, the threats to end DACA made me feel very worried about the future and I felt that I

2

23-40653.24537

needed to take time away from school and try to earn some money in case I lost work authorization.   Because DACA continued, I was able to return to school, graduate and start working at my current job.

10.    The instability of the program really upsets me, and it hurts to see how it impacts my parents. I am tired of being used as a political football for politicians to score political points.

11.    I have lived in the United States since I was three years old. My family and community tie me to the United States and I wish to remain in this country. Receiving deferred action is critical to my ability to live and work in the United States and losing deferred action would impose a great hardship on me.    If DACA were ended, I would do everything in my power to remain in the United States.  If I were forced to leave the United States, I am not sure where I go.

23-40653.24538

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this  6  th day of November 2020 in Glenside, PA .

_____

Signature

Esther Jeon_____

Printed Name

23-40653.24539

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been filed electronically on this 25th day of January, 2024, by using the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the appellate CM/ECF system.

*/s/ Nina Perales*
_____

Nina Perales
MEXICAN-AMERICAN LEGAL DEFENSE
& EDUCATIONAL FUND
110 Broadway Street
San Antonio, TX 78205
(210) 224-5476