

U.S. Department of Justice

Civil Division

Tel: 202-616-5365

June 17, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

RE:   FRAP 28(j); *Texas v. United States*, No. 23-40653

Dear Mr. Cayce:

The federal government writes regarding *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (S. Ct. June 13, 2024). There, the Supreme Court unanimously held that the plaintiffs—doctors and medical associations—lacked Article III standing to challenge the FDA's decisions to relax certain regulatory requirements. Slip. op. 1. Consistent with other intervening Supreme Court precedent since the prior appeal in this case, *see* U.S. Br. 19-32; U.S. Reply 3-12, *Alliance* underscores that plaintiffs here lack standing.

In *Alliance*, the Supreme Court reaffirmed that a plaintiff "does not have standing to challenge a government regulation simply because the plaintiff believes that the government is acting illegally," slip op. 9, and emphasized that "some issues may be left to the political and democratic processes," since there is no general "overs[ight of] the conduct of the National Government by means of lawsuits in federal courts," *id.* at 24 (quotation marks omitted). The Court also reiterated that traceability and redressability are "ordinarily substantially more difficult to establish" when "a plaintiff challenges the government's unlawful regulation (or lack of regulation) of *someone else*." *Id.* at 10 (quotation marks omitted). The Court, moreover, rejected the plaintiffs' allegations of indirect "monetary" harm from the government's lack of regulation of certain medication. *Id.* at 18. "Allowing doctors or other healthcare providers to challenge general safety regulations as unlawfully lax," the

Court explained, "would be an unprecedented and limitless approach" to standing. *Id.* at 19.

Plaintiffs here similarly lack standing to challenge DACA. Like the *Alliance* plaintiffs, Texas asserts (Response Br. 21) standing based on indirect injury from a federal policy they allege is unlawfully lax. But just as "[t]eachers in border states" may not "sue to challenge allegedly lax immigration policies that lead to overcrowded classrooms," slip op. 20, neither may Texas sue the government whenever a federal policy increases, even indirectly, the number of immigrants in the State, *e.g.*, U.S. Reply 21-22, 27-30. Texas's logic "would seemingly not end until" all States "had standing to challenge virtually every government action that they do not like"—an approach "flatly inconsistent with Article III." Slip op. 20.

Sincerely,

/s/ *Nicholas S. Crown*
Nicholas S. Crown
Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Nicholas S. Crown*
Nicholas S. Crown