

KEN PAXTON
ATTORNEY GENERAL OF TEXAS

Joseph N. Mazzara  
Assistant Solicitor General

Joe.mazzara@oag.texas.gov  
(512) 463-2100

June 18, 2024

**VIA CM/ECF**

Mr. Lyle W. Cayce, Clerk  
Court of Appeals for The Fifth Circuit

    Re:    *Texas v. United States*, No. 23-40653

Dear Mr. Cayce:

    The federal government argues that *FDA v. Alliance for Hippocratic Medicine*, No. 23-235 (June 13, 2024), suggests Texas lacks standing. Not so.

    This Court has held—*repeatedly*—that Texas has standing in this context. *See Texas v. United States (DACA)*, 50 F.4th 498, 513-20 (5th Cir. 2022); *Texas v. United States (DAPA)*, 809 F.3d 134, 150-62 (5th Cir. 2015), *aff'd by an equally divided Court*, 579 U.S. 547 (2016). The federal government does not—indeed, cannot—contend that *Hippocratic Medicine* "unequivocally overrule[s]" those prior holdings. *Martinelli v. Hearst Newspapers, L.L.C.*, 65 F.4th 231, 234 (5th Cir. 2023).

    Far from "unequivocally overrul[ing]" circuit precedent, the Supreme Court favorably cited it in *United States v. Texas*, 599 U.S. 670 (2023) (*Immigration Priorities*), where the Court distinguished a situation where the federal government just refuses to enforce federal law from one where it does not enforce federal law and purports to provide "legal benefits or legal status." *Id.* at 683. After all, when those elements are combined, a federal program becomes much "'more than simply a non-enforcement policy.'" *Id.* (quoting *DHS v. Regents of Univ. of Cal.*, 140 S.Ct. 1891, 1906-07 (2020)). In explaining this distinction, the Supreme Court expressly cited this Court's holding that Texas has standing to challenge DAPA. *See id.* (citing *DAPA*, 809 F.3d at 154).

    Furthermore, *Hippocratic Medicine* underscores why Texas has standing. The Court rejected standing there because the alleged injuries were "too speculative or otherwise too attenuated." Slip Op. 18. Here, by contrast, there is a direct link

Letter to Mr. Cayce, Clerk
Page 2

between DACA and Texas being required to "spend[] tens of millions of dollars annually to provide emergency Medicaid services to illegal aliens." ROA.25212. Nor is this litigation remotely like "[t]eachers in border states" suing "to challenge allegedly lax immigration policies that lead to overcrowded classrooms." Slip Op. 20. Rather, this is a massive economic incursion upon a co-equal sovereign. *Cf. Dep't of Commerce v. New York*, 588 U.S. 752, 766-68 (2019). That is why this Court has already held that "Texas has demonstrated standing based on its direct injury." *DACA*, 50 F.4th at 520.

                                            Respectfully submitted,

                                            /s/ Joseph N. Mazzara
                                            Joseph N. Mazzara
                                            *Counsel for the State of Texas*

cc: All counsel of record (via CM/ECF)