

**U.S. Department of Justice**
Civil Division

Tel: 202-616-5365

July 8, 2024

Lyle W. Cayce, Clerk
United States Court of Appeals for the Fifth Circuit
F. Edward Hebert Building
600 S. Maestri Place
New Orleans, LA 70130-3408

RE:   FRAP 28(j); *Texas v. United States*, No. 23-40653

Dear Mr. Cayce:

The federal government writes regarding *National Association of Manufacturers (NAM) v. SEC*, No. 22-51069, 2024 WL 3175755 (5th Cir. June 26, 2024). There, the Court applied an express severability clause in an SEC rulemaking that, like the DACA rule at issue here, explicitly reflected the agency's intent that if any provision of the rule were held invalid, then the rest of it would remain in effect. Slip op. 19.

In applying the express severability clause in *NAM*, this Court relied on Supreme Court precedent holding in the statutory context that "courts 'should adhere to the text of a severability clause' in the absence of 'extraordinary circumstances.'" Slip op. 19. (alterations and citation omitted). The Court also looked to the D.C. Circuit's two-factor standard for resolving severability issues "in the agency rulemaking context." *Id.* Specifically, the Court considered (1) "whether there is 'substantial doubt' that 'the agency would have adopted the same disposition regarding the unchallenged portion of the rule if the challenged portion were subtracted'"; and (2) "whether the remaining parts can 'function sensibly without the stricken provision.'" *Id.* at 19-20 (alterations omitted) (quoting *Nasdaq Stock Mkt. LLC v. SEC*, 38 F.4th 1126, 1144 (D.C. Cir. 2022)). Applying that standard, the Court concluded that (1) the express severability clause itself "dispels any doubt about what the SEC would have done" if the portions of the rulemaking found unlawful

"were subtracted," and (2) the challengers "ha[d] not shown that" the remaining portions "cannot function sensibly." Slip op. 20.

*NAM* underscores that the district court here erred in disregarding the DACA rule's express severability provision. Plaintiffs made no effort to "identif[y] any extraordinary circumstances" warranting a departure from the rule's express text. Slip op. 19. And as we previously explained (Br. 43-49; Reply 22-23), the remaining factors support severance. Like the rulemaking analyzed in *NAM*, the DACA rule unequivocally expresses the agency's intent to sever any portions of the rule found unlawful. And like the challengers in *NAM*, plaintiffs have failed to show that a severed DACA rule cannot function sensibly. Indeed, plaintiffs made no effort to make such a showing.

                                                        Sincerely,

                                                        */s/ Nicholas S. Crown*
                                                        Nicholas S. Crown
                                                        Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users and service will be accomplished by the appellate CM/ECF system.

/s/ *Nicholas S. Crown*
Nicholas S. Crown